**AKIN GUMP STRAUSS HAUER & FELD LLP**
STEVEN D. HEMMINGER (SBN 110665) shemminger@akingump.com
MARIA ELLINIKOS (SBN 235528) mellinikos@akingump.com
3000 El Camino Real, Building Two, Suite 400
Palo Alto, CA 94306-2121
Telephone: 650-838-2000
Facsimile: 650-838-2001

Attorneys for Third-Party BayTSP.com, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIACOM INTERNATIONAL INC., COMEDY PARTNERS, COUNTRY MUSIC TELEVISION, INC., PARAMOUNT PICTURES CORPORATION, and BLACK ENTERTAINMENT TELEVISION LLC,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE, INC., YOUTUBE, LLC, and GOOGLE INC.,<br><br>Defendants. | Southern District of New York<br><br>Case No. 1:07-cv-02103 (LLS) and related case<br><br>Case No.. 1:07-CV-03582 (LLS)<br><br>RESPONSE OF THIRD-PARTY BAYTSP.COM, INC. TO YOUTUBE, INC.'S, YOUTUBE, LLC'S AND GOOGLE, INC.'S SUBPOENA |

BayTSP.com, Inc., ("BayTSP"), a non-party to the Southern District of New York cases, Case No.1:07-cv-02103 (LLS) ("Viacom Case") and related Case No. 1:07-cv-03582 (LLS) ("Football Association Case") responds to YouTube, Inc.'s, YouTube, LLC's and Google, Inc.'s ("YouTube") Rule 45, Federal Rules of Civil Procedure, Subpoena and Requests for Production as follows:

## LOCATION, DEFINITIONS AND INSTRUCTIONS

BayTSP objects to the time, date, place and manner of the production of documents because they are unduly burdensome on BayTSP. BayTSP will discuss the time, date, place and manner of production with YouTube and produce properly requested non-privileged documents at a time, date, place and manner that does not impose undue burden and cost on BayTSP.

BayTSP objects to the definition of "You", "Your" and "BayTSP." The definition is overbroad and even attempts to include entities that do not yet exist. BayTSP will respond for BayTSP only. To the extent that YouTube seeks information from any entity other than BayTSP, YouTube should seek that information directly from that entity.

BayTSP objects to the lumping together of YouTube, Inc.'s, YouTube, LLC's and Google, Inc.'s in the requests. BayTSP's responses and objections may be different depending on which entity is being referred to, rendering the requests inherently vague and ambiguous.

BayTSP objects to the lumping together of the two Southern District of New York cases, Case No. 1:07-cv-02103 (LLS) and related Case No. 1:07-cv-03582 (LLS) in the requests. BayTSP's responses and objections may be different depending on which case is being referred to, rendering the requests inherently vague and ambiguous.

BayTSP objects to the definition of "Communication," "Concerning" and "Document" as being overbroad. BayTSP will respond to the requests using the common every day meaning of the words in the requests.

BayTSP objects to the Definitions and the Instructions to the extent that they seek to impose obligations that exceed the obligations required by the Federal Rules of Civil Procedure, Rule 45.

//
//
//

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**

All documents and communications concerning your monitoring, searching or screening of YouTube.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

BayTSP objects to this request because it is vague and ambiguous. BayTSP does not understand what YouTube means by the phrase "monitoring, searching or screening of YouTube" in the context of this request. BayTSP objects to this request because, as it understands this request, it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Viacom Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence. BayTSP objects to this request because, as it understands this request, it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Football Association Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence. BayTSP objects to the request because, as BayTSP understands the request, it so broad that it sweeps within its scope documents that are covered by the attorney client privilege and work product doctrine, and any other applicable privilege or immunity from discovery recognized by law. BayTSP further objects because, as BayTSP understands the request, it includes within its scope confidential documents and trade secret, commercial and proprietary information of BayTSP and of clients and customers of BayTSP's services unaffiliated with any of the parties to the Viacom or Football Association Cases. Furthermore, as BayTSP understands this request, it is unduly burdensome and oppressive in that the requested documents comprise a huge volume of documents.

