## APPENDIX (Civ. L.R. 37-2)

| Subpoena Request | Nonexclusive Summary of Arguments for Relevance to the Underlying Suit | BayTSP's Response |
|---|---|---|
| 1. All documents and communications concerning your monitoring, searching or screening of YouTube. | Plaintiffs' Amended Complaint (Ex. C) includes many disputed and untrue allegations regarding the monitoring and searching of YouTube, and their ability to do so. Among the Plaintiffs' allegations that YouTube seeks evidence from BayTSP to dispute are:<br>• "YouTube "ha[s] done little or nothing to prevent this massive infringement." (¶ 5);<br>• "YouTube ... has decided to shift the burden entirely onto copyright owners to monitor the YouTube site on a daily or hourly basis to detect infringing videos" (¶ 6);<br>• "YouTube has also implemented features that prevent copyright owners from finding infringing videos by searching the YouTube site" (¶ 8);<br>• "YouTube's site is also filled with "red flags" from which infringing activity is apparent, such as description terms and search tags using Plaintiffs' well-known trademarks and other terms identifying their popular copyrighted works" (¶ 37);<br>• "advertisers pay YouTube to display banner advertising to users whenever they log on to, search for, and view infringing videos" (¶ 38); | BayTSP objects to this request because it is vague and ambiguous. BayTSP does not understand what YouTube means by the phrase "monitoring, searching or screening of YouTube" in the context of this request. BayTSP objects to this request because, as it understands this request, it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Viacom Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence. BayTSP objects to this request because, as it understands this request, it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Football Association Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence. BayTSP objects to the request because, as BayTSP understands the request, it so broad that it sweeps within its scope documents that are covered by the attorney client privilege and work product doctrine, and any other applicable privilege or immunity from discovery recognized by law. BayTSP further objects because, as BayTSP understands the request, it includes within its scope confidential documents and trade secret, commercial and proprietary information of BayTSP and of clients and customers of BayTSP's services unaffiliated with any of the parties to the Viacom or Football Association Cases. Furthermore, as BayTSP |

| Subpoena Request | Nonexclusive Summary of Arguments for Relevance to the Underlying Suit | BayTSP's Response |
|---|---|---|
| | • "YouTube's intentional strategy has been to take no steps to curtail the infringement from which it profits unless notified of specific infringing videos by copyright owners, thereby shifting the entire burden - and high cost - of monitoring YouTube's infringement onto the victims of that infringement" (¶ 41); <br><br> • "Even when YouTube responds to notices of specific infringing videos, its response has been ineffectual." (¶ 42) <br><br> • "copyright owners have a limited ability to monitor [YouTube] for infringing videos" (¶ 43); and <br><br> • "Plaintiffs cannot necessarily find all infringing videos to protect their rights through searching" using YouTube's own search function (¶ 44) <br><br> Because one or more plaintiffs engaged BayTSP to monitor, search, and screen YouTube on its behalf, BayTSP's documents regarding its monitoring, searching, and screening of YouTube are relevant to rebutting these false assertions. <br><br> Moreover, several of YouTube's affirmative defenses – including at least failure to mitigate, estoppel, waiver, unclean hands, and laches – require discovery into the ability, extent, and | understands this request, it is unduly burdensome and oppressive in that the requested documents comprise a huge volume of documents. |

| Subpoena Request | Nonexclusive Summary of Arguments for Relevance to the Underlying Suit | BayTSP's Response |
|---|---|---|
| | into the ability, extent, and history of plaintiffs' knowledge and inaction regarding the presence and source of allegedly infringing materials on YouTube. Such documents also will undermine Plaintiffs' claims for damages regarding such materials.<br><br>These documents are also relevant to rebut, among other things, Viacom's allegations that YouTube "ha[s] done little or nothing to prevent this massive infringement," or that "when YouTube responds to notices of specific infringing videos, its response has been ineffectual." The documents in BayTSP's possession will show that YouTube has gone above and beyond to prevent infringement on its site, and that YouTube's responsiveness to BayTSP and its commitment to its obligations under the DMCA are exemplary.<br><br>Finally, the documents are relevant to rebut Viacom's charges that YouTube should be charged with knowledge of whether materials appearing of the service are authorized, as the documents will reveal that copyright holders and their agents routinely upload their own video clips to YouTube, typically without disclosing their conduct to YouTube, in order to reap the free promotional value that the service provides. In addition to documents revealing the prevalence of "stealth" or | |

