** E-filed on 4/24/09 **

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VIACOM INTERNATIONAL, INC., ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE, INC., ET AL.,<br><br>Defendant. | Case No. C 08-80211 MISC. JF(PVT)<br><br>ORDER[1] OVERRULING OBJECTION TO MAGISTRATE JUDGE'S ORDER DATED JANUARY 14, 2009<br><br>[Docket No. 20] |

## I. INTRODUCTION

BayTSP, a non-party, objects to the order of Magistrate Judge Trumbull dated January 14, 2009 requiring BayTSP to produce certain documents subject to a subpoena obtained by YouTube in connection with an action pending in another district. BayTSP argues that the order was clearly erroneous or contrary to law. The Court concludes that the order was not clearly erroneous or contrary to law in light of the evidence and arguments presented by the parties to Judge Trumbull. Accordingly, the objection will be OVERRULED.

## II. LEGAL STANDARD

Where, as here, the magistrate judge's ruling addresses a non-dispositive matter, the district judge will modify or set aside "any portion of the magistrate judge's order found to be

---

[1] This disposition is not designated for publication in the official reports.

Case No. C 08-80211 MISC JF (PVT)
ORDER OVERRULING OBJECTION TO MAGISTRATE JUDGE'S ORDER DATED JANUARY 14, 2009.
(JFEx2)

clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).

## III. DISCUSSION

For the purposes of discovery, the Viacom action has been consolidated with a class action filed against YouTube on May 4, 2007, reportedly on behalf of every copyright holder in the world.[2] The documents requested from BayTSP potentially will reveal evidence supporting YouTube's defense in both the class action and the instant suit against Viacom. Where "a district court whose only connection with a case is supervision of discovery ancillary to an action in another district should be especially hesitant to pass judgment on what constitutes relevant evidence thereunder. Where relevance is in doubt ... the court should be permissive." *Gonzales v. Google, Inc.,* 234 F.R.D. 674, 681 (N.D.Cal. 2006) citing *Truswal Systems Corp. V. Hydro-Air Engineering, Inc.,* 813 F.2d 1207, 1211-12 (Fed. Cir. 1987). Despite this general principle that "hired" district courts be permissive, Judge Trumbull did not grant unlimited access to BayTSP documents. Rather, her order clearly balanced the relevance of the evidence and the burden on the producing party.

In order to limit the burden on BayTSP, Judge Trumbull's order appropriately requests that BayTSP and YouTube work together to limit the scope of production and agree to an appropriate format. January 14 Order at 11. Specifically, BayTSP is directed to provide YouTube with a client list from which YouTube will select the clients from which it seeks documents and then work with the clients themselves under appropriate protective orders. The order also requires that YouTube defray the costs of producing the documents. Order at 10. BayTSP does not contend that all of its client relationships are confidential or explain how confidentiality is critical to its business operation.[3] A protective order should be adequate to address any

---

[2] The putative class action mirrors the claims in the instant Viacom suit. *See The Football Association Premier League Limited, et al., v. YouTube, Inc. Et al.,* Case no. 07-cv-3582 LLS (FMx) (S.D.N.Y.) Opposition at 2-3. January 14 Order at 3 n.4.

[3] In contrast, Google provided its privacy policy for investigation and analysis to aid the court in determining the burden on user trust that would result from its providing user information. *Google,* 234 F.R.D. at 683-684.

2

confidentiality concerns BayTSP may have.

BayTSP's status as a non-party to the underlying case does not affect the outcome. BayTSP's service is tracking and enforcement of copyrights. It is used by many copyright holders to regulate copyrighted material. Based on the information provided regarding BayTSP's unique purpose, capabilities, and clients, it is not inappropriate for YouTube to seek documents from BayTSP that will assist it in defending the underlying lawsuit.

The January 14 Order references the three-prong test of Fed R. Civ. Pro. 26 and applies it correctly. The result neither deprives a party of discovery that is reasonably necessary to afford a fair opportunity to defend and prepare the case nor permits redundant or disproportionate discovery.

Accordingly, the Court concludes that Judge Trumbull's order was not clearly erroneous or contrary to law. Accordingly, the objection is OVERRULED.

IT IS SO ORDERED.

DATED: April 24, 2009

_____
JEREMY FOGEL
United States District Judge

This Order has been served upon the following persons:

| | |
|---|---|
| Brandon D. Baum | bbaum@mayerbrown.com |
| Caroline Elizabeth Wilson | cwilson@wsgr.com |
| Christopher Augustine Rakow | augie.rakow@alston.com |
| | lauren.gray@alston.com |
| | robin.ramirez@alston.com |
| David H. Kramer | dkramer@wsgr.com |
| | dgrubbs@wsgr.com |
| Donald B. Verrilli , Jr | dverrilli@jenner.com |
| Eric Evans | eevans@mayerbrown.com |
| | cpohorski@mayerbrown.com |
| Louis M. Solomon | lsolomon@proskauer.com |
| Stephen D. Hibbard | shibbard@shearman.com |
| | rcheatham@shearman.com |
| Steven Daniel Hemminger | steve.hemminger@alston.com |
| | debra.conyers@alston.com |
| | julie.rowinski@alston.com |
| | robin.ramirez@alston.com |
| | sissel.browder@alston.com |
| Stuart Jay Baskin | sbaskin@shearman.com |
| Susan Kohlmann | skohlmann@jenner.com |

John P. Mancini
Mayer Brown LLP
1675 Broadway
New York, NY 10019-5820

Max W. Berger
Bernstein Litowitz Berger & Grossman
1285 Avenue of the Americas 33rd Floor
New York, NY 10019