Viacom International Inc. et al. v. YouTube, Inc. et al.                                           Doc. 30

Case5:08-mc-80211-JF   Document30   Filed06/30/09   Page1 of 17

1  A. JOHN P. MANCINI (*pro hac vice*)
   MAYER BROWN LLP
2  1675 Broadway
   New York, NY 10019
3  Telephone:   (212) 506-2500
   Facsimile:   (212) 262-1910
4  Email:  jmancini@mayerbrown.com

5  DAVID H. KRAMER, State Bar No. 168452
   WILSON SONSINI GOODRICH & ROSATI
6  650 Page Mill Road
   Palo Alto, CA 94304-1050
7  Telephone:   (650) 493-9300
   Facsimile:   (650) 565-5100
8  Email:  dkramer@wsgr.com
   Email:  mrubin@wsgr.com
9
   RICHARD B. KENDALL, State Bar No. 90072
10 PHILIP M. KELLY, State Bar No. 212174
   KENDALL BRILL & KLIEGER LLP
11 10100 Santa Monica Boulevard, Suite 1725
   Los Angeles, California 90067
12 Tel.: (310) 556-2700
   Fax: (310) 556-2705
13 Email: rkendall@kbkfirm.com
   Email: pkelly@kbkfirm.com
14
                    **UNITED STATES DISTRICT COURT**
15
                  **NORTHERN DISTRICT OF CALIFORNIA**
16
                         **SAN JOSE DIVISION**
17

18 | IN RE SUBPOENA TO BayTSP, INC. | **CASE NO.:  08-MC-80211 JF (PVTx)** |
   |---|---|
19 | VIACOM INTERNATIONAL INC., *et al.*, | **[PROPOSED] STIPULATED PRE-TRIAL PROTECTIVE ORDER** |
   | Plaintiffs, | |
20 | v. | (S.D.N.Y. CASE NOS. I :07-cv-021 03 (LLS) (FM); I :07-cv-3582 (LLS) (FM)) |
21 | YOUTUBE, INC., *et al.*, | Judge: Honorable Jeremy Fogel |
   | Defendants. | |
22 | THE FOOTBALL ASSOCIATION PREMIER LEAGUE LIMITED, *et al*., | |
23 | | |
24 | Plaintiffs, | |
   | v. | |
25 | YOUTUBE, INC. *et al*., | |
26 | Defendants. | |
27

28

1    WHEREAS on September 27, 2007, YouTube, Inc., YouTube, LLC and Google Inc.,

2  (collectively, "YouTube" or "Defendants") issued a non-party subpoena ("Subpoena") from this

3  Court to BayTSP, Inc. ("BayTSP") in connection with civil actions filed by Viacom

4  International, Inc. *et al*. and The Football Association Premier League, *et al*. against YouTube,

5  Inc. *et al*. in the United States District Court for the Southern District of New York, Case Nos. I

6  :07-cv-021 03 (LLS) (FM) I :07-cv-3582 (LLS) (FM), respectively. (collectively, "SDNY

7  Actions").   YouTube, and the parties to those actions that execute the Protective Order

8  Agreement Acknowledgement are referred to herein as the SDNY Parties.

9    WHEREAS BayTSP believes that certain information, documents, and testimony are

10  likely to be disclosed and produced through discovery that may constitute or incorporate

11  confidential information, trade secrets and other confidential research, development, or

12  commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil

13  Procedure;

14    WHEREAS YouTube and BayTSP ("the PO Parties") believe that entry of a protective

15  order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure will facilitate the production

16  of confidential, trade secrets and other confidential research, development, or commercial

17  information; and

18    WHEREAS, the Court finds that good cause exists for the entry of this protective order

19  pursuant to Rule 26(c) of the Federal Rules of Civil Procedure in order to protect the confidential

20  information, trade secrets and other confidential research, development, or commercial

21  information.

