1   A. JOHN P. MANCINI (*pro hac vice*)
    MAYER BROWN LLP
2   1675 Broadway
    New York, NY 10019
3   Telephone: (212) 506-2500
    Facsimile:  (212) 262-1910
4   Email:  jmancini@mayerbrown.com

5   DAVID H. KRAMER, State Bar No. 168452
    WILSON SONSINI GOODRICH & ROSATI
6   650 Page Mill Road
    Palo Alto, CA 94304-1050
7   Telephone: (650) 493-9300
    Facsimile:  (650) 565-5100
8   Email:  dkramer@wsgr.com

9   RICHARD B. KENDALL, State Bar No. 90072
    PHILIP M. KELLY, State Bar No. 212174
10  KENDALL BRILL & KLIEGER LLP
    10100 Santa Monica Boulevard, Suite 1725
11  Los Angeles, California 90067
    Tel.: (310) 556-2700
12  Fax: (310) 556-2705
    Email: rkendall@kbkfirm.com
13  Email: pkelly@kbkfirm.com

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| IN RE SUBPOENA TO BAYTSP, INC.<br><br>VIACOM INTERNATIONAL INC., *et al.*,<br>           Plaintiffs,<br>    v.<br>YOUTUBE, INC., *et al.*,<br>           Defendants.<br><br>THE FOOTBALL ASSOCIATION PREMIER LEAGUE LIMITED, *et al*.,<br>           Plaintiffs,<br>    v.<br>YOUTUBE, INC. *et al*.,<br>           Defendants. | **CASE NO.:  08-MC-80211 JF (PVTx)**<br><br>**JOINT BRIEF REGARDING COURT'S AUTHORITY TO ISSUE PROTECTIVE ORDER**<br><br>(S.D.N.Y. Case Nos. I :07-cv-021 03 (LLS) (FM); I :07-cv-3582 (LLS) (FM))<br>Judge:    Honorable Patricia V. Trumbull |

# **TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ................................................................................................ 1

PROCEDURAL HISTORY........................................................................................................ 2

ARGUMENT .............................................................................................................................. 3

    I.   RULE 26, WHEN READ IN CONJUNCTION WITH RULE 45 AND RULE 1, ALLOWS A COURT ISSUING A DOCUMENT SUBPOENA TO ENTER A PROTECTIVE ORDER RELATING TO THAT SUBPOENA................ 3

    II.  AS EVIDENCED BY ITS LEGISLATIVE HISTORY, RULE 26(C)(1) APPLIES TO DOCUMENT SUBPOENAS AS WELL AS TO DEPOSITION SUBPOENAS ..................................................................................... 5

CONCLUSION........................................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Amalgamated Transit Union Local 1309 v. Laidlaw Transit Services, Inc.*,
   435 F.3d 1140 (9th Cir. 2006) ..................................................................................................8

*In re Sealed Case*,
   141 F.3d 337 (D.C. Cir. 1998) ...................................................................................................3

*Kearney v. Jandernoa*,
   172 F.R.D. 381 (N.D. Ill. 1997) .................................................................................................6

*Lampshire v. Procter & Gamble Co.*,
   94 F.R.D. 58 (N.D. Ga. 1982) ...................................................................................................6

*Micro Motion, Inc. v. Kane Steel Co., Inc.*,
   894 F.2d 1318 (Fed. Cir. 1990) .................................................................................................5

*Micron Tech., Inc. v. Tessera, Inc.*,
   2006 WL 1646132 (N.D. Cal. Jun. 14, 2006) ............................................................................6

*Peterson v. Douglas County Bank & Trust Co.*,
   940 F.2d 1389 (10th Cir. 1991) .................................................................................................5

*Socialist Workers Party v. Att'y Gen. of the United States*,
   73 F.R.D. 699 (D. Md. 1977) ....................................................................................................5

*Teoco Corp. v. Razorsight Corp*,
   2008 WL 724863 (N.D. Cal. Mar. 17, 2008) ............................................................................3

