A. JOHN P. MANCINI (*pro hac vice*)
MAYER BROWN LLP
1675 Broadway
New York, NY 10019
Telephone:   (212) 506-2500
Facsimile:   (212) 262-1910
Email: jmancini@mayerbrown.com

DAVID H. KRAMER, State Bar No. 168452
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:   (650) 493-9300
Facsimile:   (650) 565-5100
Email: dkramer@wsgr.com

RICHARD B. KENDALL, State Bar No. 90072
PHILIP M. KELLY, State Bar No. 212174
KENDALL BRILL & KLIEGER LLP
10100 Santa Monica Boulevard, Suite 1725
Los Angeles, California 90067
Tel.: (310) 556-2700
Fax: (310) 556-2705
Email: rkendall@kbkfirm.com
Email: pkelly@kbkfirm.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE SUBPOENA TO BayTSP, INC.<br><br>VIACOM INTERNATIONAL INC., *et al.*,<br>             Plaintiffs,<br>        v.<br>YOUTUBE, INC., *et al.*,<br>             Defendants.<br><br>THE FOOTBALL ASSOCIATION PREMIER LEAGUE LIMITED, *et al.*,<br>             Plaintiffs,<br>        v.<br>YOUTUBE, INC. *et al.*,<br>             Defendants. | **CASE NO.: 08-MC-80211 JF (PVTx)**<br><br>xxxxxxxxxxxx **STIPULATED PRE-TRIAL PROTECTIVE ORDER**<br><br>(S.D.N.Y. CASE NOS. I :07-cv-021 03 (LLS) (FM); I :07-cv-3582 (LLS) (FM))<br>Judge: Honorable Jeremy Fogel |

17579021

1    WHEREAS on September 27, 2007, YouTube, Inc., YouTube, LLC and Google Inc.,
2 (collectively, "YouTube" or "Defendants") issued a non-party subpoena ("Subpoena") from this
3 Court to BayTSP, Inc. ("BayTSP") in connection with civil actions filed by Viacom
4 International, Inc. *et al*. and The Football Association Premier League, *et al*. against YouTube,
5 Inc. *et al*. in the United States District Court for the Southern District of New York, Case Nos.
6 1:07-cv-021 03 (LLS) (FM) 1:07-cv-3582 (LLS) (FM), respectively (collectively, "SDNY
7 Actions"). YouTube, and the parties to those actions that execute the Protective Order
8 Agreement Acknowledgement are referred to herein as the SDNY Parties.

9    WHEREAS BayTSP believes that certain information, documents, and testimony are
10 likely to be disclosed and produced through discovery that may constitute or incorporate
11 confidential information, trade secrets and other confidential research, development, or
12 commercial information within the meaning of Rules 26(c)(1)(G) and 45(c)(3)(B)(i) of the
13 Federal Rules of Civil Procedure;

14    WHEREAS YouTube and BayTSP ("the PO Parties") believe that entry of a protective
15 order will facilitate the production of confidential, trade secrets and other confidential research,
16 development, or commercial information; and

17    WHEREAS the Court finds that good cause exists for the entry of this protective order in
18 order to protect the confidential information, trade secrets and other confidential research,
19 development, or commercial information.

20    IT IS HEREBY AGREED AND ORDERED, pursuant to Rules 26(c), 37(a), and 45(c) of
21 the Federal Rules of Civil Procedure, that the documents and information that BayTSP produces
22 in response to this or any other Subpoena issued by any SDNY Party, shall be handled under the
23 following terms:

24    1.    Any documents, things or information produced or otherwise furnished by
25 BayTSP that is not public and that BayTSP would normally not reveal to third parties, or if
26 disclosed, would require such third parties to maintain in confidence ("Protected Material"), may
27 be designated CONFIDENTIAL by BayTSP. BayTSP shall effectuate the designation of
28 CONFIDENTIAL documents or information by stamping or marking on the documents or other

material the term BAYTSP CONFIDENTIAL or if the material cannot be so marked, by stamping or marking the term BAYTSP CONFIDENTIAL on the CD-ROM or DVD-ROM containing the documents or other material. Those documents or information shall be maintained by the person/parties authorized under this Protective Order to receive said documents or information ("Receiving Parties") in confidence and used only for the purposes of the SDNY Actions. To the extent that any such items are filed with a Court, they shall be placed in an envelope marked BAYTSP CONFIDENTIAL MATERIALS SUBJECT TO PROTECTIVE ORDER and sealed. Such sealed envelopes shall be opened only by the Clerk of Court or by the Court, or their agents absent an order of Court.

