1  DAVID R. EBERHART (S.B. #195474)
   deberhart@omm.com
2  SHARON M. BUNZEL (S.B. #181609)
   sbunzel@omm.com
3  COLLEEN M. KENNEDY (S.B. #227107)
   ckennedy@omm.com
4  O'MELVENY & MYERS LLP
   Two Embarcadero Center, 28th Floor
5  San Francisco, CA 94111
   Telephone:   (415) 984-8700
6  Facsimile:   (415) 984-8701

7  Attorneys for Plaintiff eBay Inc.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| EBAY INC.,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DIGITAL POINT SOLUTIONS, INC., SHAWN HOGAN, KESSLER'S FLYING CIRCUS, THUNDERWOOD HOLDINGS, INC., TODD DUNNING, DUNNING ENTERPRISE, INC., BRIAN DUNNING, BRIANDUNNING.COM, and DOES 1-20,<br><br>　　　　　　　　Defendants. | Case No. C 08-04052 JF<br><br>**OPPOSITION OF EBAY INC. TO DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE**<br><br>Hearing Date: December 12, 2008<br>Time:　　　　9:00 a.m.<br>Judge:　　　Hon. Jeremy Fogel |

## I. INTRODUCTION

The requests for judicial notice filed by Defendants Todd Dunning and Dunning Enterprise, Inc.; Thunderwood Holdings, Inc., Brian Dunning, and BrianDunning.com; Shawn Hogan and Digital Point Solutions, Inc.; and Kessler's Flying Circus overreach the limits imposed by Federal Rule of Evidence 201 and should be denied. Rule 201 allows judicial notice only of adjudicative facts not subject to reasonable dispute. Fed. R. Evid. 201(a), (b). Although notice is proper as to the fact that certain documents exist—either filed in another court or with the Secretary of State—Rule 201 prohibits any notice or inference as to the truth of any disputed statements or factual representations included in those documents. Because the contents of the documents submitted by Defendants are subject to dispute, judicial notice is inappropriate.

## II. ARGUMENT

### A. The KFC Defendants Have Inappropriately Requested Judicial Notice Of Disputed Facts.

Defendants Todd Dunning, Dunning Enterprise, Inc., Thunderwood Holdings, Inc., Brian Dunning, BrianDunning.com, and Kessler's Flying Circus (collectively, "the KFC Defendants") have each requested judicial notice of facts included in several filings in the unrelated action *Commission Junction, Inc. v. Thunderwood Holdings, Inc. et al.*, Case No. 30-2008-00101025 (Orange County, California Superior Court). The KFC Defendants have attempted to use the contents of these filings: to prove that defendant KFC was an affiliate advertiser for eBay pursuant to the Publisher Service Agreement between KFC and Commission Junction ("CJ") (T. Dunning Mot. at fn. 2, 4); to demonstrate that eBay, purportedly through CJ, made conflicting allegations related to KFC's alleged cookie stuffing activities (*id.* at fn. 7); and to illustrate the supposed similarities between the two cases (KFC Mot.[1] at 5; B. Dunning Mot. at 9), among other disputed facts. Although the Court is permitted, but not required, to take judicial notice of

---
[1] Although KFC cites to a Request for Judicial Notice in its Motion to Dismiss, no such notice or request for judicial notice appears to have been filed.

the fact that another case exists, it is improper to accept as true the facts and matters stated within documents filed in that action. *See Bias v. Moynihan*, 508 F. 3d 1212, 1225 (9th Cir. 2007) (accepting judicial notice of the existence of prior cases involving the litigant); *San Luis v. Badgley,* 136 F. Supp. 2d 1136, 1146 (E.D. Cal. 2000) (holding that a court "may take judicial notice of a document filed in another court not for the truth of the matters asserted in the litigation, but rather to establish the fact of such litigation and related filings") (citations omitted); *see also Liberty Mutual Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388-89 (2d Cir. 1992). Where, as here, a party requests judicial notice of the contents of unrelated court filings in order to refute the allegations of a plaintiff's complaint—allegations which must be accepted as true on a motion to dismiss—judicial notice must be denied. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).

### B. Articles of Incorporation May not be Judicially Noticed to Prove that DPS Cannot be Sued for Actions Predating May 2007.

DPS's contention that it "did not exist until May 14, 2007" (DPS Mot. at 2) may not be established by its request for judicial notice. eBay opposes DPS's request for judicial notice for the reasons set forth in its Opposition to DPS's and Shawn Hogan's Partial Motion to Dismiss, which are hereby incorporated by reference. (DPS/Hogan Opposition at 2-4).

### III. CONCLUSION

For the reasons set forth above, eBay respectfully requests that the Court deny Defendants' requests for judicial notice.

DATED: November 21, 2008

DAVID R. EBERHART
SHARON M. BUNZEL
COLLEEN M. KENNEDY
O'MELVENY & MYERS LLP


By: /s/ David R. Eberhart
DAVID R. EBERHART
Attorneys for Plaintiff eBAY INC.