DAVID R. EBERHART (S.B. #195474)
deberhart@omm.com
SHARON M. BUNZEL (S.B. #181609)
sbunzel@omm.com
COLLEEN M. KENNEDY (S.B. #227107)
ckennedy@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Attorneys for Plaintiff eBay Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

EBAY INC.,

Plaintiff,

v.

DIGITAL POINT SOLUTIONS, INC., SHAWN HOGAN, KESSLER'S FLYING CIRCUS, THUNDERWOOD HOLDINGS, INC., TODD DUNNING, DUNNING ENTERPRISE, INC., BRIAN DUNNING, BRIANDUNNING.COM, and DOES 1-20,

Defendants.

Case No. C 08-04052 JF

**OPPOSITION OF EBAY INC. TO DEFENDANTS DIGITAL POINT SOLUTIONS, INC. AND SHAWN HOGAN'S PARTIAL MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Hearing Date: December 12, 2008
Time: 9:00 a.m.
Judge: Hon. Jeremy Fogel

## TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | SUMMARY OF KEY FACTS | 1 |
| III. | ARGUMENT | 2 |
| | A. The Request for Judicial Notice Does Not Support Dismissal of eBay's Claims | 2 |
| | B. eBay Has Stated a CFAA Claim Against DPS | 4 |
| | C. eBay Has Stated a RICO Claim Against Hogan | 7 |
| IV. | CONCLUSION | 10 |

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Allwaste, Inc. v. Hecht*,
65 F.3d 1523 (9th Cir. 1995) .......... 8, 9

*Arndt v. Prudential Bache Sec., Inc.*,
603 F. Supp. 674 (C.D. Cal. 1984) .......... 10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 127 S. Ct. 1955 (2007) .......... 5

*Blake v. Dierdorff*,
856 F.2d 1365 (9th Cir. 1988) .......... 6

*California ex rel. RoNo, LLC v. Altus Finance S.A.*,
344 F.3d 920 (9th Cir. 2003) .......... 3, 4

*Cedric Kushner Promotions, Ltd. v. King*,
533 U.S. 158 (2001) .......... 7

*Darensburg v. Metro. Transp. Comm'n*,
2006 WL 167657 (N.D. Cal. Jan. 20, 2006) .......... 3

*Deutsch v. Flannery*,
823 F.2d 1361 (9th Cir. 1987) .......... 6

*Does 1-60 v. Republic Health Corp.*,
669 F. Supp. 1511 (D. Nev. 1987) .......... 9

*EF Cultural Travel BV v. Explorica, Inc.*,
274 F.3d 577 (1st Cir. 2001) .......... 6

*First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*,
385 F.3d 159 (2d Cir. 2004) .......... 10

*Gillespie v. Civiletti*,
629 F.2d 637 (9th Cir. 1980) .......... 9

*H.J. Inc. v. Nw. Bell Tel. Co.*,
492 U.S. 229 (1989) .......... 8

*Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc.*,
556 F. Supp. 2d 1122 (E.D. Cal. 2008) .......... 5

*In re Epitope, Inc. Sec. Litig.*,
1992 WL 427842 (D. Or. Nov. 30, 1992) .......... 6

*Kimberlite Corp. v. Does*,
2008 U.S. Dist. LEXIS 43071 (N.D. Cal. June 2, 2008) .......... 6

## TABLE OF AUTHORITIES
**(continued)**


**Page**

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) .......... 3

*McGary v. City of Portland*, 386 F.3d 1259 (9th Cir. 2004) .......... 3

*McGuire v. Dendreon Corp.*, 2008 WL 1791381 (W.D. Wash. Apr. 18, 2008) .......... 3

*Odom v. Microsoft Corp.*, 486 F.3d 541 (9th Cir. 2007) .......... 7, 8, 9

*P.C. of Yonkers, Inc. v. Celebrations! The Party & Seasonal Superstore, L.L.C.*, 2007 WL 708978 (D.N.J. Mar. 5, 2007) .......... 5

*Sebastian Int'l v. Russolillo*, 186 F. Supp. 2d 1055 (C.D. Cal. 2000) .......... 9

*Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479 (1985) .......... 8

*Shurkin v. Golden State Vintners, Inc.*, 2005 WL 1926620 (N.D. Cal. Aug. 10, 2005) .......... 3

