| | |
|---|---|
| 1 | DAVID R. EBERHART (S.B. #195474) |
| | deberhart@omm.com |
| 2 | SHARON M. BUNZEL (S.B. #181609) |
| | sbunzel@omm.com |
| 3 | COLLEEN M. KENNEDY (S.B. #227107) |
| | ckennedy@omm.com |
| 4 | O'MELVENY & MYERS LLP |
| | Two Embarcadero Center, 28th Floor |
| 5 | San Francisco, CA 94111 |
| | Telephone: (415) 984-8700 |
| 6 | Facsimile: (415) 984-8701 |

Attorneys for Plaintiff eBay Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

EBAY INC.,

        Plaintiff,

   v.

DIGITAL POINT SOLUTIONS, INC., SHAWN HOGAN, KESSLER'S FLYING CIRCUS, THUNDERWOOD HOLDINGS, INC., TODD DUNNING, DUNNING ENTERPRISE, INC., BRIAN DUNNING, BRIANDUNNING.COM, and DOES 1-20,

        Defendants.

Case No. C 08-04052 JF

**EBAY INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO EXCEED PAGE LIMIT FOR CONSOLIDATED OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS AND/OR TRANSFER**

[N.D. CAL. L.R. 7-11]

## MOTION FOR LEAVE TO EXCEED PAGE LIMIT

Plaintiff eBay Inc. hereby moves for leave to file a single consolidated opposition brief of 35 pages in length to Defendants' four Motions to Dismiss and/or to Transfer this action. eBay seeks this relief because, in light of the overlapping legal and factual issues raised in the four pending Motions, it would be inefficient and a waste of judicial resources for eBay to file four separate opposition memoranda that would be repetitive in substantial respects. eBay therefore intends to file a single consolidated opposition to the four Motions. However, eBay cannot adequately respond to all four briefs in a single 25-page brief, and thus moves under Northern District Local Rule 7-11 for leave to exceed the page limitation by ten pages. eBay's motion is supported by the following considerations.

Northern District Local Rule 7-4(b) expressly limits opposition briefs to 25 pages in length. Under Local Rule 7-11, however, a party may move for miscellaneous administrative relief, including a motion "to exceed otherwise applicable page limitations." Accordingly, eBay moves for an order permitting it to exceed by ten pages the page limit for its consolidated opposition brief to Defendants' Motions, thus changing the maximum length of the brief from 25 pages to 35 pages (exclusive of exhibits, attachments, declarations, table of contents, table of authorities, and proof of service). eBay has asked Defendants' counsel to consent to this extension, but Defendants' counsel have refused. (*See* Declaration of Sharon M. Bunzel ¶¶ 4-9, Exs. A, B, C, D, E, F.)

Defendants have filed four Motions to Dismiss and/or Transfer the case pending against them: a Motion to Dismiss the Second Amended Complaint by Defendants Kessler's Flying Circus, Thunderwood Holdings, Inc., Brian Dunning and BrianDunning.com (the "KFC Defendants"), filed on April 27, 2009; a Motion to Dismiss the Second Amended Complaint and to Transfer Venue by Defendants Todd Dunning and Dunning Enterprise, Inc. (the "TD Defendants"), filed on April 27, 2009; a Motion to Dismiss the Second Amended Complaint by Defendants Digital Point Solutions, Inc. and

Shawn Hogan (the "DPS Defefndants"), filed on April 27, 2009; and a Motion to Transfer by the DPS Defendants, filed on May 22, 2009. Each of these motions was set for hearing on June 26, 2009, requiring oppositions to be filed on June 5, 2009, one week from today.