**REQUEST FOR PRODUCTION NO. 2**

All documents and communications concerning the nature, use and development of software or any other means that You use or have used to monitor, search for, identify, or analyze allegedly infringing material and/or to send takedown notices to any individual or entity concerning alleged copyright violations, including but not limited to design specifications, user manuals, training

documents, documents discussing the features or limitations of the software, and application prograrunning interfaces (APIs).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

BayTSP objects to this request because it is vague and ambiguous. BayTSP does not understand what YouTube means by the term "nature" in the context of this request. BayTSP objects to this request because, as it understands this request, it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Viacom Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence. BayTSP objects to this request because, as it understands this request, it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Football Association Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence. BayTSP objects to the request because, as BayTSP understands the request, it so broad that it sweeps within its scope documents that are covered by the attorney client privilege and work product doctrine, and any other applicable privilege or immunity from discovery recognized by law. BayTSP further objects because, as BayTSP understands the request, it includes within its scope documents confidential, trade secret, commercial and proprietary information of BayTSP and of clients and customers of BayTSP's services unaffiliated with any of the parties to the Viacom or Football Association Cases. Furthermore, as BayTSP understands this request, it is unduly burdensome and oppressive in that the requested documents comprise a huge volume of documents.

**REQUEST FOR PRODUCTION NO. 3**

All documents and communications concerning YouTube, including but not limited to any internal communications concerning YouTube, any communications with third parties concerning YouTube, any takedown notices You have sent to YouTube, any databases containing such notices or statistics, data or analysis of such notices, or any communications between You and YouTube.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

BayTSP objects to this request because it is vague and ambiguous. BayTSP does not understand what YouTube means by the phrase "statistics, data or analysis of such notices" in the

context of this request. BayTSP objects to this request because, as it understands this request, it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Viacom Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence. BayTSP objects to this request because, as it understands this request, it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Football Association Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence. BayTSP objects to the request because, as BayTSP understands the request, it so broad that it sweeps within its scope documents that are covered by the attorney client privilege and work product doctrine, and any other applicable privilege or immunity from discovery recognized by law. BayTSP further objects because, as BayTSP understands the request, it includes within its scope confidential documents and trade secret, commercial and proprietary information of clients and customers of BayTSP's services unaffiliated with any of the parties to the Viacom or Football Association Cases, and of BayTSP. Furthermore, as BayTSP understands this request, it is unduly burdensome and oppressive in that the requested documents comprise a huge volume of documents.

**REQUEST FOR PRODUCTION NO. 4**

All communications concerning YouTube that were sent or received from the email account cannecana@jdcats.org.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

BayTSP does not have any documents responsive to this request in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 5**

All documents and communications concerning Your relationship with any third party concerning the monitoring, searching, or screening of www.youtube.com for alleged copyright violations, including but not limited to any service contracts, invoices or agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

BayTSP objects to this request because it is vague and ambiguous. BayTSP does not understand what YouTube means by the term "relationship" in the context of this request. BayTSP

objects to this request because, as it understands this request, it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Viacom Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence. BayTSP objects to this request because, as it understands this request, it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Football Association Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence. BayTSP objects to the request because, as BayTSP understands the request, it so broad that it sweeps within its scope documents that are covered by the attorney client privilege and work product doctrine, and any other applicable privilege or immunity from discovery recognized by law. BayTSP further objects because, as BayTSP understands the request, it includes within its scope confidential documents and trade secret, commercial and proprietary information of BayTSP and of clients and customers of BayTSP's services unaffiliated with any of the parties to the Viacom or Football Association Cases. Furthermore, as BayTSP understands this request, it is unduly burdensome and oppressive in that the requested documents comprise a huge volume of documents.