| Subpoena Request | Nonexclusive Summary of Arguments for Relevance to the Underlying Suit | BayTSP's Response |
|---|---|---|
| | "viral" marketing, the requested documents will show that content owners knew of, and approved the presence of the content on the YouTube service, even if they did not put in there themselves. And the documents will show that BayTSP and others were routinely mistaken with respect to their claims to own content and their demands it be removed from the YouTube service. | |
| 2. All documents and communications concerning the nature, use and development of software or any other means that You use or have used to monitor, search for, identify, or analyze allegedly infringing material and/or to send takedown notices to any individual or entity concerning alleged copyright violations, including but not limited to design specifications, user manuals, training documents, documents discussing the features or limitations of the software, and application programming interfaces (APIs). | In addition to the reasons set forth above, which are also applicable to Request 2, this request seeks documents specifically related to BayTSP's software that it uses to monitor YouTube. BayTSP touts its custom software and tools, which it uses to perform the functions required by the DMCA. Viacom claims the software is an inadequate solution, and places too great a burden on it, as the copyright holder. Viacom also asserts that YouTube somehow interferes with its ability to monitor the site.<br><br>BayTSP's documents regarding the software and other tools it uses to monitor, search, screen, identify allegedly infringing material, generate, and track YouTube are relevant to rebut assertions in Viacom's complaint about its inability to police unauthorized use of its content, and YouTube's supposed ability to do so. In | BayTSP objects to this request because it is vague and ambiguous. BayTSP does not understand what YouTube means by the term "nature" in the context of this request. BayTSP objects to this request because, as it understands this request, it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Viacom Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence. BayTSP objects to this request because, as it understands this request, it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Football Association Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence. BayTSP objects to the request because, as BayTSP understands the request, it so broad that it sweeps within its scope documents that are covered by the attorney client privilege and work product doctrine, |

4

| Subpoena Request | Nonexclusive Summary of Arguments for Relevance to the Underlying Suit | BayTSP's Response |
|---|---|---|
| | addition, several of YouTube's other affirmative defenses – including at least failure to mitigate, estoppel, waiver, unclean hands, and laches – require discovery into the ability, extent, and history of plaintiffs' knowledge regarding the presence, source, and notifications and responses regarding allegedly infringing material on YouTube. | and any other applicable privilege or immunity from discovery recognized by law. BayTSP further objects because, as BayTSP understands the request, it includes within its scope documents confidential, trade secret, commercial and proprietary information of BayTSP and of clients and customers of BayTSP's services unaffiliated with any of the parties to the Viacom or Football Association Cases. Furthermore, as BayTSP understands this request, it is unduly burdensome and oppressive in that the requested documents comprise a huge volume of documents. |
| 3.   All documents and communications concerning YouTube, including but not limited to any internal communications concerning YouTube, any communications with third parties concerning YouTube, any takedown notices You have sent to YouTube, any databases containing such notices or statistics, data or analysis of such notices, or any communications between You and YouTube. | Plaintiffs' Amended Complaint includes many disputed factual allegations regarding their monitoring and searching of YouTube, and their ability to do so, including those identified regarding Request 1. Plaintiffs' Amended Complaint includes many disputed factual allegations regarding alleged DMCA takedown notices allegedly sent by them or on their behalf, including those identified regarding Category 2. One or more plaintiffs engaged BayTSP to monitor, search, screen, identify allegedly infringing material hosted on and send takedown notices to YouTube, and track the results of such takedown notices. BayTSP's documents regarding YouTube are relevant to the assertions contained in the complaint. | BayTSP objects to this request because it is vague and ambiguous. BayTSP does not understand what YouTube means by the phrase "statistics, data or analysis of such notices" in the context of this request. BayTSP objects to this request because, as it understands this request, it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Viacom Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence. BayTSP objects to this request because, as it understands this request, it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Football Association Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence. BayTSP objects to the request because, as BayTSP |