22    IT IS HEREBY AGREED AND ORDERED, pursuant to Rule 26(c) of the Federal Rules

23  of Civil Procedure, that the documents and information that BayTSP produces in response to this

24  or any other Subpoena issued by any SDNY Party, shall be handled under the following terms:

25    1.    Any documents, things or information produced or otherwise furnished by

26  BayTSP that is not public and that BayTSP would normally not reveal to third parties, or if

27  disclosed, would require such third parties to maintain in confidence, may be designated

28  CONFIDENTIAL by BayTSP.  BayTSP shall effectuate the designation of CONFIDENTIAL

-1-

1    documents or information by stamping or marking on the documents or other material the term

2    BAYTSP CONFIDENTIAL or if the material cannot be so marked, by stamping or marking the

3    term BAYTSP CONFIDENTIAL on the CD-ROM or DVD-ROM containing the documents or

4    other material.   Those documents or information shall be maintained by the person/parties

5    authorized under this Protective Order to receive said documents or information ("Receiving

6    Parties") in confidence and used only for the purposes of the SDNY Actions.  To the extent that

7    any such items are filed with a Court, they shall be placed in an envelope marked BAYTSP

8    CONFIDENTIAL MATERIALS SUBJECT TO PROTECTIVE ORDER and sealed.   Such

9    sealed envelopes shall be opened only by the Clerk of Court or by the Court, or their agents

10   absent an order of Court.

11          2.       Documents or other materials designated as BAYTSP CONFIDENTIAL by

12   BayTSP shall be restricted to the following persons:

13                   (a) United States District Courts for the Northern District of California and the

14                       Southern District of New York ("Courts") and their employees;

15                   (b) Outside counsel retained by a SDNY Party for representation in the SDNY

16                       Actions, including associated personnel necessary to assist outside counsel in the

17                       SDNY Actions, such as paralegals, litigation assistants, clerical staff, technical

18                       staff,  and vendors who are actively engaged in assisting such counsel with

19                       respect to the SDNY Actions;

20                   (c) Any certified shorthand or court reporters retained to report a deponent's

21                       testimony taken in the SDNY Actions;

22                   (d) Experts approved under this Protective Order, having been retained by a SDNY

23                       Party to assist counsel with respect to the SDNY Actions, and having signed the

24                       Protective Order Agreement Acknowledgment attached hereto as Exhibit A,  as

25                       well as clerical, administrative or support staff of such experts;

26                   (e) Persons shown on the face of the document to have authored or received it;

27

28

-2-

1     (f) Any person to whom BayTSP agrees, in advance and in writing and who have

2     signed the Protective Order Agreement Acknowledgment that is attached as

3     Exhibit A., may receive such protected information; and

4     (g) Employees of any party, as reasonably necessary for purposes of the SDNY

5     Actions, for use only in connection with the SDNY Actions, who have signed the

6     Protective Order Agreement Acknowledgment that is attached as Exhibit A.

7     3.     Any documents, things or information produced or otherwise furnished by

8 BayTSP that BayTSP reasonably believes in good faith to contain source code; nonpublic patent

9 applications or related things and documents; technical research and development information;

10 revenue share or confidential pricing information; confidential commercial, material or other

11 non-public terms in business agreements with third parties; competitive business strategies and

12 forward-looking business plans, including identification of targets for potential investments,

13 marketing plans, forecasts, budgets, and financial performance parameters; market share and

14 revenue projections; valuation of investments or potential investments (including licensing

15 agreements, equity investments and acquisitions); due diligence materials related to investments

16 or potential investments (including licensing agreements, equity investments and acquisitions);

17 nonpublic concepts and plans for new entertainment programming; personally identifying

18 information concerning users (which shall not be construed to include any information a user

19 posts or uploads for public viewing on any website); advertising rates (e.g., cost per mille, click,

20 or action); proprietary information regarding web site traffic; or commercially sensitive database

21 schemas may be designated BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

22 ONLY by BayTSP.  Such designation shall be made by marking the documents or material (or

23 part(s) thereof) in a conspicuous manner or if the material cannot be so marked, by stamping or

24 marking the term BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY on the