*Turner v. Parsons*,
   596 F. Supp. 185 (E.D. Pa. 1984) ..............................................................................................6

*U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*,
   444 F.3d 462 (6th Cir. 2006) .....................................................................................................5

*U.S. v. Star Scientific, Inc.*,
   205 F. Supp. 2d 482 (D. Md. 2002) ..........................................................................................5

*Wells v. GC Servs. LP*,
   2007 WL 1068222 (N.D. Cal. Apr. 10, 2007) ..........................................................................3

**RULES**

Fed. R. Civ. P. 1 ................................................................................................................................5

**TABLE OF AUTHORITIES (cont'd)**

**Page(s)**
Fed. R. Civ. P. 26 ............................................................................................................... *passim*

Fed. R. Civ. P. 37 ............................................................................................................................3

Fed. R. Civ. P. 45 ................................................................................................................. *passim*

**Other Authorities**

9A Charles A. Wright et al, Federal Practice and Procedure § 2463.1 (3d ed. 2008) .....................3

David D. Siegel, Federal Subpoena Practice Under the New Rule 45 of the Federal Rules
    of Civil Procedure, 139 F.R.D. 197 (1992) ..............................................................................4

**PRELIMINARY STATEMENT**

In its July 2, 2009 *sua sponte* Order Regarding the Parties' Proposed Form of Protective Order, this Court requested additional briefing on whether it may enter a stipulated pretrial protective order in light of the action's pendency in the Southern District of New York and the language of Rule 26(c)(1):

> A party from whom discovery is sought may move for a protective order in the court where the action is pending – or as an alternative on matters relating to deposition, in the court for the district where the deposition will be taken.

Fed. R. Civ. P. 26(c)(1).

The recipient of the subpoena at issue, BayTSP, Inc. ("BayTSP"), as well as the documents that are the object of that subpoena, are located in this district. Accordingly, it is this Court, rather than the Southern District of New York, that issued the subpoena and that subsequently granted a motion to compel production of the documents. As noted below and as numerous cases have held, it is the court from which the subpoena has issued that has the power to regulate it by quashing, modifying, conditioning, or enforcing the subpoena, by entertaining a motion to compel, or by entering a protective order. *See infra* at Section I.

Moreover, the legislative histories of Rules 26 and 45 further evidence this Court's authority to enter the proposed Protective Order. The fact that Rule 26(c)(1) refers only to depositions and not to documents is merely the result of historical accident. Prior to its amendment in 1991, Rule 45 allowed for the production of documents from nonparties only in connection with a deposition subpoena. Until 1991, all discovery subpoenas were deposition subpoenas, and Rule 26(c)(1) thus allowed any protective order relating to a discovery subpoena to be entered by the issuing court. The 1991 change to Rule 45 allowed for the first time document subpoenas having no connection to depositions. Despite the apparent oversight in that Rule 26(c)(1) was not amended to conform to this change, the Advisory Committee expressly stated that the amended Rule 45 was "not intended to diminish rights conferred by Rule[] 26." Given that intent, and given that several courts have recognized that Rule 26 applies with equal force to document subpoenas, the protective order governing BayTSP's document production should be entered in this Court. *See infra* at Section II. Accordingly, this Court should enter the

-1-

[Proposed] Stipulated Pretrial Protective Order, as modified by the Court's July 2, 2009 *sua sponte* Order and attached hereto as Exhibit A.

## **PROCEDURAL HISTORY**

On September 27, 2007, YouTube served a subpoena *duces tecum* on nonparty BayTSP (the "BayTSP Subpoena"). After BayTSP served objections, YouTube filed a motion to compel production on October 20, 2008. A hearing was held December 9, 2008 before the Honorable Patricia V. Trumbull, United States Magistrate Judge. On January 14, 2009, Judge Trumbull entered an order granting the motion to compel, ordering the parties to meet and confer regarding "a stipulated protective order to address BayTSP's [confidentiality] concerns about its source code and non-Viacom related entities," and allowing the parties to agree that such a protective order could "govern from this district." Order Granting YouTube's Motion to Compel (the "Document Production Order") at 11, Docket #19, January 14, 2009.