    2.    Documents or other materials designated as BAYTSP CONFIDENTIAL by BayTSP shall be restricted to the following persons:

    (a) United States District Courts for the Northern District of California and the Southern District of New York ("Courts") and their employees;

    (b) Outside counsel retained by a SDNY Party for representation in the SDNY Actions, including associated personnel necessary to assist outside counsel in the SDNY Actions, such as paralegals, litigation assistants, clerical staff, technical staff, and vendors who are actively engaged in assisting such counsel with respect to the SDNY Actions;

    (c) Any certified shorthand or court reporters retained to report a deponent's testimony taken in the SDNY Actions;

    (d) Experts approved under this Protective Order, having been retained by a SDNY Party to assist counsel with respect to the SDNY Actions, and having signed the Protective Order Agreement Acknowledgment attached hereto as Exhibit A, as well as clerical, administrative or support staff of such experts;

    (e) Persons shown on the face of the document to have authored or received it;

    (f) Any person to whom BayTSP agrees, in advance and in writing and who have signed the Protective Order Agreement Acknowledgment that is attached as Exhibit A., may receive such protected information; and

  (g) Employees of any party, as reasonably necessary for purposes of the SDNY Actions, for use only in connection with the SDNY Actions, who have signed the Protective Order Agreement Acknowledgment that is attached as Exhibit A.

  3. Any documents, things or information produced or otherwise furnished by BayTSP that BayTSP reasonably believes in good faith to contain source code; nonpublic patent applications or related things and documents; technical research and development information; revenue share or confidential pricing information; confidential commercial, material or other non-public terms in business agreements with third parties; competitive business strategies and forward-looking business plans, including identification of targets for potential investments, marketing plans, forecasts, budgets, and financial performance parameters; market share and revenue projections; valuation of investments or potential investments (including licensing agreements, equity investments and acquisitions); due diligence materials related to investments or potential investments (including licensing agreements, equity investments and acquisitions); nonpublic concepts and plans for new entertainment programming; personally identifying information concerning users (which shall not be construed to include any information a user posts or uploads for public viewing on any website); advertising rates (e.g., cost per mille, click, or action); proprietary information regarding web site traffic; or commercially sensitive database schemas may be designated BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by BayTSP. Such designation shall be made by marking the documents or material (or part(s) thereof) in a conspicuous manner or if the material cannot be so marked, by stamping or marking the term BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY on the CD-ROM or DVD-ROM containing the documents or other material. The marking shall state BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or some similar marking. Access to materials designated by BayTSP as BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and to any portion of any transcript, brief, affidavit, memorandum or other paper that contains, reveals or refers to materials so designated is limited to those persons set forth in paragraphs 2(a) – 2(f) above, excluding however any expert designated pursuant to paragraph 2(d) who is also a SDNY Party employee. To the extent that any such

items are filed with the Clerk of Court or with the Court, they shall be placed in an envelope marked BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and sealed. Such sealed envelopes shall be opened only by the Clerk of Court or by the Court, or their agents.

4. Any documents, things or information produced or otherwise furnished by BayTSP in response to the Subpoena that are designated "BAYTSP CONFIDENTIAL" or "BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" and contain BayTSP's Source Code may be designated "BAYTSP RESTRICTED CONFIDENTIAL-SOURCE CODE."

    (a) Information designated BAYTSP RESTRICTED CONFIDENTIAL-SOURCE CODE, specifically identified for expert review, will be produced to designated outside counsel for a SDNY Party ("Source Code Custodian") on a portable hard disk drive ("HDD"). Any supplemental production of BAYTSP RESTRICTED CONFIDENTIAL-SOURCE CODE shall be made consistent with the means for production provided herein, or by a means agreed to by the SDNY Parties, at the option of BayTSP. No SDNY Party can request that more than three (3) duplicate HDDs be produced to the Source Code Custodian;

    (b) At BayTSP's option, any BAYTSP RESTRICTED CONFIDENTIAL-SOURCE CODE, HDD, or both may be encrypted prior to production. Information necessary to gain access to encrypted BAYTSP RESTRICTED CONFIDENTIAL-SOURCE CODE or an encrypted HDD shall be provided by counsel for BayTSP to the Source Code Custodian by reasonable means meeting the security interests of BayTSP;