*SuccessFactors, Inc. v. Softscape, Inc.*, 544 F. Supp. 2d 975 (N.D. Cal. 2008) .......... 6

*Sun Savings & Loan Ass'n v. Deirdorff*, 825 F.2d 187 (9th Cir. 1987) .......... 8

*United States v. Benny*, 786 F.2d 1410 (9th Cir. 1986) .......... 7

*United States v. Busacca*, 936 F.2d 232 (6th Cir. 1991) .......... 8

*United States v. Int'l Longshoremen's Ass'n*, 518 F. Supp. 2d 422 (E.D.N.Y. 2007) .......... 10

*United States v. Turkette*, 452 U.S. 576 (1981) .......... 9

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) .......... 5

*Zero Down Supply Chain Solutions, Inc. v. Global Transp. Solutions, Inc.*, 2008 WL 4642975 (D. Utah Oct. 17, 2008) .......... 5

# TABLE OF AUTHORITIES
## (continued)

Page

**STATUTES**

18 U.S.C. § 1961(4) .......... 7

Cal. Penal Code § 502 .......... 10

**RULES**

Fed. R. Civ. P. 9(b) .......... 5, 6

## I. INTRODUCTION

This case is not a "simple breach of contract claim"—as Defendants would have it. This case seeks redress for massive, illegal "cookie stuffing" schemes that Defendants used to defraud eBay over several years. Those schemes involved the improper placement of data known as "cookies" on the computers of potential eBay users so that eBay would be tricked into paying commissions to Defendants when no commissions were owed. And it is those schemes that caused the Federal Bureau of Investigation to raid named Defendants Shawn Hogan and Brian Dunning in June 2007 and to seize their computers.

Defendants Shawn Hogan and Digital Point Solutions, Inc. (the "DPS Defendants") claim that Digital Point Solutions, Inc. ("DPS") did not exist prior to May 14, 2007 and, consequently, eBay's CFAA and RICO allegations against DPS are insufficient. Aside from the issue of DPS's corporate status, the DPS Defendants raise no challenge to the Complaint, thereby conceding that eBay's claims are otherwise properly pled and that venue is appropriate in this District.

But a factual dispute regarding DPS's corporate status cannot be the basis for dismissal of any portion of the Complaint. Based on DPS's dealings with eBay, eBay has alleged in good faith that DPS existed throughout the period of the fraud. This allegation must be presumed to be true on a motion to dismiss, and DPS's request for judicial notice is insufficient to undermine that allegation. Even if the Court were to accept as true the notion that DPS filed articles of incorporation on May 14, 2007, that would not prove that DPS did not exist prior to that date. Nor do the DPS Defendants claim that some other entity or person was responsible for the acts of DPS alleged in the Complaint. In any event, these are issues that are fundamentally appropriate for discovery and cannot be resolved on a motion to dismiss. The motion should be denied.

## II. SUMMARY OF KEY FACTS

Over the course of at least three years, Defendants engaged in sophisticated schemes to wrongfully obtain advertising commissions from eBay. Defendants' schemes made it appear that potential customers were visiting eBay's website by clicking on ads

for eBay that were placed by Defendants. But this appearance was a deception, and Defendants did not legitimately drive users to eBay's site. Instead, Defendants caused a massive number of users' computers to access eBay's computers without any user clicking on an eBay link or even becoming aware that their computer had accessed the eBay site. (Compl. ¶ 25.) This unauthorized access caused a cookie to be stuffed on each unsuspecting user's computer; then, when any of these users went to eBay and purchased an item, eBay paid a commission to Defendants.[1] (*See* Compl. ¶¶ 24-27.) These schemes ended when the FBI seized Defendants' computer equipment in June 2007 as part of an investigation into whether the fraudulent activities alleged in this case constitute federal crimes.