Based on its work in preparing its opposition, eBay has determined that Defendants' four Motions to Dismiss are sufficiently related such that filing a single opposition in response to all four Motions will further efficiency and economy for all parties and the Court. The four Motions are closely related and have significant areas of overlap with each other. Collectively, the four Motions advance the following five main arguments: (1) that eBay's claims are governed by the Publisher Service Agreement ("PSA") between Defendants and Commission Junction ("CJ") and therefore that the PSA's forum selection clause applies; (2) that eBay's claims are barred by the PSA's one-year limitations provision; (3) that eBay's claims are barred by statutes of limitations; (4) that eBay's claims against some of the Defendants were released by the settlement of those Defendants' separate litigation with CJ; and (5) that the case should be transferred to the Central District pursuant to 28 U.S.C. § 1404(a). No one Motion makes all five arguments, but each of the Motions shares at least two arguments in common with at least one other Motion. The following is a graphical representation of the arguments made in each of Defendants' four Motions:

|  | KFC Defs. Mot. | TD Defs. Mot. | DPS Defs. Mot. to Dismiss | DPS Mot. to Transfer |
|---|---|---|---|---|
| Forum Selection Clause | X | X | X | X |
| Limitations Clause | X | X | X |  |
| Statutes of Limitations |  | X |  |  |
| CJ Settlement | X |  |  |  |
| Section 1404 Transfer |  | X |  | X |

The factual assertions on which the four Motions rely are similarly intertwined. All four challenge the same causes of action in the same Complaint, which alleges that Defendants participated in two similar and related fraudulent "cookie stuffing" schemes intended to defraud eBay. All four invoke the PSA purportedly entered into between Defendants and CJ and rely upon it to argue that the SAC should be dismissed or transferred.[1]

Because they have raised common arguments on similar grounds, it will be far more efficient for all parties and the Court if eBay is permitted to address the Defendants' arguments in a unified manner in a single opposition. It will be impossible for eBay to respond to any one or two of the Motions in a separate opposition without substantial repetition. To require eBay to file separate oppositions to these Motions would therefore create significant inefficiencies and require the Court to read repetitious briefing.

However, eBay cannot reasonably respond to all of these arguments effectively within a single 25-page opposition. Although there is significant commonality among the issues raised in Defendants' four Motions, each Motion raises an overlapping but different subset of those arguments. No two Motions share all issues in common. Further, none of Defendants' four Motions makes all five arguments in a single brief. Instead, because Defendants could rely on each other to cover all of the arguments they wished to advance, each group of Defendants could devote its page allocation to a subset of two, three or four of those arguments. In fact, the DPS Defendants' Motion to Dismiss used 22 pages to make only two of the five arguments. Moreover, the DPS Defendants took "two bites at the apple" by making the virtually identical argument in both their Motion to Dismiss and Motion to Transfer that the PSA's forum selection clause governs eBay's claims. (*See* DPS Mot. to Dismiss at 8-10, DPS Mot. to Transfer at 8-10.)

---

[1] In rejecting eBay's request for a stipulation on this issue, counsel for the DPS Defendants and KFC contended that a consolidated opposition was inappropriate because the DPS Defendants are "distinct" from the other Defendants in the case and the two groups of Defendants have "nothing to do" with each other. (Bunzel Decl. ¶¶ 8-9 , Exs. E, F.) Based simply on the arguments they have raised in this round of Motions, however, the two groups are quite related.

For this reason, the contention by counsel for Thunderwood Holdings, Inc., Brian Dunning and BrianDunning.com that an increase in the page limit for eBay's opposition would be "inequitable" is without basis. (*See* Bunzel Decl., Ex. B.) There is no inequity in granting eBay 35 pages to respond to five arguments where Defendants each had 25 pages to make two, three or four. In fact, eBay is entitled to file up to 100 pages of briefing spread across four separate opposition memoranda in response to Defendants' Motions, yet it seeks only 35 pages in order to respond to all arguments in the most efficient manner.

In light of the number and complexity of these issues, and the fact that eBay's filing of an omnibus opposition in lieu of four separate briefs will simplify the proceedings and promote efficiency and judicial economy, eBay believes that an extension of ten pages to the 25-page limit is warranted in this case.

## **CONCLUSION**

eBay respectfully requests an order from this Court permitting eBay to increase by ten pages the length of its Consolidated Opposition to Defendants' Motions to Dismiss.

DATED: May 29, 2009

DAVID R. EBERHART
SHARON M. BUNZEL
COLLEEN M. KENNEDY
O'MELVENY & MYERS LLP


By: /s/ Colleen M. Kennedy
　　　Colleen M. Kennedy
Attorneys for Plaintiff eBAY INC.