**REQUEST FOR PRODUCTION NO. 6**

All documents and communications concerning copyrights allegedly owned by or licensed to Viacom.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

BayTSP objects to this request because it is vague and ambiguous. BayTSP does not understand what YouTube means by the phrase "copyrights allegedly owned by or licensed to Viacom" in the context of this request. BayTSP objects to this request because, as it understands this request, it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Viacom Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence. BayTSP objects to this request because, as it understands this request, it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Football Association Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence. BayTSP objects to the

request because, as BayTSP understands the request, it so broad that it sweeps within its scope documents that are covered by the attorney client privilege and work product doctrine, and any other applicable privilege or immunity from discovery recognized by law. BayTSP further objects because, as BayTSP understands the request, it includes within its scope confidential documents and trade secret, commercial and proprietary information of BayTSP. Furthermore, as BayTSP understands this request, it is unduly burdensome and oppressive in that the requested documents comprise a huge volume of documents.

**REQUEST FOR PRODUCTION NO. 7**

All documents and communications concerning any training of your employees or agents to monitor, search or screen any website that hosts user-generated content, including but not limited to www.youtube.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

BayTSP objects to this request because it is vague and ambiguous. BayTSP does not understand what YouTube means by the phrase "monitor, search or screen any website that hosts user-generated content" in the context of this request. BayTSP objects to this request because, as it understands this request, it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Viacom Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence. BayTSP objects to this request because, as it understands this request, it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Football Association Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence. BayTSP objects to the request because, as BayTSP understands the request, it so broad that it sweeps within its scope documents that are covered by the attorney client privilege and work product doctrine, and any other applicable privilege or immunity from discovery recognized by law. BayTSP further objects because, as BayTSP understands the request, it includes within its scope confidential documents and trade secret, commercial and proprietary information of BayTSP and of clients and customers of BayTSP's services unaffiliated with any of the parties to the Viacom or Football Association Cases.

**REQUEST FOR PRODUCTION NO. 8**

All documents and communications concerning any comparisons or statistics regarding how any website, network or other location, including but not limited to www.youtube.com responded to Takedown notices sent by you, including but not limited to comparisons or statistics regarding response time, number of notices received, and performance relative to other websites, networks or other locations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

BayTSP objects to this request because it is vague and ambiguous. BayTSP does not understand what YouTube means by the phrase "comparisons or statistics regarding how any website, network or other location, including but not limited to www.youtube.com responded to Takedown notices sent by you" in the context of this request. BayTSP objects to this request because, as it understands this request, it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Viacom Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence. BayTSP objects to this request because, as it understands this request, it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Football Association Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence. BayTSP objects to the request because, as BayTSP understands the request, it so broad that it sweeps within its scope documents that are covered by the attorney client privilege and work product doctrine, and any other applicable privilege or immunity from discovery recognized by law. BayTSP further objects because, as BayTSP understands the request, it includes within its scope confidential documents and trade secret, commercial and proprietary information of clients and customers of BayTSP's services unaffiliated with any of the parties to the Viacom or Football Association Cases, and of BayTSP.

**REQUEST FOR PRODUCTION NO. 9**

All documents and communications concerning the SDNY Actions, including any and all communications with any party to the SDNY Actions or attorney representing a party to the SDNY Actions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

BayTSP objects to the request because, as BayTSP understands the request, it so broad that it sweeps within its scope documents that are covered by the attorney client privilege and work product doctrine, and any other applicable privilege or immunity from discovery recognized by law. BayTSP further objects because, as BayTSP understands the request, it includes within its scope confidential documents and trade secret, commercial and proprietary information of BayTSP.

**REQUEST FOR PRODUCTION NO. 10**

All documents and communications concerning the effectiveness of Your software or any other means You use or have used to monitor, search for, distinguish, identify, or analyze allegedly infringing material.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

BayTSP objects to this request because it is vague and ambiguous. BayTSP does not understand what YouTube means by the phrases "effectiveness of Your software" and "monitor, search for, distinguish, identify, or analyze allegedly infringing material" in the context of this request. BayTSP objects to this request because, as it understands this request, it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Viacom Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence. BayTSP objects to this request because, as it understands this request, it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Football Association Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 11**

Documents sufficient to identify any civil action in which You have given testimony in any form, including but not limited to declarations, depositions, and trial testimony.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

As BayTSP understands this request, BayTSP objects to this request because it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Viacom Case in that the documents requested are neither admissible nor calculated to lead to the

1  discovery of admissible evidence. BayTSP objects to this request because it is overbroad because it
2  includes within its scope documents that are not relevant to any claim or defense in the Football
3  Association Case in that the documents requested are neither admissible nor calculated to lead to the
4  discovery of admissible evidence. BayTSP further objects because it includes within its scope
5  confidential documents and trade secret, commercial and proprietary information of BayTSP and of
6  clients and customers of BayTSP's services unaffiliated with any of the parties to the Viacom or
7  Football Association Cases.