| Subpoena Request | Nonexclusive Summary of Arguments for Relevance to the Underlying Suit | BayTSP's Response |
|---|---|---|
| | YouTube's first affirmative defense – the safe harbors and takedown notice requirements set forth in 17 U.S.C. § 512 – requires discovery into the takedown notices sent by BayTSP on plaintiffs' behalf and related topics. As a matter of law, the copyright holder must demonstrate compliance with 17 U.S.C. §512, which sets forth takedown notice requirements under DMCA. *See Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1112 (9th Cir. 2007).<br><br>In addition, several of YouTube's other affirmative defenses – including at least failure to mitigate, estoppel, waiver, unclean hands, and laches – require discovery into the ability, extent, and history of plaintiffs' communications regarding YouTube.<br><br>The request also seeks documents that will demonstrate that YouTube's record of copyright enforcement is exemplary when compared to the many other sites that BayTSP monitors.<br><br>Finally, the request seeks documents bearing directly on plaintiffs' charge that YouTube can and should recognize unauthorized material on its service, as described with respect to Request No. 1. | understands the request, it so broad that it sweeps within its scope documents that are covered by the attorney client privilege and work product doctrine, and any other applicable privilege or immunity from discovery recognized by law. BayTSP further objects because, as BayTSP understands the request, it includes within its scope confidential documents and trade secret, commercial and proprietary information of clients and customers of BayTSP's services unaffiliated with any of the parties to the Viacom or Football Association Cases, and of BayTSP. Furthermore, as BayTSP understands this request, it is unduly burdensome and oppressive in that the requested documents comprise a huge volume of documents. |
| 5. All documents and communications concerning Your | One or more plaintiffs engaged BayTSP to monitor, search, | BayTSP objects to this request because it is vague and ambiguous. |

6

APPENDIX (Civ. L.R. 37-2)

| Subpoena Request | Nonexclusive Summary of Arguments for Relevance to the Underlying Suit | BayTSP's Response |
|---|---|---|
| relationship with any third party concerning the monitoring, searching, or screening of www.youtube.com for alleged copyright violations, including but not limited to any service contracts, invoices or agreements. | screen, identify allegedly infringing material hosted on, send takedown notices to, and track the results of such takedown notices. The contracts and communications will illuminate the relationship between BayTSP and plaintiffs and other copyright owners, bearing on whether, *inter alia*:<br><br>• BayTSP is the agent of one or more plaintiffs;<br><br>• BayTSP's privilege and confidentiality objections are proper;<br><br>• the testimony of BayTSP and/or its affiliates may be subject to impeachment for bias, *e.g.*, due to payment;<br><br>• BayTSP offered certain services to plaintiffs and its other copyright owner customers that they chose not to purchase; and<br><br>In addition, as discussed with respect to prior requests, the documents at issue here bear directly on the issue of whether YouTube should be charged with knowing the authorization status of material uploaded to the service in light of the ubiquity of stealth and viral marketing by content owners, content owners' tacit approval of material on the service, and the inability of content owners' agent, BayTSP, to | BayTSP does not understand what YouTube means by the term "relationship" in the context of this request. BayTSP objects to this request because, as it understands this request, it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Viacom Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence. BayTSP objects to this request because, as it understands this request, it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Football Association Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence. BayTSP objects to the request because, as BayTSP understands the request, it so broad that it sweeps within its scope documents that are covered by the attorney client privilege and work product doctrine, and any other applicable privilege or immunity from discovery recognized by law. BayTSP further objects because, as BayTSP understands the request, it includes within its scope confidential documents and trade secret, commercial and proprietary information of BayTSP and of clients and customers of BayTSP's services unaffiliated with any of the parties to the Viacom or Football Association Cases. Furthermore, as BayTSP understands this request, it is unduly burdensome and oppressive in that the requested documents comprise a huge |