25 CD-ROM or DVD-ROM containing the documents or other material.  The marking shall state

26 BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or some similar marking.

27 Access to materials designated by BayTSP as BAYTSP HIGHLY CONFIDENTIAL –

28 ATTORNEYS' EYES ONLY and to any portion of any transcript, brief, affidavit, memorandum

-3-

1    or other paper that contains, reveals or refers to materials so designated is limited to those

2    persons set forth in paragraphs 2(a) – 2(f) above, excluding however any expert designated

3    pursuant to paragraph 2(d) who is also a SDNY Party employee.  To the extent that any such

4    items are filed with the Clerk of Court or with the Court, they shall be placed in an envelope

5    marked BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and sealed.  Such

6    sealed envelopes shall be opened only by the Clerk of Court or by the Court, or their agents.

7          4.     Any documents, things or information produced or otherwise furnished by

8    BayTSP in response to the Subpoena that are designated "BAYTSP CONFIDENTIAL" or

9    "BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" and contain BayTSP's

10   Source Code may be designated "BAYTSP RESTRICTED CONFIDENTIAL-SOURCE

11   CODE."

12          (a) Information designated BAYTSP RESTRICTED CONFIDENTIAL-SOURCE

13              CODE, specifically identified for expert review, will be produced to designated

14              outside counsel for a SDNY Party  ("Source Code Custodian") on a portable hard

15              disk drive ("HDD").  Any supplemental production of BAYTSP RESTRICTED

16              CONFIDENTIAL-SOURCE CODE shall be made consistent with the means for

17              production provided herein, or by a means agreed to by the SDNY Parties, at the

18              option of BayTSP.  No SDNY Party can request that more than three (3) duplicate

19              HDDs be produced to the Source Code Custodian;

20          (b) At BayTSP's option, any BAYTSP RESTRICTED CONFIDENTIAL-SOURCE

21              CODE, HDD, or both may be encrypted prior to production.  Information

22              necessary to gain access to encrypted BAYTSP RESTRICTED

23              CONFIDENTIAL-SOURCE CODE or an encrypted HDD shall be provided by

24              counsel for BayTSP to the Source Code Custodian by reasonable means meeting

25              the security interests of BayTSP;

26          (c) Access to information designated BAYTSP RESTRICTED CONFIDENTIAL-

27              SOURCE CODE shall be limited to Source Code Custodians and the experts

28              retained or used by counsel for any party to assist counsel with respect to this

-4-

1 litigation as described in paragraph 2(d), except that an expert who is an employee

2 of a SDNY party shall not have access to documents or information designated as

3 BAYTSP RESTRICTED CONFIDENTIAL-SOURCE CODE;

4 (d) The Source Code shall be viewed only on non-networked computers in secure,

5 locked areas within the confines of a United States office of the individuals

6 identified in Paragraph 4(c);

7 (e) Electronic copies of BAYTSP RESTRICTED CONFIDENTIAL-SOURCE

8 CODE shall only be made within the confines of the HDD; however a Source

9 Code Custodian may include excerpts of Source Code of length no more than

10 necessary for purposes of the litigation in a pleading, exhibit, expert report,

11 discovery document, deposition transcript, other Court document, or any drafts of

12 these documents ("Restricted Confidential Documents");

13 (f) To the extent excerpts of Source Code are quoted in a Restricted Confidential

14 Document, Source Code Custodians and the persons described in paragraphs 2(a)-

15 (d), shall be permitted to store and access Restricted Confidential Documents on a

16 computer and on a computer network that limits access to only necessary viewers;

17 Source Code Custodians and the persons described in paragraph 2(a)-(d), may

18 also send Restricted Confidential Documents to authorized persons via electronic

19 mail;

20 (g) To the extent portions of Source Code are quoted in a Restricted Confidential

21 Document, those pages or exhibits containing quoted Source Code will be

22 separately bound, stamped and treated as BAYTSP RESTRICTED

23 CONFIDENTIAL-SOURCE CODE.   When any Restricted Confidential

24 Document is filed with a Court, the separately bound portion stamped and treated

25 as BAYTSP RESTRICTED CONFIDENTIAL-SOURCE CODE shall be filed

26 under seal.   When hard copies of any Restricted Confidential Document are

27 retained in the offices of the Source Code Custodian, the Source Code Custodian