On January 29, 2009, BayTSP filed its Objection to the Document Production Order. *See* Docket #20, January 29, 2009. On April 24, 2009, the Court, the Honorable Jeremy Fogel presiding, entered an order overruling BayTSP's objection to the Document Production Order. *See* Order Overruling Objection to Magistrate Judge's Order Dated January 14, 2009, Docket #27, April 24, 2009 (the "April 24 Order"). The April 24 Order noted that a "protective order should be adequate to address any confidentiality concerns BayTSP may have." *Id.* At 2-3. Accordingly, on June 30, 2009, the parties filed a proposed protective order to safeguard the confidentiality of documents produced pursuant to the BayTSP Subpoena. *See* [Proposed] Stipulated Pre-Trial Protective Order, Docket #30, June 30, 2009.

On July 2, 2009, the Court issued its *sua sponte* order calling on the parties to:

> brief whether this court may enter a stipulated pretrial protective order in the above-captioned action in light of its pendency in another district and the language set forth in Rule 26(c)(1)("A party from whom discovery is sought may move for a protective order in the court where the action is pending – or as an alternative on matters relating to deposition, in the court for the district where the deposition will be taken."). In the order granting defendant YouTube's motion to compel dated January 14, 2009, the court had stated that the parties may agree that a stipulated protective order relating to BayTSP's other clients shall govern from this district. ("January 14, 2009 Order"). Upon further consideration,

however, the court finds that additional briefing is needed.

Order Re Parties' Proposed Form of Protective Order at p.1, Docket #31, July 2, 2009.

## ARGUMENT

### I. RULE 26, WHEN READ IN CONJUNCTION WITH RULE 45 AND RULE 1, ALLOWS A COURT ISSUING A DOCUMENT SUBPOENA TO ENTER A PROTECTIVE ORDER RELATING TO THAT SUBPOENA

Rule 45, pursuant to which the BayTSP Subpoena was issued from this Court, supports the authority of this Court to enter the BayTSP Protective Order.[1] Rule 45 makes clear that it is "the court in whose name the subpoena is issued," rather than the court where the action is pending, that may quash, modify, or condition the subpoena and "is responsible for its enforcement." Fed. R. Civ. P. 45, Advisory Committee Notes, 1991 Amendment; *see also In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) ("only the issuing court has the power to act on its subpoenas"); *Teoco Corp. v. Razorsight Corp*, 2008 WL 724863 (N.D. Cal. Mar. 17, 2008) ("disputes over discovery from a non-party are decided by the court which issued the subpoena"); *Wells v. GC Servs. LP*, 2007 WL 1068222 (N.D. Cal. Apr. 10, 2007) ("authority over subpoenas [is allocated] to the court for the district from which they are issued").[2]

---

[1] This Court's authority to enter the BayTSP Protective Order is also consistent with Rule 37(a)(2), which provides that motions for orders pertaining to nonparty discovery "must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2).