    (c) Access to information designated BAYTSP RESTRICTED CONFIDENTIAL-SOURCE CODE shall be limited to Source Code Custodians and the experts retained or used by counsel for any party to assist counsel with respect to this litigation as described in paragraph 2(d), except that an expert who is an employee of a SDNY party shall not have access to documents or information designated as BAYTSP RESTRICTED CONFIDENTIAL-SOURCE CODE;

(d) The Source Code shall be viewed only on non-networked computers in secure, locked areas within the confines of a United States office of the individuals identified in Paragraph 4(c);

(e) Electronic copies of BAYTSP RESTRICTED CONFIDENTIAL-SOURCE CODE shall only be made within the confines of the HDD; however a Source Code Custodian may include excerpts of Source Code of length no more than necessary for purposes of the litigation in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("Restricted Confidential Documents");

(f) To the extent excerpts of Source Code are quoted in a Restricted Confidential Document, Source Code Custodians and the persons described in paragraphs 2(a)-(d), shall be permitted to store and access Restricted Confidential Documents on a computer and on a computer network that limits access to only necessary viewers; Source Code Custodians and the persons described in paragraph 2(a)-(d), may also send Restricted Confidential Documents to authorized persons via electronic mail;

(g) To the extent portions of Source Code are quoted in a Restricted Confidential Document, those pages or exhibits containing quoted Source Code will be separately bound, stamped and treated as BAYTSP RESTRICTED CONFIDENTIAL-SOURCE CODE. When any Restricted Confidential Document is filed with a Court, the separately bound portion stamped and treated as BAYTSP RESTRICTED CONFIDENTIAL-SOURCE CODE shall be filed under seal. When hard copies of any Restricted Confidential Document are retained in the offices of the Source Code Custodian, the Source Code Custodian shall keep the separately bound portions stamped and treated as BAYTSP RESTRICTED CONFIDENTIAL-SOURCE CODE in a secure, locked area of the office of the Source Code Custodian or destroy them in a manner that ensures they cannot be salvaged, such as cross-shred shredding or incineration;

(h) Each Restricted Confidential Document or draft thereof containing Source Code stored on a computer or computer network shall be individually password-protected so as to limit access to authorized persons;

(i) Any and all printouts or photocopies of the BAYTSP RESTRICTED CONFIDENTIAL-SOURCE CODE or documents that otherwise contain BAYTSP RESTRICTED CONFIDENTIAL-SOURCE CODE shall be marked BAYTSP RESTRICTED CONFIDENTIAL-SOURCE CODE by the printing party. Should such printouts or photocopies be transferred back to electronic media, such media shall continue to be labeled BAYTSP RESTRICTED CONFIDENTIAL-SOURCE CODE and shall continue to be treated as such;

(j) The Source Code Custodian shall maintain a log of all BAYTSP RESTRICTED CONFIDENTIAL-SOURCE CODE or other files containing BAYTSP RESTRICTED CONFIDENTIAL-SOURCE CODE that are printed or photocopied;

(k) If the Source Code Custodian or a party's expert, described in paragraph 2.d., makes printouts or photocopies of portions of BAYTSP RESTRICTED CONFIDENTIAL-SOURCE CODE, the Source Code Custodian shall keep the printouts or photocopies in a secured locked area of the office of the Source Code Custodian or destroy them in a manner that ensures they cannot be salvaged, such as cross-shred shredding or incineration.

(l) The Source Code Custodian may temporarily keep or view the HDD or other materials containing BAYTSP RESTRICTED CONFIDENTIAL-SOURCE CODE at: (i) the sites where any depositions relating to the BAYTSP RESTRICTED CONFIDENTIAL-SOURCE CODE are taken for the dates associated with the taking of the deposition; (ii) the Court; or (iii) any intermediate location reasonably necessary to transport the information (e.g., a hotel prior to a deposition), provided that the Source Code Custodian takes all necessary precautions to protect the confidentiality of the HDD or other materials

containing BAYTSP RESTRICTED CONFIDENTIAL-SOURCE CODE while the materials are in such intermediate locations.