## III. ARGUMENT

DPS seeks dismissal by disputing eBay's factual allegation of its existence. DPS makes this improper factual argument despite having held itself out to eBay as an independent business entity for several years and despite conceding that it has been a corporation capable of suit since at least May 14, 2007. But the DPS Defendants' request for judicial notice of the fact that articles of incorporation were filed by DPS on that date does not contradict eBay's well-pleaded allegations concerning DPS's existence and cannot serve as the basis for the wholesale dismissal of claims against it and Hogan.[2]

### A. The Request for Judicial Notice Does Not Support Dismissal of eBay's Claims

Throughout its Complaint, eBay alleges numerous facts regarding the involvement of DPS—along with Defendant Shawn Hogan, the sole owner of DPS—in a fraudulent cookie stuffing scheme lasting throughout the period from December 2003 through at least June 2007. (*See, e.g.*, Compl. ¶¶ 24-29, 37, 51.) Further, eBay alleges that DPS is a

---

[1] eBay pays commissions to its affiliates based on the number of "Revenue Actions" taken by users who come to eBay by clicking on an affiliate's advertisement for eBay. (Compl. ¶¶ 19, 23.)

[2] The DPS Defendants do not join in the other Defendants' arguments concerning the supposed inadequacy of eBay's federal causes of action, all of which are addressed separately in eBay's Consolidated Opposition to the KFC Defendants' Motions.

"company . . . which constitutes an enterprise under RICO" and "functioned as a continuing unit in operating the fraudulent cookie stuffing scheme from approximately December 2003 through June 2007." (Compl. ¶ 43.) At this stage of the litigation, these factual allegations regarding DPS's existence and its role in the scheme must both be taken as true and construed in the light most favorable to eBay. *McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004).

The DPS Defendants' request for judicial notice cannot support a finding that all claims against it must be dismissed. While judicial notice is appropriate for the bare fact that the articles of incorporation were filed, DPS improperly seeks to have the Court take judicial notice of the truth of the document's contents. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001). And the DPS Defendants request an additional, equally improper inference from that filing: they ask the Court to infer that DPS did not exist prior to the filing. But it is fundamentally improper for DPS to ask this Court to "draw inferences in favor of Defendants from the judicially noticeable facts," including any inference that DPS did not exist as an entity capable of suit prior to the date of the articles' filing. *See McGuire v. Dendreon Corp.*, 2008 WL 1791381, at *4 (W.D. Wash. Apr. 18, 2008) (citing *Darensburg v. Metro. Transp. Comm'n*, 2006 WL 167657, at *2 (N.D. Cal. Jan. 20, 2006)).

The only appropriate judicial notice here is "the fact that the document was filed with the secretary of state on the date stated therein and nothing more." *Shurkin v. Golden State Vintners, Inc.*, 2005 WL 1926620, at *6 (N.D. Cal. Aug. 10, 2005). In the *Shurkin* case, this Court stated that, while it could take judicial notice of the fact that a defendant LLC's certificate of organization was filed in January 2004, it would not take judicial notice "that, as a matter of fact, [the defendant LLC] ***did not exist in any form prior to January 12, 2004***." *Id.* (emphasis added). It is precisely this improper inference that the DPS Defendants ask this Court to draw.

Moreover, requests for judicial notice are appropriate only to the extent they "do not require the acceptance of facts subject to reasonable dispute." *California ex rel.*

*RoNo, LLC v. Altus Finance S.A.*, 344 F.3d 920, 931 (9th Cir. 2003) (internal quotations omitted). The DPS Defendants ask this Court to accept that DPS "did not exist until May 14, 2007"—a "fact" that is certainly disputed by eBay, which has alleged that DPS has existed since at least December 2003. eBay has a good faith basis for its allegations, because Defendant Shawn Hogan has held DPS out as an independent entity through his business dealings with eBay. Yet DPS seeks to prevent the discovery of any further evidence regarding the course of changes in its business form by dismissing the claims against it at the pleading stage.

**B. eBay Has Stated a CFAA Claim Against DPS**

The DPS Defendants' argument that eBay's CFAA claim lacks particularity rests on the faulty assertion that DPS "simply did not exist for the vast majority of the alleged time frame." (DPS Mot. at 7-8.) Because this assertion cannot be resolved on a motion to dismiss, DPS's CFAA argument must also fail.

eBay's allegations against DPS are certainly sufficient to satisfy notice pleading standards. DPS's claim that the Complaint "is devoid of any specific facts explaining how defendant [DPS] was involved in the alleged scheme" is belied by the numerous specific allegations detailing the course of fraudulent cookie stuffing by DPS and Hogan. For example, the allegations include the following:

- "DPS and KFC engaged in cookie stuffing intended to defraud eBay." (Compl. ¶ 24.)
- "DPS and KFC each accomplished their cookie stuffing through software programs and/or code that, unbeknownst to the user, redirected the user's computer to the eBay website . . . ." (*Id.* ¶ 25.)
- "[S]oftware programs utilized by each of DPS and KFC caused the user's computer to access eBay's computers in an unauthorized way and/or to exceed the authorized access to eBay's computers . . . ." (*Id.* ¶ 26.)
- "DPS or KFC would receive payment for actions by users who had not been referred to eBay by Defendants' advertisements . . . ." (*Id.* ¶ 27.)