**REQUEST FOR PRODUCTION NO. 12**

Documents sufficient to identify all individuals and entities who have retained you to monitor, search or screen www.youtube.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

As BayTSP understands this request, BayTSP objects to this request because it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Viacom Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence. As BayTSP understands this request, BayTSP objects to this request because it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Football Association Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence. BayTSP objects to the request because, as BayTSP understands the request, it so broad that it sweeps within its scope documents that are covered by the attorney client privilege and work product doctrine, and any other applicable privilege or immunity from discovery recognized by law. BayTSP further objects because, as BayTSP understands the request, it includes within its scope confidential documents and trade secret, commercial and proprietary information of clients and customers of BayTSP's services unaffiliated with any of the parties to the Viacom or Football Association Cases, and of BayTSP.

**REQUEST FOR PRODUCTION NO. 13**

Documents and communications concerning Your or Your clients use of YouTube, including but not limited to: (a) documents sufficient to show any occasions on which You or Your clients have uploaded videos to YouTube; (b) documents sufficient to show any instances of which You are aware

10
Objections and Responses of BayTSP.com, Inc. to Defendants' Requests for Production

of where Your clients uploaded videos onto YouTube; (c) all documents and communication concerning any occasions on which You viewed videos on YouTube, shared videos found on YouTube with others, or used the embed HTML code on YouTube to embed videos found on YouTube onto any website; and (d) all documents sufficient to identify YouTube user accounts used by You at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

BayTSP objects to this request because it is vague and ambiguous. BayTSP does not understand what YouTube means by the phrase "Your or Your clients use of YouTube" and the term "shared" in the context of this request. BayTSP objects to this request because, as it understands this request, it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Viacom Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence. BayTSP objects to this request because, as it understands this request, it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Football Association Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence. BayTSP further objects because, as BayTSP understands the request, it includes within its scope confidential documents and trade secret, commercial and proprietary information of BayTSP.

Dated: 11/7/07

AKIN GUMP STRAUSS HAUER & FELD LLP

By: /s/ Steven Hemminger

STEVEN D. HEMMINGER
Attorneys for BayTSP.com, Inc.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SANTA CLARA

I am employed in the County of Santa Clara, State of California. I am over the age of 18 and not a party to the within action; my business address is: Akin Gump Strauss Hauer & Feld LLP, 2 Palo Alto Square, 3000 El Camino Real, Suite 400, Palo Alto, CA 94306. On November 7, 2007 I served the foregoing document(s) described as: OBJECTIONS AND RESPONSES OF THIRD-PARTY BAYTSP.COM, INC. TO DEFENDANTS' REQUESTS FOR PRODUCTION on the interested party(ies) below, using the following means:

James J. Hartnett, IV
Faegre & Benson
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901

☒ BY UNITED STATES MAIL  I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Palo Alto, California.

☐ BY OVERNIGHT DELIVERY  I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ BY MESSENGER SERVICE  I served the documents by placing them in an envelope or package addressed to the respective address(es) of the party(ies) stated above and providing them to a professional messenger service for service.

☐ BY FAX  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the respective fax number(s) of the party(ies) as stated above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission(s), which I printed out, is attached.

☐ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION.  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ (STATE)  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 7, 2007 at Palo Alto, California.

_Julie Rowinski_                                              _[signature]_
[Print Name of Person Executing Proof]        [Signature]

Objections and Responses of BayTSP.com, Inc. to Defendants' Requests for Production