APPENDIX (Civ. L.R. 37-2)

| Subpoena Request | Nonexclusive Summary of Arguments for Relevance to the Underlying Suit | BayTSP's Response |
|---|---|---|
| | distinguish authorized from unauthorized material. | volume of documents. |
| 6.  All documents and communications concerning copyrights allegedly owned by or licensed to Viacom. | Viacom's asserted copyrights are central to its complaint. Proof that the plaintiff owns a valid copyright is one of the essential elements of a copyright infringement claim. *See, e.g., Feist v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Plaintiffs' Amended Complaint includes many disputed factual allegations regarding its ownership of valid copyrights that were infringed by YouTube or its users, and that plaintiffs sent takedown notices to YouTube, including those allegations identified regarding Categories 1 and 2. Since BayTSP is required by 17 U.S.C. § 512(c)(3)(vi) to assert, under penalty of perjury, that it is acting on behalf of the rightful copyright owner, it presumably has some basis for doing so, such as the copyright registrations themselves.

The requested documents also bear directly on the affirmative defenses discussed above, revealing willful inaction by Viacom. The same documents would undercut Viacom's damages claims, showing that Viacom knowingly allowed (indeed desired) clips from the works at issue in this case to remain freely accessible through other online video services, (and on YouTube). Documents | BayTSP objects to this request because it is vague and ambiguous. BayTSP does not understand what YouTube means by the phrase "copyrights allegedly owned by or licensed to Viacom" in the context of this request. BayTSP objects to this request because, as it understands this request, it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Viacom Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence. BayTSP objects to this request because, as it understands this request, it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Football Association Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence. BayTSP objects to the request because, as BayTSP understands the request, it so broad that it sweeps within its scope documents that are covered by the attorney client privilege and work product doctrine, and any other applicable privilege or immunity from discovery recognized by law. BayTSP further objects because, as BayTSP understands the request, it includes within its scope confidential documents and trade secret, commercial and proprietary information of BayTSP. Furthermore, |

| Subpoena Request | Nonexclusive Summary of Arguments for Relevance to the Underlying Suit | BayTSP's Response |
|---|---|---|
| | regarding Viacom's viral and stealth marketing activities through other online video services must be produced for the same reason, as must documents regarding Viacom's takedown notices which will reveal errors rebutting Plaintiffs' constructive knowledge argument. | as BayTSP understands this request, it is unduly burdensome and oppressive in that the requested documents comprise a huge volume of documents. |
| 7. All documents and communications concerning any training of your employees or agents to monitor, search or screen any website that hosts user-generated content, including but not limited to www.youtube.com. | Plaintiffs' Amended Complaint includes many disputed factual allegations regarding their monitoring and searching of YouTube, their ability to do so, and the alleged DMCA takedown notices allegedly sent by them or on their behalf, including those identified regarding Categories 1 and 2. One or more plaintiffs engaged BayTSP to monitor, search, screen, identify allegedly infringing material hosted on and send takedown notices to YouTube, and track the results of such takedown notices. BayTSP's personnel's training to monitor, search or screen YouTube therefore is relevant to the assertions contained in the complaint. The requested documents also will enable YouTube to refute Viacom's claims that YouTube should recognize unauthorized content when it sees it, demonstrating a host of problems with the directives given to Viacom's own agents. . | BayTSP objects to this request because it is vague and ambiguous. BayTSP does not understand what YouTube means by the phrase "monitor, search or screen any website that hosts user-generated content" in the context of this request. BayTSP objects to this request because, as it understands this request, it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Viacom Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence. BayTSP objects to this request because, as it understands this request, it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Football Association Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence. BayTSP objects to the request because, as BayTSP understands the request, it so broad that it sweeps within its scope documents that are covered by the attorney client privilege and work product doctrine, and any other applicable privilege or immunity from discovery recognized by law. BayTSP |

| Subpoena Request | Nonexclusive Summary of Arguments for Relevance to the Underlying Suit | BayTSP's Response |
|---|---|---|
| | | further objects because, as BayTSP understands the request, it includes within its scope confidential documents and trade secret, commercial and proprietary information of BayTSP and of clients and customers of BayTSP's services unaffiliated with any of the parties to the Viacom or Football Association Cases. |
| 8. All documents and communications concerning any comparisons or statistics regarding how any website, network or other location, including but not limited to www.youtube.com responded to Takedown notices sent by you, including but not limited to comparisons or statistics regarding response time, number of notices received, and performance relative to other websites, networks or other locations. | Plaintiffs' Amended Complaint includes many disputed factual allegations regarding alleged DMCA takedown notices allegedly sent by them or on their behalf, including those identified regarding Category 2. One or more plaintiffs engaged BayTSP to send takedown notices to YouTube and other websites, and to track the results of such takedown notices. BayTSP's documents regarding YouTube and other websites' responses to takedown notices are relevant to the assertions contained in the complaint and to YouTube's affirmative defenses, including YouTube's compliance with relevant safe harbor provisions, such as 17 U.S.C. § 512(c)(1)(C).