28 shall keep the separately bound portions stamped and treated as BAYTSP

-5-

1    RESTRICTED CONFIDENTIAL-SOURCE CODE in a secure, locked area of

2    the office of the Source Code Custodian or destroy them in a manner that ensures

3    they cannot be salvaged, such as cross-shred shredding or incineration;

4  (h) Each Restricted Confidential Document or draft thereof containing Source Code

5    stored on a computer or computer network shall be individually password-

6    protected so as to limit access to authorized persons;

7  (i) Any and all printouts or photocopies of the BAYTSP RESTRICTED

8    CONFIDENTIAL-SOURCE CODE or documents that otherwise contain

9    BAYTSP RESTRICTED CONFIDENTIAL-SOURCE CODE shall be marked

10    BAYTSP RESTRICTED CONFIDENTIAL-SOURCE CODE by the printing

11    party. Should such printouts or photocopies be transferred back to electronic

12    media, such media shall continue to be labeled BAYTSP RESTRICTED

13    CONFIDENTIAL-SOURCE CODE and shall continue to be treated as such;

14  (j) The Source Code Custodian shall maintain a log of all BAYTSP RESTRICTED

15    CONFIDENTIAL-SOURCE CODE or other files containing BAYTSP

16    RESTRICTED CONFIDENTIAL-SOURCE CODE that are printed or

17    photocopied;

18  (k) If the Source Code Custodian or a party's expert, described in paragraph 2.d.,

19    makes printouts or photocopies of portions of BAYTSP RESTRICTED

20    CONFIDENTIAL-SOURCE CODE, the Source Code Custodian shall keep the

21    printouts or photocopies in a secured locked area of the office of the Source Code

22    Custodian or destroy them in a manner that ensures they cannot be salvaged, such

23    as cross-shred shredding or incineration.

24  (l) The Source Code Custodian may temporarily keep or view the HDD or other

25    materials containing BAYTSP RESTRICTED CONFIDENTIAL-SOURCE

26    CODE at:   (i) the sites where any depositions relating to the BAYTSP

27    RESTRICTED CONFIDENTIAL-SOURCE CODE are taken for the dates

28    associated with the taking of the deposition; (ii) the Court; or (iii) any

1    intermediate location reasonably necessary to transport the information (e.g., a

2    hotel prior to a deposition), provided that the Source Code Custodian takes all

3    necessary precautions to protect the confidentiality of the HDD or other materials

4    containing BAYTSP RESTRICTED CONFIDENTIAL-SOURCE CODE while

5    the materials are in such intermediate locations.

6    5.    Any copies, photographs, depictions, excerpts, notes concerning, or other

7    information generated from an inspection of the matters designated BAYTSP CONFIDENTIAL

8    or BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be treated in the

9    same manner as material marked BAYTSP CONFIDENTIAL or BAYTSP HIGHLY

10   CONFIDENTIAL – ATTORNEYS' EYES ONLY.

11   6.    In the case of a deposition:

12   (a) Counsel for BayTSP may designate during a deposition that certain information

13       disclosed during a deposition is to be treated as BAYTSP CONFIDENTIAL or

14       BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by so

15       indicating on the record of the deposition and any such parts so designated shall

16       be part of a separate transcript of such material and marked with the appropriate

17       designation.

18   (b) If BayTSP does not attend a deposition and BAYTSP CONFIDENTIAL or

19       BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

20       information or materials are used, discussed, or attached as an exhibit (in

21       accordance with the provisions of this Protective Order) during that deposition,

22       then the deposition transcript shall be temporarily designated as BAYTSP

23       HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. The SDNY Party

24       taking the deposition shall thereafter provide BayTSP with a copy of the

25       deposition transcript and within thirty (30) days after receipt of the transcript,

26       BayTSP's counsel shall review the transcript and designate those pages of the

27       transcript that they believe constitute, reflect, or disclose BAYTSP

28       CONFIDENTIAL or BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS'

-7-

1     EYES ONLY information. The Receiving Parties may object to BAYTSP

2     CONFIDENTIAL or BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS'

3     EYES ONLY designations pursuant to paragraph 11. Designations to which the

4     Receiving Parties so object shall remain in full force and effect until such

5     objections are resolved.