[2] Similarly, many courts have held that the court from which a subpoena issued may not transfer a motion to quash or for a protective order to the court where the underlying action is pending. *See, e.g., In re Sealed Case*, 141 F.3d at 341; *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 79 F.3d 46, 48 (7th Cir. 1996) (nonparty's motion for a protective order relating to subpoena may not be transferred from issuing court to trial court); *Prosonic Corp. v. Baker*, 2008 WL 1766887, at *1-2 (S.D. Ohio Apr. 7, 2008) ("It is clear that this Court cannot shirk its responsibility to decide issues arising from the service of a subpoena . . . simply by transferring the proceedings to the court in which the underlying litigation is pending"); *WM High Yield v. O'Hanlon*, 460 F. Supp. 2d 891, 893 (N.D. Ill. 2006) (court issuing subpoena must decide motion relating thereto and cannot transfer matter to trial court); 9A Charles A. Wright et al, Federal Practice and Procedure § 2463.1 (3d ed. 2008) ("Under Rule 45 as it currently reads, motions to quash, modify, or condition the subpoena are made in the district court in the district from which the subpoena issued. This is quite logical since it is the issuing court that has the needed jurisdiction to enforce the subpoena, and therefore is the logical forum for altering its terms or rendering it nugatory."). Other Courts have allowed such transfers, but only with the consent of the nonparty subpoena recipient whose interests Rule 45 was designed to protect. *See, e.g.*, *Star Scientific*, 205 F. Supp. 2d at 487 (allowing transfer of discovery dispute over subpoena where trial court and issuing court are in close proximity and transfer is sought by nonparty subpoena recipient); *Pactel Personal Commc'ns v. JMB Realty Corp.*, 133 F.R.D. 137, 139 (E.D. Mo. 1990) (holding Rules 45 and 26(c) allow court that issued subpoena to transfer dispute relating thereto to court where underlying litigation is pending only with recipient's consent); *see also Byrnes v. Jetnet Corp.*, 111 F.R.D. 68, 70 n.2 (M.D.N.C. 1986) ("Although some courts have entertained the idea of transferring a discovery dispute involving a non-party to the court where the action is pending, … the emerging consensus is that the matter may not be transferred over objection from a non-party").

Given that Rule 45(c)(3) was expressly intended to be co-extensive with Rule 26(c), the issuing court has the power to enter protective orders relating to its subpoenas, just as it has the power to enforce, quash, modify, or condition its subpoenas. *See* Fed. R. Civ. P. 45, advisory committee notes, 1991 Amendment Subdivision (c) ("Paragraph (c)(3) explicitly authorizes the quashing [or modification or conditioning] of a subpoena as a means of protecting a witness from misuse of the subpoena power. It … tracks the provisions of Rule 26(c). While largely repetitious, this rule is addressed to the witness who may read it on the subpoena, where it is required to be printed by the revised paragraph (a)(1) of this rule.").[3] Indeed, many courts have recognized the need to read the two rules together in determining their authority to protect nonparty subpoena recipients, whether by motion to quash or motion for protective order. *See*, *e.g.*, *Peterson v. Douglas County Bank & Trust Co.*, 940 F.2d 1389, 1391 (10th Cir. 1991) (reading Rule 45 in conjunction with Rule 26(c) as granting both the issuing court and the court where the underlying action is pending authority over discovery subpoenas); *Socialist Workers Party v. Att'y Gen. of the United States*, 73 F.R.D. 699, 701 (D. Md. 1977) (same). *See also U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 469 n.4 (6th Cir. 2006) (interpreting provision of multidistrict litigation statute, 28 U.S.C. § 1407(b), consistent with Rules 26(c) and 45, such that reference to "pretrial *depositions*" would apply equally "to both deposition subpoenas and documents-only subpoenas") (emphasis added).

Accordingly, a nonparty subpoena recipient may seek from the issuing court a protective order under Rule 26(c) as an alternative to a motion to modify or quash the subpoena under Rule 45(c)(3), and the same result may be accomplished through either procedural route. *See*, *e.g.*, *Micro Motion*, *Inc.* v. *Kane Steel Co.*, *Inc.*, 894 F.2d 1318, 1322-23 (Fed. Cir. 1990) (nonparty served with document subpoena may seek relief by moving either to quash under Rule 45(c) or for protective order under Rule 26(c)); *U.S. v. Star Scientific*, *Inc.*, 205 F. Supp. 2d 482, 484 n.2 (D. Md. 2002) (same). Since there is no doubt this Court has the power to modify the BayTSP

---

[3] *See also* David D. Siegel, Federal Subpoena Practice Under the New Rule 45 of the Federal Rules of Civil Procedure, 139 F.R.D. 197, 233 (1992) ("The citation to Rule 26(c) in the revisors' notes will make it easy to import for application on a motion to quash or modify under Rule 45 just about everything that would support a vacating, quashing, modifying, conditioning, *or other protection* under [Rules 26-37].") (emphasis added).