5. Any copies, photographs, depictions, excerpts, notes concerning, or other information generated from an inspection of the matters designated BAYTSP CONFIDENTIAL or BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be treated in the same manner as material marked BAYTSP CONFIDENTIAL or BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

6. In the case of a deposition:

(a) Counsel for BayTSP may designate during a deposition that certain information disclosed during a deposition is to be treated as BAYTSP CONFIDENTIAL or BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by so indicating on the record of the deposition and any such parts so designated shall be part of a separate transcript of such material and marked with the appropriate designation.

(b) If BayTSP does not attend a deposition and BAYTSP CONFIDENTIAL or BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information or materials are used, discussed, or attached as an exhibit (in accordance with the provisions of this Protective Order) during that deposition, then the deposition transcript shall be temporarily designated as BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. The SDNY Party taking the deposition shall thereafter provide BayTSP with a copy of the deposition transcript and within thirty (30) days after receipt of the transcript, BayTSP's counsel shall review the transcript and designate those pages of the transcript that they believe constitute, reflect, or disclose BAYTSP CONFIDENTIAL or BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information. The Receiving Parties may object to BAYTSP CONFIDENTIAL or BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designations pursuant to paragraph 11. Designations to which the

|   |   |
|---|---|
| 1 | Receiving Parties so object shall remain in full force and effect until such |
| 2 | objections are resolved. |
| 3 | (c) All persons not authorized to review BAYTSP CONFIDENTIAL or BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be required to leave for portions of the deposition that contain or refer to BAYTSP CONFIDENTIAL or BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. |

7. An expert retained or used by counsel for a SDNY party to assist counsel with respect to the SDNY Actions ("expert") may be shown BAYTSP CONFIDENTIAL or BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY things and information after compliance with this provision, except that an expert who is an employee of a SDNY party shall not have access to documents or information designated by BayTSP as BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. Any person working to support an expert shall be subject to this disclosure procedure if that person has himself served as a consultant or expert directly (rather than in a supporting capacity) on consulting or litigation matters that must be included on a CV under subparagraph a.

(a) Before an expert reviews BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information, the retaining SDNY Party must disclose the identity of the expert to BayTSP, along with a copy of the expert's curriculum vitae, including a list of non-litigation consulting retentions and list of matters in which the expert has been retained as an expert for litigation (including testifying by deposition or at trial) within the preceding 5 years. Within 14 calendar days of such disclosure, BayTSP, or BayTSP on behalf of its nonparty client, may object to the expert if BayTSP, or BayTSP's non-party client, believes that additional protections beyond those set forth in this Protective Order are necessary to protect BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY with respect to that expert. If no objection is made within 10 calendar days of the disclosure of the expert's identity, any such objection is

-8-

waived. The identities of the experts disclosed under this provision shall be treated as CONFIDENTIAL information under this protective order;

(b) If a timely objection is made under subparagraph (a), BayTSP (and if necessary BayTSP's nonparty client) and the retaining SDNY Party shall meet and confer to attempt to resolve the objection during the following 10 calendar days;

(c) If no agreement is reached within the 14-day meet-and-confer period under subparagraph (b), the retaining SDNY Party must file a motion within five (5) calendar days concerning the expert's access to BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. documents. If no motion is made within 5 calendar days after the expiration of the 14-day meet-and-confer period provided by subparagraph (b), then any objection is waived;

(d) If a motion is timely filed within the 5 day period provided by subparagraph (c), BayTSP shall have 5 calendar days to respond. No discovery of any kind shall be permitted in connection with such motion. The retaining SDNY Party shall have the burden of persuasion to establish that information designated BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY does not merit such protection. Relief that prohibits a retained expert's access to BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information may be imposed if this Court is unable to impose other protections that reasonably safeguard BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY while also preserving the ability of the expert to access such information in order to assist counsel of the party retaining the expert.

8. It shall be the duty of the Receiving Parties to ensure that all documents produced to them by BayTSP and marked BAYTSP CONFIDENTIAL or BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY are filed under seal pursuant to the applicable Rule of the United States District Court for the Southern District of New York. In addition, any information designated as BAYTSP CONFIDENTIAL or BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY may be introduced in a pretrial court proceeding and/or in open

1    court only if the party seeking to introduce the material first seeks the advance written
2    permission of BayTSP. If BayTSP declines to grant such permission, or fails to respond within
3    five calendar days, the SDNY party seeking to introduce the material may seek an order from the
4    Court permitting the introduction of such information. In the motion, the SDNY party seeking to
5    introduce the material must inform the Court of BayTSP's lack of consent. The party seeking to
6    introduce the material must also serve a copy of the motion on BayTSP on the same day the
7    motion is filed with the Court. If the Court declines to grant the motion, the material may not be
8    introduced at the pretrial court proceeding or in open court.