- "DPS and/or KFC used technology that would stuff cookies on only those computers that had not been previously stuffed by that Defendant." (*Id.* ¶ 28.)
- "DPS used images placed on web pages to effectuate its cookie stuffing scheme, and caused those images to be so small that they were effectively invisible to the user . . . ." (*Id.* ¶ 29.)
- "eBay paid commissions (via CJ) to each of DPS and KFC for a substantial number of Revenue Actions that were in no way related to referral of any user by either DPS's or KFC's advertisements and for which neither DPS nor KFC were due compensation." (*Id.* ¶ 32.)

These allegations are more than sufficient to give DPS "notice of the particular misconduct . . . so that [it] can defend against the charge and not just deny that [it has] done anything wrong.'" *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotations omitted). eBay's allegations easily satisfy the standards of notice pleading, which require only "a short and plain statement of the claim" that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007).

DPS improperly attempts to raise the bar eBay must meet to state a CFAA claim. But DPS cites no case that has applied Rule 9(b) to the CFAA, and several courts have rejected that notion. *See, e.g., Zero Down Supply Chain Solutions, Inc. v. Global Transp. Solutions, Inc.*, 2008 WL 4642975, at *7-8 (D. Utah Oct. 17, 2008); *P.C. of Yonkers, Inc. v. Celebrations! The Party & Seasonal Superstore, L.L.C.*, 2007 WL 708978, at *6 (D.N.J. Mar. 5, 2007); *see also Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc.*, 556 F. Supp. 2d 1122, 1131 (E.D. Cal. 2008) (holding that the term "defraud" as used in the CFAA simply means "wrongdoing" and does not require a showing of common law fraud). Nor have any of the other Defendants claimed that Rule 9(b) applies, thereby conceding that issue.

Even if Rule 9(b)'s requirements were applicable to eBay's CFAA claim, however, eBay's allegations would nevertheless suffice. Rule 9(b) requires only that a pleading

"identif[y] the circumstances constituting the fraud so that the defendant can prepare an adequate answer from the allegations." *Blake v. Dierdorff*, 856 F.2d 1365, 1368 (9th Cir. 1988). The allegations quoted above meet this standard.

That certain allegations refer jointly to DPS and its sole owner, Shawn Hogan, does nothing to undercut their specificity or their applicability to DPS. Notably, Hogan himself does not contend that the Complaint lacks particularity as to him, even though he and DPS are referred to jointly. In addition, in the Ninth Circuit group pleading is appropriate under Rule 9(b) where a corporation and its sole owner act in concert. *See Blake*, 856 F.2d at 1369-70; *In re Epitope, Inc. Sec. Litig.*, 1992 WL 427842, at *3 (D. Or. Nov. 30, 1992) ("The rationale for such group pleading is simple and compelling: Facts about fraud flowing from the internal operation of a corporation are peculiarly—and often exclusively—within the control of the corporate insiders who manage the parts of the corporation involved in the fraud.") (internal quotations omitted). Absent discovery, eBay is not required to delineate which specific actions were taken by the entity as opposed to its sole owner. *See Deutsch v. Flannery*, 823 F.2d 1361, 1366 (9th Cir. 1987) (citation omitted) ("Rule 9(b) does not . . . require plaintiffs . . . to set forth facts which, because no discovery has yet occurred, are in the exclusive possession of the defendant.").