These documents are also relevant to rebut, among other things, Viacom's allegations that YouTube "ha[s] done little or nothing to prevent this massive infringement," or that "when YouTube responds to notices of specific infringing videos, its response has been ineffectual." The documents in BayTSP's possession will show that | BayTSP objects to this request because it is vague and ambiguous. BayTSP does not understand what YouTube means by the phrase "comparisons or statistics regarding how any website, network or other location, including but not limited to www.youtube.com responded to Takedown notices sent by you" in the context of this request. BayTSP objects to this request because, as it understands this request, it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Viacom Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence. BayTSP objects to this request because, as it understands this request, it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Football Association Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence. BayTSP objects to the request because, as BayTSP understands the request, it so broad that it sweeps within its scope documents that are covered by the attorney client privilege |

| Subpoena Request | Nonexclusive Summary of Arguments for Relevance to the Underlying Suit | BayTSP's Response |
|---|---|---|
| | YouTube has gone well beyond what the law requires to prevent infringement on its site, and that Viacom's responsiveness to BayTSP and its commitment to its obligations under the DMCA are exemplary, especially when compared to other sites to which BayTSP has issued notices. | and work product doctrine, and any other applicable privilege or immunity from discovery recognized by law. BayTSP further objects because, as BayTSP understands the request, it includes within its scope confidential documents and trade secret, commercial and proprietary information of clients and customers of BayTSP's services unaffiliated with any of the parties to the Viacom or Football Association Cases, and of BayTSP. |
| 9. All documents and communications concerning the SDNY Actions, including any and all communications with any party to the SDNY Actions or attorney representing a party to the SDNY Actions. | BayTSP's documents and communications regarding the case are inherently relevant to the case. In particular, YouTube expects that these documents will illuminate the relationship between BayTSP and plaintiffs and other copyright owners, bearing on whether, *inter alia*:<br><br>• BayTSP is the agent of one or more plaintiffs;<br><br>• BayTSP's privilege and confidentiality objections are proper;<br><br>• the testimony of BayTSP and/or its affiliates may be subject to impeachment for bias; and<br><br>• BayTSP offered relevant services to plaintiffs and its other copyright owner customers that they chose not to purchase.<br><br>This request also seeks documents and communications related to the underlying action itself, which according to the | BayTSP objects to the request because, as BayTSP understands the request, it so broad that it sweeps within its scope documents that are covered by the attorney client privilege and work product doctrine, and any other applicable privilege or immunity from discovery recognized by law. BayTSP further objects because, as BayTSP understands the request, it includes within its scope confidential documents and trade secret, commercial and proprietary information of BayTSP. |

11

| Subpoena Request | Nonexclusive Summary of Arguments for Relevance to the Underlying Suit | BayTSP's Response |
|---|---|---|
| | general counsel of Viacom, BayTSP was instrumental in "lay[ing] the groundwork" | |
| 10. All documents and communications concerning the effectiveness of Your software or any other means You use or have used to monitor, search for, distinguish, identify, or analyze allegedly infringing material. | Plaintiffs' Amended Complaint includes many disputed factual allegations regarding their inability to effectively monitor, search for, distinguish, identify, or analyze allegedly infringing material, including those identified regarding Category 1. One or more plaintiffs engaged BayTSP to monitor, search for, distinguish, identify, or analyze allegedly infringing material. BayTSP touts its custom software and tools, which it uses to monitor, search for, distinguish, identify, or analyze allegedly infringing material. The effectiveness of the software and other tools BayTSP uses to monitor, search, distinguish, identify, and analyze allegedly infringing material are relevant to those allegations. The documents also will reveal whether Plaintiffs had means of protecting against the use of their content that they chose not to employ. And the documents are relevant to Plaintiffs' assertions that YouTube should be able to monitor its service and identify unauthorized material. | BayTSP objects to this request because it is vague and ambiguous. BayTSP does not understand what YouTube means by the phrases "effectiveness of Your software" and "monitor, search for, distinguish, identify, or analyze allegedly infringing material" in the context of this request. BayTSP objects to this request because, as it understands this request, it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Viacom Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence. BayTSP objects to this request because, as it understands this request, it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Football Association Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence. |
| 11. Documents sufficient to identify any civil action in which You have given testimony in any form, including but not limited to declarations, depositions, and trial testimony. | BayTSP touts its custom software and tools, which it uses to monitor, search for, distinguish, identify, or analyze allegedly infringing material. BayTSP and its personnel have provided oral testimony or submitted | As BayTSP understands this request, BayTSP objects to this request because it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Viacom Case in that the documents requested are neither admissible nor |