6     (c) All persons not authorized to review BAYTSP CONFIDENTIAL or BAYTSP

7     HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be required to

8     leave for portions of the deposition that contain or refer to BAYTSP

9     CONFIDENTIAL or BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS'

10     EYES ONLY.

11     7. An expert retained or used by counsel for a SDNY party to assist counsel with

12 respect to the SDNY Actions ("expert") may be shown BAYTSP CONFIDENTIAL or BAYTSP

13 HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY things and information after

14 compliance with this provision, except that an expert who is an employee of a SDNY party shall

15 not have access to documents or information designated by BayTSP as BAYTSP HIGHLY

16 CONFIDENTIAL – ATTORNEYS' EYES ONLY. Any person working to support an expert

17 shall be subject to this disclosure procedure if that person has himself served as a consultant or

18 expert directly (rather than in a supporting capacity) on consulting or litigation matters that must

19 be included on a CV under subparagraph a.

20     (a) Before an expert reviews BAYTSP HIGHLY CONFIDENTIAL –

21     ATTORNEYS' EYES ONLY information, the retaining SDNY Party must

22     disclose the identity of the expert to BayTSP, along with a copy of the expert's

23     curriculum vitae, including a list of non-litigation consulting retentions and list of

24     matters in which the expert has been retained as an expert for litigation (including

25     testifying by deposition or at trial) within the preceding 5 years. Within 14

26     calendar days of such disclosure, BayTSP, or BayTSP on behalf of its nonparty

27     client, may object to the expert if BayTSP, or BayTSP's non-party client, believes

28     that additional protections beyond those set forth in this Protective Order are

-8-

1   necessary to protect BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS'

2   EYES ONLY with respect to that expert. If no objection is made within 10

3   calendar days of the disclosure of the expert's identity, any such objection is

4   waived. The identities of the experts disclosed under this provision shall be

5   treated as CONFIDENTIAL information under this protective order;

6   (b) If a timely objection is made under subparagraph (a), BayTSP (and if necessary

7   BayTSP's nonparty client) and the retaining SDNY Party shall meet and confer to

8   attempt to resolve the objection during the following 10 calendar days;

9   (c) If no agreement is reached within the 14-day meet-and-confer period under

10   subparagraph (b), the retaining SDNY Party must file a motion within five (5)

11   calendar days concerning the expert's access to BAYTSP HIGHLY

12   CONFIDENTIAL – ATTORNEYS' EYES ONLY. documents. If no motion is

13   made within 5 calendar days after the expiration of the 14-day meet-and-confer

14   period provided by subparagraph (b), then any objection is waived;

15   (d) If a motion is timely filed within the 5 day period provided by subparagraph (c),

16   BayTSP shall have 5 calendar days to respond. No discovery of any kind shall be

17   permitted in connection with such motion. The retaining SDNY Party shall have

18   the burden of persuasion to establish that information designated BAYTSP

19   HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY does not merit such

20   protection. Relief that prohibits a retained expert's access to BAYTSP HIGHLY

21   CONFIDENTIAL – ATTORNEYS' EYES ONLY information may be imposed

22   if this Court is unable to impose other protections that reasonably safeguard

23   BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY while also

24   preserving the ability of the expert to access such information in order to assist

25   counsel of the party retaining the expert.