Subpoena or to specify the conditions under which the documents are to be produced pursuant to Rule 45(c)(3), it follows that this Court can also establish those conditions by means of a protective order under Rule 26(c), as the parties seek herein. Indeed, as the Sixth Circuit has emphasized, "the Federal Rules are designed to ensure that district courts remain firmly in control of those depositions and document productions involving nonparties located in their districts." *Pogue*, 444 F.3d at 468.

Moreover, pursuant to Rule 1, this Court should enter the BayTSP Protective Order to avoid the unnecessary expense and risk of inconsistent rulings that would result if the parties were required to have the Order entered in the Southern District of New York. Rule 1 provides that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Because this Court has already issued its January 14, 2009 Document Production Order, any future questions as to the scope of, or compliance with, that Order must be litigated in this Court. Entry of the BayTSP Protective Order in this Court will allow for "the just, speedy, and inexpensive" resolution of any potential disputes that may arise with respect to BayTSP's production. Otherwise, discovery disputes relating to the BayTSP production would have to be litigated in two different forums, with the Document Production Order being interpreted and enforced by this Court and the Protective Order being interpreted and enforced by the trial court. Accordingly, the BayTSP Protective Order should be entered in this Court.

## II. AS EVIDENCED BY ITS LEGISLATIVE HISTORY, RULE 26(C)(1) APPLIES TO DOCUMENT SUBPOENAS AS WELL AS TO DEPOSITION SUBPOENAS

Although Rule 26(c)(1) refers on its face to protective orders being sought from "the court for the district where the deposition will be taken," several courts have recognized that the rule applies to document subpoenas as well. *See*, *e.g.*, *Micron Tech., Inc. v. Tessera, Inc.*, 2006 WL 1646132, at *3 (N.D. Cal. Jun. 14, 2006) (granting motion to compel discovery pursuant to a document subpoena and noting that "[i]f there is not an existing [protective] order entered in the Texas court which will serve, this court can provide one."); *In re Bextra and Celebrex Mktg. Sales Practices and Prod. Liab. Litig.*, 249 F.R.D. 8 (D. Mass. 2008) (granting motion for

protective order relating to document subpoena served on nonparties in Massachusetts where underlying litigation was pending in Northern District of California); *Kearney v. Jandernoa*, 172 F.R.D. 381, 383 n.4 (N.D. Ill. 1997) (holding that motion for protective order and to quash document subpoena must be decided by the court that issued the subpoena); *see also Star Scientific*, 205 F. Supp. 2d at 485 ("Rule 26(c), governing protective orders, expressly permits flexibility in cases in which discovery disputes involve multiple courts."). These holdings are firmly supported by the legislative histories of Rule 26 and Rule 45, as explained below.

In 1970, Rule 26(c)(1) was amended to allow protective orders to be filed in the court issuing a subpoena. *See Lampshire v. Procter & Gamble Co.*, 94 F.R.D. 58, 59 (N.D. Ga. 1982). But at that time, Rule 45 did not allow federal courts to subpoena documents from nonparties, except in connection with a deposition. *See* Fed. R. Civ. P. 45 (1990); *Turner v. Parsons*, 596 F. Supp. 185, 186 (E.D. Pa. 1984) ("Certainly, this rule permits a non-party to be subpoenaed for a deposition. Additionally, this non-party can be required to bring certain documents to a deposition. Nowhere in the rule is it stated that documents can be subpoenaed alone, that is, without requesting their production in conjunction with a deposition or trial"). Therefore, at the time of Rule 26(c)(1)'s amendment in 1970, *all* discovery subpoenas were deposition subpoenas, whether or not they also commanded the production of documents. The use of the word "deposition" in the amended rule merely reflected the state of the law and did not limit the application of Rule 26 in any way.