9    9.  Except for those individuals listed in paragraphs 2(a), 2(b), 2(c) and 2(e), all
10   persons to whom any information subject to this Protective Order may be disclosed shall, prior to
11   any disclosure to them, be provided a copy of this Protective Order and execute a Protective
12   Order Agreement Acknowledgment form attached as Exhibit A to this Protective Order.

13   10.  Any person provided BAYTSP CONFIDENTIAL or BAYTSP HIGHLY
14   CONFIDENTIAL – ATTORNEYS' EYES ONLY information or documents pursuant to the
15   terms of this protective order will maintain that information and documents in confidence and
16   use it only for the purposes of the SDNY Actions.

17   11.  No party shall be obligated to challenge the propriety of a designation of
18   BAYTSP CONFIDENTIAL or BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
19   ONLY when initially received, and a failure to do so shall not preclude a subsequent challenge
20   thereto. If, at any time, a SDNY Party objects to a designation of BAYTSP CONFIDENTIAL or
21   BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY under this Protective
22   Order, the objecting party shall notify BayTSP in writing. Within 10 calendar days of the receipt
23   of such notification, counsel for BayTSP (and if appropriate BayTSP' nonparty clients' counsel)
24   and the objecting party shall meet-and-confer in an effort to resolve any disagreement regarding
25   the designated BayTSP materials. If, for whatever reason, the objecting party and BayTSP do
26   not resolve their disagreement within the meet and confer period specified in this paragraph, the
27   objecting party may apply within 10 days from the conclusion of the meet and confer period for
28   a ruling on BayTSP's designation of the BAYTSP CONFIDENTIAL or BAYTSP HIGHLY

1  CONFIDENTIAL – ATTORNEYS' EYES ONLY.  The objecting party shall have the burden of
2  showing that the BAYTSP CONFIDENTIAL or BAYTSP HIGHLY CONFIDENTIAL –
3  ATTORNEYS' EYES ONLY should be de-designated.  The documents or materials subject to
4  that application will remain BAYTSP CONFIDENTIAL or BAYTSP HIGHLY
5  CONFIDENTIAL – ATTORNEYS' EYES ONLY until the Court rules.  If the objecting party
6  and BayTSP do not resolve their disagreement and the objecting party does not apply to the
7  Court for a ruling on the BAYTSP CONFIDENTIAL or BAYTSP HIGHLY CONFIDENTIAL –
8  ATTORNEYS' EYES ONLY designation, the material in question will continue to be deemed
9  BAYTSP CONFIDENTIAL or BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
10 ONLY.

11      12.   The inadvertent or unintentional production or failure to designate any
12 information as BAYTSP CONFIDENTIAL or BAYTSP HIGHLY CONFIDENTIAL –
13 ATTORNEYS' EYES ONLY shall not be deemed a waiver of BayTSP's claim of confidentiality
14 as to such information and BayTSP may thereafter designate such information as BAYTSP
15 CONFIDENTIAL or BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY as
16 appropriate.

17      13.   Each party shall make efforts that are 'reasonably designed' to protect its
18 privileged materials. *See Gomez v. Vernon*, 255 F.3d 1118, 1131-32 (9th Cir. 2001).  What
19 constitutes efforts that are reasonably designed to protect privileged materials depends on the
20 circumstances; the law does not require 'strenuous or Herculean efforts,' just 'reasonable
21 efforts.' *See, e.g., Hynix Semiconductor, Inc. v. Rambus, Inc.*, 2008 WL 350641, *1–*2 (ND
22 Cal., Feb. 2, 2008); *see also* Fed. R. Civ. P. 26(f)(3) advisory committee's notes to 2006
23 amendments (discussing the substantial costs and delays that can result from attempts to avoid
24 waiving privilege, particularly when discovery of electronic information is involved). When a
25 particular Rule 34 request requires a production or inspection that is too voluminous, expedited
26 or complex (such as certain electronic productions) to allow for an adequate preproduction
27 review, the parties may enter into non-waiver agreements for that particular production. If the
28

requesting party is unwilling to enter into such an agreement, the Producing Party may move the court for a non-waiver order.