Even if the Court were to accept the DPS Defendants' improper factual inference that DPS did not exist prior to May 14, 2007, DPS still concedes that it existed for six weeks of the period in question. Therefore, eBay has, at the very least, alleged a CFAA claim for this period. Courts have routinely held that a defendant can be liable under the CFAA for single instances of wrongful conduct, or for wrongful conduct spanning a very short period of time. *See, e.g., EF Cultural Travel BV v. Explorica, Inc.*, 274 F.3d 577, 580 (1st Cir. 2001) (plaintiff stated a CFAA claim based on two instances of unauthorized access); *Kimberlite Corp. v. Does*, 2008 U.S. Dist. LEXIS 43071 (N.D. Cal. June 2, 2008) (defendants' unauthorized access occurred on two days during a one week period); *SuccessFactors, Inc. v. Softscape, Inc.*, 544 F. Supp. 2d 975, 978 (N.D. Cal. 2008) (unauthorized access limited to a three week period). DPS's contention that the

Complaint fails to state a claim against DPS during this time period because it "fails to adequately allege that Digital Point Solutions, Inc.'s actions resulted in a loss 'aggregating at least $5,000 in value'" during the six-week period does not justify dismissal. (*See* DPS Mot. at 8.) This argument compounds the improper inferences sought by the DPS Defendants by seeking further inferences that so much of the loss for 2007 was prior to May 14, 2007 that the loss incurred in the six-week period must be less than $5,000. That inference cannot be drawn on a motion to dismiss, and the DPS Defendants' argument fails.

### C. eBay Has Stated a RICO Claim Against Hogan

eBay has also sufficiently alleged that DPS is a RICO enterprise, and its RICO claim is therefore properly pled. To allege a RICO claim, a plaintiff must plead the existence of an "enterprise," which is defined by the statute to include "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). In connection with its RICO claim, eBay alleges that "Defendant Shawn Hogan and DOES 1-10 (the 'Hogan Group') engaged in activities ***through the company Digital Point Solutions, Inc., which constitutes an enterprise under RICO***." (Compl. ¶ 43 (emphasis added).)

As the Ninth Circuit has noted, the statutory definition of a RICO enterprise "is not very demanding." *Odom v. Microsoft Corp.*, 486 F.3d 541, 548 (9th Cir. 2007). Both a solely-owned corporation and a sole proprietorship can constitute "enterprises" distinct from the individuals who run them. *See Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163 (2001) (solely owned corporation); *United States v. Benny*, 786 F.2d 1410, 1415-16 (9th Cir. 1986) (sole proprietorship). Even an "individual" can constitute an enterprise, if it is distinct from the RICO persons alleged as defendants to the RICO claim. 18 U.S.C. § 1961(4); *Odom*, 486 F.3d at 548.

Given the totality of the allegations pled by eBay regarding DPS, eBay has clearly pled facts sufficient to allege that DPS constituted a RICO enterprise. DPS concedes that

it is currently a corporation capable of suit. There is no requirement that eBay must plead the specific facts regarding the evolution of the business form used by DPS in advance of discovery, particularly where DPS held itself out to eBay as a business entity independent from Shawn Hogan throughout the period in question. DPS's contention to the contrary is both inconsistent with the standard for evaluating a motion to dismiss and with the principle, endorsed by both the Ninth Circuit and the Supreme Court, that RICO should "be liberally construed to effectuate its remedial purposes." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 498 (1985); *Odom*, 486 F.3d at 546.

At the very least, eBay's RICO claim must be allowed to proceed because DPS does not and cannot dispute that it constituted an enterprise during the last six weeks of conduct alleged in the Complaint and eBay has adequately alleged a RICO claim for that period. The Complaint alleges that the Hogan Group (which explicitly excludes DPS, *see* Compl. ¶ 43) engaged in a fraudulent scheme through DPS throughout the period from December 2003 through June 2007 (*id.* ¶ 43), and specifically describes the nature of the fraudulent activity and DPS's participation in that activity during that time. (*See id.* ¶¶ 24-29, 41.) These allegations apply equally to the end of the period, and even a relatively short period of continuous predicate acts can form the basis for a RICO claim where, as here, the predicate acts were "open-ended"; in other words where the acts pose a threat of continuing activity. *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 242 (1989); *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1529 (9th Cir. 1995); *see* Compl ¶¶ 28-29, 31. Open-ended continuity does not require that the predicate acts occur over a significant period of time; the requirement is met where, as here, "the predicate acts specifically threaten repetition or . . . they were an ongoing entity's regular way of doing business." *Allwaste*, 65 F.3d at 1523; *see also Sun Savings & Loan Ass'n v. Deirdorff*, 825 F.2d 187, 194 (9th Cir. 1987) (four predicate acts occurring over a few months alleged pattern of racketeering activity where they "covered up a whole series of alleged kickbacks and receipts of favors" and threatened continued activity); *United States v. Busacca*, 936 F.2d 232, 238 (6th Cir. 1991) (defendant's check misappropriation over two and a half month