| Subpoena Request | Nonexclusive Summary of Arguments for Relevance to the Underlying Suit | BayTSP's Response |
|---|---|---|
| | depositions in multiple litigations involving the services it provides for its customers, and the software and tools it uses to perform those services. Discovery of that prior testimony may limit the need for testimony specific to this case, may illuminate the evolution of BayTSP's software and tools over time, and may be relevant for impeachment purposes. | calculated to lead to the discovery of admissible evidence. BayTSP objects to this request because it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Football Association Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence. BayTSP further objects because it includes within its scope confidential documents and trade secret, commercial and proprietary information of BayTSP and of clients and customers of BayTSP's services unaffiliated with any of the parties to the Viacom or Football Association Cases. |
| 12. Documents sufficient to identify all individuals and entities who have retained you to monitor, search or screen www.youtube.com. | These documents will help YouTube identify other parties likely to possess documents that would be relevant for all of the reasons noted above. | As BayTSP understands this request, BayTSP objects to this request because it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Viacom Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence. As BayTSP understands this request, BayTSP objects to this request because it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Football Association Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence. BayTSP objects to the request because, as BayTSP understands the request, it so broad that it sweeps within its scope documents that are covered by the attorney client privilege and work product doctrine, and any other |

| Subpoena Request | Nonexclusive Summary of Arguments for Relevance to the Underlying Suit | BayTSP's Response |
|---|---|---|
| | | applicable privilege or immunity from discovery recognized by law. BayTSP further objects because, as BayTSP understands the request, it includes within its scope confidential documents and trade secret, commercial and proprietary information of clients and customers of BayTSP's services unaffiliated with any of the parties to the Viacom or Football Association Cases, and of BayTSP. |
| 13. Documents and communications concerning Your or Your clients use of YouTube, including but not limited to: (a) documents sufficient to show any occasions on which You or Your clients have uploaded videos to YouTube; (b) documents sufficient to show any instances of which You are aware of where Your clients uploaded videos onto YouTube; (c) all documents and communication concerning any occasions on which You viewed videos on YouTube, shared videos found on YouTube with others, or used the embed HTML code on YouTube to embed videos found on YouTube onto any website; and (d) all documents sufficient to identify YouTube user accounts used by You at any time. | This request overlaps significantly with the documents sought by Request Nos. 1 and 3, the relevance of which are discussed above. This request also specifically seeks information that will be used to reveal stealth and viral marketing on the YouTube service, both known to and perhaps practiced by BayTSP. The request will also yield documents showing content owners tacit approval of content on the YouTube service, left accessible after having been recognized by BayTSP. | BayTSP objects to this request because it is vague and ambiguous. BayTSP does not understand what YouTube means by the phrase "Your or Your clients use of YouTube" and the term "shared" in the context of this request. BayTSP objects to this request because, as it understands this request, it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Viacom Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence. BayTSP objects to this request because, as it understands this request, it is overbroad because it includes within its scope documents that are not relevant to any claim or defense in the Football Association Case in that the documents requested are neither admissible nor calculated to lead to the discovery of admissible evidence. BayTSP further objects because, as BayTSP understands the request, it includes within its scope confidential documents and trade secret, commercial and proprietary information of BayTSP. |