26   8.   It shall be the duty of the Receiving Parties to ensure that all documents produced

27   to them by BayTSP and marked BAYTSP CONFIDENTIAL or BAYTSP HIGHLY

28   CONFIDENTIAL – ATTORNEYS' EYES ONLY are filed under seal pursuant to the applicable

-9-

1    Rule of the United States District Court for the Southern District of New York.  In addition, any

2    information designated as BAYTSP CONFIDENTIAL or BAYTSP HIGHLY CONFIDENTIAL

3    – ATTORNEYS' EYES ONLY may be introduced in a pretrial court proceeding and/or in open

4    court only if the party seeking to introduce the material first seeks the advance written

5    permission of BayTSP.  If BayTSP declines to grant such permission, or fails to respond within

6    five calendar days, the SDNY party seeking to introduce the material may seek an order from the

7    Court permitting the introduction of such information.  In the motion, the SDNY party seeking to

8    introduce the material must inform the Court of BayTSP's lack of consent.  The party seeking to

9    introduce the material must also serve a copy of the motion on BayTSP on the same day the

10   motion is filed with the Court.  If the Court declines to grant the motion, the material may not be

11   introduced at the pretrial court proceeding or in open court.

12         9.    Except for those individuals listed in paragraphs 2(a), 2(b), 2(c) and 2(e), all

13   persons to whom any information subject to this Protective Order may be disclosed shall, prior to

14   any disclosure to them, be provided a copy of this Protective Order and execute a Protective

15   Order Agreement Acknowledgment form attached as Exhibit A to this Protective Order.

16         10.    Any person provided BAYTSP CONFIDENTIAL or BAYTSP HIGHLY

17   CONFIDENTIAL – ATTORNEYS' EYES ONLY information or documents pursuant to the

18   terms of this protective order will maintain that information and documents in confidence and

19   use it only for the purposes of the SDNY Actions.

20         11.    No party shall be obligated to challenge the propriety of a designation of

21   BAYTSP CONFIDENTIAL or BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

22   ONLY when initially received, and a failure to do so shall not preclude a subsequent challenge

23   thereto.  If, at any time, a SDNY Party objects to a designation of BAYTSP CONFIDENTIAL or

24   BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under this Protective

25   Order, the objecting party shall notify BayTSP in writing.  Within 10 calendar days of the receipt

26   of such notification, counsel for BayTSP (and if appropriate BayTSP' nonparty clients' counsel)

27   and the objecting party shall meet-and-confer in an effort to resolve any disagreement regarding

28   the designated BayTSP materials.  If, for whatever reason, the objecting party and BayTSP do

-10-

1    not resolve their disagreement within the meet and confer period specified in this paragraph, the

2    objecting party may apply within 10 days from the conclusion of the meet and confer period for

3    a ruling on BayTSP's designation of the BAYTSP CONFIDENTIAL or BAYTSP HIGHLY

4    CONFIDENTIAL – ATTORNEYS' EYES ONLY.  The objecting party shall have the burden of

5    showing that the BAYTSP CONFIDENTIAL or BAYTSP HIGHLY CONFIDENTIAL –

6    ATTORNEYS' EYES ONLY should be de-designated.  The documents or materials subject to

7    that   application   will   remain   BAYTSP   CONFIDENTIAL   or   BAYTSP   HIGHLY

8    CONFIDENTIAL – ATTORNEYS' EYES ONLY until the Court rules.  If the objecting party

9    and BayTSP do not resolve their disagreement and the objecting party does not apply to the

10   Court for a ruling on the BAYTSP CONFIDENTIAL or BAYTSP HIGHLY CONFIDENTIAL –

11   ATTORNEYS' EYES ONLY designation, the material in question will continue to be deemed

12   BAYTSP CONFIDENTIAL or BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

13   ONLY.

14        12.    The inadvertent or unintentional production or failure to designate any

15   information as BAYTSP CONFIDENTIAL or BAYTSP HIGHLY CONFIDENTIAL –

16   ATTORNEYS' EYES ONLY shall not be deemed a waiver of BayTSP's claim of confidentiality

17   as to such information and BayTSP may thereafter designate such information as BAYTSP

18   CONFIDENTIAL or BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY as

19   appropriate.