In 1991, Rule 45 was amended to allow the issuance of documents-only subpoenas. *See* Fed. R. Civ. P. 45, advisory committee notes, 1991 Amendment Subdivision (a) ("Fourth, Paragraph (a)(1) authorizes the issuance of a subpoena to compel a nonparty to produce evidence independent of any deposition. This revision spares the necessity of a deposition of the custodian of evidentiary material required to be produced."); Federal Subpoena Practice, *supra* n.2, 139 F.R.D. at 205-206 ("Under the new Rule 45, a subpoena *duces tecum* seeking the production of documents (or other materials) from a nonparty may be used independently of the regular testimonial subpoena; the two are no longer wedded, as they were under the prior version of Rule 45."). No corresponding change was made to the "deposition" language in Rule

26(c)(1). There is nothing to suggest that this apparent oversight was intended to limit the authority of courts to enter protective orders. *See* Fed. R. Civ. P. 45, advisory committee notes, 1991 Amendment (noting that the 1991 amendment was "not intended to diminish rights conferred by Rules 26-37 or any other authority"). Rather, the purposes of the 1991 amendments to Rule 45 were "to clarify and enlarge the protections afforded" to nonparties "who are required to assist the court by giving information or evidence," as well as to facilitate "productions of evidence at places distant from the district in which an action is proceeding." *Id.* It would be contrary to both of these stated aims if the amendment were interpreted to require a subpoenaed nonparty to travel thousands of miles to the court in which the action is pending in order to obtain a protective order, as would be the case here. *Cf. Star Scientific*, 205 F. Supp. 2d at 485 ("it is of course the nonparty whose convenience Rule 45 is most concerned about protecting.") (internal quotation marks omitted).[4]

In short, the legislative history of Rules 26 and 45 clearly indicate that Rule 26 applies with equal force to document subpoenas. Given this clear interpretive guidance, this Court should enter the proposed Protective Order, which provides that this Court will have authority to enforce its provisions, rather than the Court overseeing the underlying actions.[5] *See Amalgamated Transit Union Local 1309 v. Laidlaw Transit Services, Inc.*, 435 F.3d 1140, 1146 (9th Cir. 2006) (noting that courts may look to legislative history for interpretive guidance to resolve ambiguities in a statute, and "even where the plain language appears to settle the question, [courts] may nonetheless look to the legislative history to determine whether there is clearly expressed legislative intention contrary to that language").

---

[4] In any event, the stipulated protective order at issue here does not apply solely to the documents-only subpoena served on BayTSP in September 2007. By its own terms, the protective order will apply to all "documents and information that BayTSP produces in response to this *or any other* Subpoena issued by any SDNY Party," and therefore applies to deposition subpoenas as well. [Proposed] Stipulated Pre-Trial Protective Order, Docket #30 at 1 (emphasis added). Since the scope of the protective order includes deposition subpoenas as well as those seeking only documents, the plain language of Rule 26(c) permits the order to be entered in this court.

[5] Of course, it is worth noting that this enforcement provision was negotiated and consented to by all parties to the proposed Protective Order.

## **CONCLUSION**

For the reasons stated above, the parties respectfully request that this Court enter the [Proposed] Stipulated Pretrial Protective Order, attached hereto as Exhibit A, as modified by the Court's July 2, 2009 Order, attached hereto as Exhibit B.

July 24, 2009 *Attorneys for YouTube, Inc., YouTube, LLC and Google Inc.*

By: /s/ A. John P. Mancini
A. John P. Mancini (*pro hac vice*)
MAYER BROWN LLP
1675 Broadway
New York, NY 10019
Telephone: (212) 506-2500
Facsimile: (212) 262-1910

David H. Kramer
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

July 24, 2009 *Attorneys for BayTSP, Inc.*

By: /s/ Philip M. Kelly

Richard B. Kendall
Philip M. Kelly
KENDALL BRILL & KLIEGER LLP
10100 Santa Monica Boulevard, Suite 1725
Los Angeles, California 90067
Telephone: (310) 556-2700
Facsimile: (310) 556-2705

*Filer's Attestation: Pursuant to General Order No. 45, Section X(B), the filer hereby attests that the signatories' concurrence in the filing of this document has been obtained.*