14. In the event that, despite reasonable efforts, a Producing Party discovers it has inadvertently produced privileged materials, then within 30 calendar days the Producing party shall notify the Receiving Party that the document(s) or materials should have been withheld on grounds of privilege. After the Receiving Party receives this notice from the Producing Party under this paragraph, the Receiving Party shall not disclose or release the inadvertently produced material to any person or entity pending resolution of the Producing Party's claim of privilege. The parties shall hold a meet and confer, as defined in Civil Local Rule 1-5(n), as soon as reasonably possible after a notice of inadvertent production. If the Producing Party and Receiving Party agree that the inadvertently produced material is privileged, and was disclosed despite efforts by the Producing Party that were 'reasonably designed' to protect the materials, then the Receiving Party shall return or certify the destruction of all copies (including summaries) of such material. If no agreement is reached, then within 10 court days after the meet and confer, the Producing Party must seek a ruling from this court to establish that the material is privileged and that the Producing Party did not waive the privilege by inadvertently producing the material. If the Producing Party seeks such a ruling, the Receiving Party shall not disclose or release the inadvertently produced material to any person or entity pending the court's ruling on the Producing Party's motion.

15. BAYTSP CONFIDENTIAL or BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information, including all copies and/or extracts thereof, and all information derived therefrom, shall be held in strict confidence by the receiving party in accordance with the terms of this Order and shall not be disclosed other than as necessary for, or used for any purpose other than, the prosecution or defense of this action by the original parties to the Original Complaint or the parties named in a later amended Complaint, in the SDNY Actions. In particular, neither BAYTSP CONFIDENTIAL or BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, nor any copies and/or extracts thereof nor anything derived therefrom shall be disclosed in any way to any person, attorney, government

-12-

agency, or expert for use in any other litigation or contemplated litigation, or for any other purpose extraneous to the SDNY Actions.

16. In the event a Receiving Party is served with legal process seeking production of BAYTSP CONFIDENTIAL or BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material obtained through discovery and protected hereunder, the Receiving Party shall promptly notify BayTSP of the service of legal process and afford BayTSP the opportunity to object thereto.

17. In the event that a party inadvertently discloses BAYTSP CONFIDENTIAL or BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY materials or information in a manner that is inconsistent with this Protective Order, the disclosing party shall promptly: 1) request the return or destruction of the inadvertently disclosed documents or materials from the possessing parties and request that any other document or materials derived from such be expunged of protected information; 2) inform BayTSP and the other parties of the circumstances of the inadvertent disclosure, including which documents or materials were disclosed, to whom disclosure was made, and when the disclosure took place; 3) request written confirmation of the destruction or return of all inadvertently disclosed documents from the possessing parties; and 4) within five (5) business days provide BayTSP and the other parties in writing, confirmation that the provisions of this paragraph have been effectuated, an explanation of when the provisions of this paragraph will be effectuated, or an explanation of why the provisions of this paragraph cannot be effectuated.

18. Within 60 days of the final conclusion of the SDNY Actions, including any appeal, or upon the settlement and/or dismissal of the SDNY Actions, all documents and things or information subject to this Protective Order shall be returned to BayTSP, or shall be destroyed. Counsel for each party will certify in writing their compliance with the provisions of this section. Counsel for the parties may preserve work product and privileged documents, and one hard copy and one electronic copy of each pleading, correspondence and deposition transcript, in their permanent files even though such documents may reflect or contain

confidential documents or information. The conclusion of this proceeding shall not relieve any person or party from any of the requirements imposed by this Protective Order.

19.  Nothing contained in this Protective Order, nor any action taken in compliance with it, shall operate as an admission by any party that any particular information is or is not BAYTSP CONFIDENTIAL or BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY matter within the contemplation of the law or prejudice in any way the right of any party or third party to seek a Court determination of whether or not any particular materials should be disclosed or if disclosed whether or not it should be subject to the terms of this Order. Further, nothing contained in this Protective Order shall operate as an admission by any party as to the relevance, discoverability, authenticity or admissibility of any information or category or information addressed herein.