period established pattern because it could recur indefinitely whenever defendant had expenses to pay); *Sebastian Int'l v. Russolillo*, 186 F. Supp. 2d 1055, 1067 (C.D. Cal. 2000) ("The standard for showing open-ended continuity is extremely low."). Moreover, fortuitous interruption of criminal acts, as occurred in this case when the FBI seized DPS's computers, does not preclude a finding of open-ended continuity. *See Allwaste*, 65 F.3d at 1530.

Regardless of whether DPS constituted a "legal entity," eBay has also pled a RICO claim by alleging that DPS constituted an "association-in-fact." In the Ninth Circuit, a plaintiff alleges an association-in-fact whenever it alleges "'a common purpose of engaging in a course of conduct,'" an "'ongoing organization' either 'formal or informal,'" and "facts that, if proved, provide sufficient 'evidence that the various associates function as a continuing unit.'" *Odom*, 486 F.3d at 552 (quoting *United States v. Turkette*, 452 U.S. 576, 583 (1981)). Through the numerous specific allegations concerning DPS's fraudulent activity, eBay has alleged that the Hogan Group, through DPS, was engaged throughout the period from December 2003 through June 2007 in the "common purpose of defrauding eBay of commission fees by designing and implementing the cookie stuffing scheme." (Compl. ¶ 43.) This is sufficient to allege an association-in-fact under Ninth Circuit law.

The fact that the Hogan Group includes Doe defendants does not nullify these allegations. The use of Doe defendants in pleading is proper in the Ninth Circuit where, as here, the identities of the alleged defendants are not known prior to the filing of the complaint. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). "In such circumstances," the Ninth Circuit has stated, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants." *Id.* At least one court has found that a RICO enterprise was adequately pled where Doe defendants were named as part of a group that formed an association-in-fact. *See Does 1-60 v. Republic Health Corp.*, 669 F. Supp. 1511, 1516 (D. Nev. 1987).

The cases cited by the DPS Defendants are not to the contrary. Those cases held

that plaintiffs had failed to properly allege associations-in-fact not because they named Doe defendants, but because their conclusory allegations did not seriously attempt to identify the nature and scope of the enterprise being alleged. *See First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 175 (2d Cir. 2004) ("Plaintiffs certainly have not advanced any factual allegations that the Vahabzadeh Enterprise was an ongoing organization, formal or informal, or any evidence that the various associates of the alleged enterprise functioned as a continuing unit.") (quotations omitted); *Arndt v. Prudential Bache Sec., Inc.*, 603 F. Supp. 674, 676 (C.D. Cal. 1984) ("Nowhere in their complaint do plaintiffs allege, specifically or implicitly, an enterprise or who comprises the enterprise."); *United States v. Int'l Longshoremen's Ass'n*, 518 F. Supp. 2d 422, 475-76 (E.D.N.Y. 2007) ("The Amended Complaint contains virtually no allegations regarding the structure and organization of the alleged Waterfront Enterprise, and leaves a plethora of unanswered questions regarding the membership, purpose, and structure of that entity."). These cases do not undermine eBay's claims.

eBay has alleged facts that, if true, will subject DPS and Hogan to liability for violations of the CFAA and RICO. Because DPS's argument that eBay has failed to properly allege common law fraud and violation of California Penal Code § 502 is based solely on the bare statement that eBay's state law claims "contain the same fundamental pleading flaws as to [DPS]" as its CFAA and RICO claims (DPS Mot. at 14), its argument also fails for the same reasons. eBay's claims may not be dismissed at the pleading stage based on a disputed factual contention concerning the nature of the DPS entity.

## IV. CONCLUSION

For the reasons set forth above, eBay has stated claims for relief against Defendants DPS and Hogan. Therefore, those Defendants' Partial Motion to Dismiss should be denied in its entirety.

DATED: November 21, 2008

DAVID R. EBERHART
SHARON M. BUNZEL
COLLEEN M. KENNEDY
O'MELVENY & MYERS LLP

By: /s/ David R. Eberhart
DAVID R. EBERHART
Attorneys for Plaintiff eBAY INC.