20        13.    The inadvertent or unintentional production of documents or other information

21   containing privileged information or attorney work product shall be governed by the terms of the

22   nonwaiver agreement between YouTube and the Plaintiffs to the SDNY Action dated August 3,

23   2007, which is incorporated herein by reference, and extended to BayTSP and its clients, except

24   as modified as follows:  (i)  Paragraph 7 of the nonwaiver agreement will be modified to place

25   the burden on the receiving party to submit the specified information to the Court under seal for

26   a determination of the claim and provide the Court with the grounds for challenging the claim of

27   privilege or other protection; and (ii) Paragraph 3 of the nonwaiver agreement will be modified

28

-11-

1   to require that any such submission, motion or challenge shall be made before the Court in the

2   Northern District of California instead of the Southern District of New York.

3          14.    BAYTSP CONFIDENTIAL or BAYTSP HIGHLY CONFIDENTIAL –

4   ATTORNEYS' EYES ONLY information, including all copies and/or extracts thereof, and all

5   information derived therefrom, shall be held in strict confidence by the receiving party in

6   accordance with the terms of this Order and shall not be disclosed other than as necessary for, or

7   used for any purpose other than, the prosecution or defense of this action by the original parties

8   to the Original Complaint or the parties named in a later amended Complaint, in the SDNY

9   Actions.    In particular, neither BAYTSP CONFIDENTIAL or BAYTSP HIGHLY

10  CONFIDENTIAL – ATTORNEYS' EYES ONLY, nor any copies and/or extracts thereof nor

11  anything derived therefrom shall be disclosed in any way to any person, attorney, government

12  agency, or expert for use in any other litigation or contemplated litigation, or for any other

13  purpose extraneous to the SDNY Actions.

14         15.    In the event a Receiving Party is served with legal process seeking production of

15  BAYTSP CONFIDENTIAL or BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

16  ONLY material obtained through discovery and protected hereunder, the Receiving Party shall

17  promptly notify BayTSP of the service of legal process and afford BayTSP the opportunity to

18  object thereto.

19         16.    In the event that a party inadvertently discloses BAYTSP CONFIDENTIAL or

20  BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY materials or information

21  in a manner that is inconsistent with this Protective Order, the disclosing party shall promptly: 1)

22  request the return or destruction of the inadvertently disclosed documents or materials from the

23  possessing parties and request that any other document or materials derived from such be

24  expunged of protected information; 2) inform BayTSP and the other parties of the circumstances

25  of the inadvertent disclosure, including which documents or materials were disclosed, to whom

26  disclosure was made, and when the disclosure took place; 3) request written confirmation of the

27  destruction or return of all inadvertently disclosed documents from the possessing parties; and 4)

28  within five (5) business days provide BayTSP and the other parties in writing, confirmation that

-12-

the provisions of this paragraph have been effectuated, an explanation of when the provisions of this paragraph will be effectuated, or an explanation of why the provisions of this paragraph cannot be effectuated.

17. Within 60 days of the final conclusion of the SDNY Actions, including any appeal, or upon the settlement and/or dismissal of the SDNY Actions, all documents and things or information subject to this Protective Order shall be returned to BayTSP, or shall be destroyed. Counsel for each party will certify in writing their compliance with the provisions of this section. Counsel for the parties may preserve work product and privileged documents, and one hard copy and one electronic copy of each pleading, correspondence and deposition transcript, in their permanent files even though such documents may reflect or contain confidential documents or information. The conclusion of this proceeding shall not relieve any person or party from any of the requirements imposed by this Protective Order.

18. Nothing contained in this Protective Order, nor any action taken in compliance with it, shall operate as an admission by any party that any particular information is or is not BAYTSP CONFIDENTIAL or BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY matter within the contemplation of the law or prejudice in any way the right of any party or third party to seek a Court determination of whether or not any particular materials should be disclosed or if disclosed whether or not it should be subject to the terms of this Order. Further, nothing contained in this Protective Order shall operate as an admission by any party as to the relevance, discoverability, authenticity or admissibility of any information or category or information addressed herein.