20.  The relevance or admissibility of this Order for any purpose in the SDNY Actions is reserved for the future decision of the Court.

21.  Nothing herein shall impose any restrictions on the use or disclosure by BayTSP of its own BAYTSP CONFIDENTIAL or BAYTSP HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information.

22.  The provisions of this Order shall not preclude BayTSP from seeking from the Court, for good cause shown, additional protections, limitations or other modifications on the use of certain documents or information as permitted by Fed. R. Civ. P. 26(c), with notice to the SDNY Parties.

23.  All notices or disclosures to BayTSP under this Stipulated Pre-Trial Protective Order shall be made by overnight delivery via a commercial carrier to an address or representative designated in writing by BayTSP, or as otherwise agreed with BayTSP. Any such notices shall be deemed received by BayTSP on the following business day.

24.  Without written permission from BayTSP or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

| | | |
|---|---|---|
| 1 | | |
| 2 | AGREED and STIPULATED | *Attorneys for YouTube, Inc., YouTube, LLC and Google Inc.* |
| 3 | July 24, 2009 | |
| 4 | | By: /s/ A. John P. Mancini |
| | | A. John P. Mancini (*pro hac vice*) |
| 5 | | MAYER BROWN LLP |
| | | 1675 Broadway |
| 6 | | New York, NY 10019 |
| | | Telephone:   (212) 506-2500 |
| 7 | | Facsimile:   (212) 262-1910 |
| 8 | | David H. Kramer |
| | | WILSON SONSINI GOODRICH & ROSATI |
| 9 | | 650 Page Mill Road |
| | | Palo Alto, CA 94304-1050 |
| 10 | | Telephone:   (650) 493-9300 |
| | | Facsimile:    (650) 565-5100 |
| 11 | | |
| 12 | | |
| | AGREED and STIPULATED | *Attorneys for BayTSP, Inc.* |
| 13 | July 24, 2009 | |
| 14 | | By: /s/ Philip M. Kelly |
| 15 | | Richard B. Kendall |
| | | Philip M. Kelly |
| 16 | | KENDALL BRILL & KLIEGER LLP |
| | | 10100 Santa Monica Boulevard, Suite 1725 |
| 17 | | Los Angeles, California 90067 |
| | | Telephone: (310) 556-2700 |
| 18 | | Facsimile: (310) 556-2705 |
| 19 | *Filer's Attestation: Pursuant to General Order No. 45, Section X(B), the filer hereby attests that the signatories' concurrence in the filing of this document has been obtained.* | |

-15-

**[PROPOSED] ORDER**

The foregoing Stipulation is hereby approved and IT IS ORDERED that the terms of the foregoing Stipulation are hereby adopted and shall govern material produced by BayTSP in response to YouTube's September 27, 2007 Subpoena unless otherwise ordered by the Court.

IT IS SO ORDERED.

Dated: __ July 27, 2009 _____

*Patricia V. Trumbull*
Honorable Patricia V. Trumbull
United States Magistrate Judge

**EXHIBIT A**

**PROTECTIVE AGREEMENT ACKNOWLEDGEMENT**

I hereby acknowledge that I am being given access to Confidential and/or Highly Confidential information that is the subject of a Protective Order governing materials produced in response to a Subpoena served on BayTSP, Inc. with regard to the case entitled <u>Viacom International Inc., Comedy Partners, Country Music Television, Inc., Paramount Pictures Corporation, and Black Entertainment Television LLC v. YouTube, Inc., YouTube, LLC, and Google, Inc.</u>, Civil File No. 07-CV-2103 (LLS) (FM), pending before the United States District Court for the Southern District of New York. I agree that I shall maintain that Confidential and/or Highly Confidential information in confidence and will use it for no other purpose than as provided in paragraph 14 of the Protective Order. I understand that I can be subject to sanctions for violation of this agreement, and I hereby submit myself to the jurisdiction of the United States District Court for the Northern District of California, for the purpose of any proceeding arising out of a purported violation by me of the Protective Order. I further agree that upon the conclusion of my having any need for further access to confidential information provided to me, or upon request by the person making them available to me or Order of the Court, I shall return to the person making them available to me all Confidential and Highly Confidential items provided and all copies thereof.

_____       _____

*Printed Name*                                                     *Signature*

_____       _____

*Date*                                                                    *Address*