19. The relevance or admissibility of this Order for any purpose in the SDNY Actions is reserved for the future decision of the Court.

20. Nothing herein shall impose any restrictions on the use or disclosure by BayTSP of its own BAYTSP CONFIDENTIAL or BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information.

21. The provisions of this Order shall not preclude BayTSP from seeking from the Court, for good cause shown, additional protections, limitations or other modifications on the use

-13-

1    of certain documents or information as permitted by Fed. R. Civ. P. 26(c), with notice to the

2    SDNY Parties.

3          22.    All notices or disclosures to BayTSP under this Stipulated Pre-Trial Protective

4    Order shall be made by overnight delivery via a commercial carrier to an address or

5    representative designated in writing by BayTSP, or as otherwise agreed with BayTSP. Any such

6    notices shall be deemed received by BayTSP on the following business day.

7

8    AGREED and STIPULATED                    *Attorneys for YouTube, Inc., YouTube, LLC*
                                              *and Google Inc.*
     June 30, 2009

9

10                                            By: /s/ A. John P. Mancini
                                              A. John P. Mancini (*pro hac vice*)
11                                            MAYER BROWN LLP
                                              1675 Broadway
                                              New York, NY 10019
12                                            Telephone:    (212) 506-2500
                                              Facsimile:    (212) 262-1910

13
                                              David H. Kramer
14                                            WILSON SONSINI GOODRICH & ROSATI
                                              650 Page Mill Road
15                                            Palo Alto, CA 94304-1050
                                              Telephone:    (650) 493-9300
16                                            Facsimile:    (650) 565-5100

17   AGREED and STIPULATED                    *Attorneys for BayTSP, Inc.*

18   June 30, 2009

19
                                              By: /s/ Philip M. Kelly
20
                                              Richard B. Kendall
21                                            Philip M. Kelly
                                              KENDALL BRILL & KLIEGER LLP
22                                            10100 Santa Monica Boulevard, Suite 1725
                                              Los Angeles, California 90067
23                                            Telephone: (310) 556-2700
                                              Facsimile: (310) 556-2705

24
     *Filer's Attestation: Pursuant to General Order No. 45, Section X(B), the filer hereby attests that the*
25   *signatories' concurrence in the filing of this document has been obtained.*

26

27

28

-14-

1

## [PROPOSED] ORDER

2    The foregoing Stipulation is hereby approved and IT IS ORDERED that the terms of the

3  foregoing Stipulation are hereby adopted and shall govern material produced by BayTSP in response to

4  YouTube's September 27, 2007 Subpoena unless otherwise ordered by the Court.

5    IT IS SO ORDERED.

6

7  Dated: _____

_____

8
Honorable Patricia V. Trumbull
United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-15-

**EXHIBIT A**

**PROTECTIVE AGREEMENT ACKNOWLEDGEMENT**

I hereby acknowledge that I am being given access to Confidential and/or Highly Confidential information that is the subject of a Protective Order governing materials produced in response to a Subpoena served on BayTSP, Inc. with regard to the case entitled Viacom International Inc., Comedy Partners, Country Music Television, Inc., Paramount Pictures Corporation, and Black Entertainment Television LLC v. YouTube, Inc., YouTube, LLC, and Google, Inc., Civil File No. 07-CV-2103 (LLS) (FM), pending before the United States District Court for the Southern District of New York.  I agree that I shall maintain that Confidential and/or Highly Confidential information in confidence and will use it for no other purpose than as provided in paragraph 14 of the Protective Order.  I understand that I can be subject to sanctions for violation of this agreement, and I hereby submit myself to the jurisdiction of the United States District Court for the Northern District of California, for the purpose of any proceeding arising out of a purported violation by me of the Protective Order.  I further agree that upon the conclusion of my having any need for further access to confidential information provided to me, or upon request by the person making them available to me or Order of the Court, I shall return to the person making them available to me all Confidential and Highly Confidential items provided and all copies thereof.

_____         _____

*Printed Name*                                             *Signature*

_____         _____

*Date*                                                     *Address*

-1-