# EXHIBIT 1



| | |
|---|---|
| 1 | RONALD RUS, #67369 |
| | rrus@rusmiliband.com |
| 2 | LEO J. PRESIADO, #166721 |
| 3 | lpresiado@rusmiliband.com |
| | RUS, MILIBAND & SMITH |
| 4 | A Professional Corporation |
| | 2211 Michelson Drive, 7th Floor |
| 5 | Irvine, California 92612 |
| | Telephone: (949) 752-7100 |
| 6 | Facsimile: (949) 252-1514 |
| 7 | Attorneys for Defendants BRIAN DUNNING and |
| | THUNDERWOOD HOLDINGS, INC. |
| 8 | |
| 9 | STEWART H. FOREMAN, # 61149 |
| | FREELAND COOPER & FOREMAN LLP |
| 10 | 150 Spear Street, Suite 1800 |
| | San Francisco, California 94105 |
| 11 | Telephone: (415) 541-0200 |
| | Facsimile: (415) 495-4332 |
| 12 | Attorneys for Defendants |
| | TODD DUNNING and DUNNING ENTERPRISES, INC. |
| 13 | |
| 14 | PATRICK K. McCLELLAN, #77352 |
| | LAW OFFICES OF PATRICK K. McCLELLAN |
| 15 | pkellymc@pacbell.net |
| | 2211 Michelson Drive, Suite 700 |
| 16 | Irvine, California 92612 |
| | Telephone: (949) 261-7615 |
| 17 | Facsimile: (949) 851-2772 |
| 18 | Attorneys for Defendant and Cross-Complainant |
| | KESSLER'S FLYING CIRCUS |

**FILED**
SUPERIOR COURT OF CALIFORNI
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MAR 06 2009

ALAN CARLSON, Clerk of the Court
S Ocera
BY S OCERA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE, CENTRAL BRANCH

| | |
|---|---|
| COMMISSION JUNCTION, INC., | CASE NO.: 30-2008 00101025 |
| Plaintiff, | [ASSIGNED FOR ALL PURPOSES TO THE HONORABLE RANDELL L. WILKINSON DEPT. C25] |
| v. | |
| THUNDERWOOD HOLDINGS, INC. dba KESSLER'S FLYING CIRCUS; TODD DUNNING; BRIAN DUNNING; and DOES 1 through 50, inclusive, | **DEFENDANTS' JOINT TRIAL BRIEF**<br><br>Trial Date: March 9, 2009<br>Time: 9:00 a.m.<br>Dept.: C25 |
| Defendants. | |
| AND RELATED CROSS COMPLAINT | |

1

Defendants' Joint Trial Brief
CASE NO. 30-2008 00101025
{00124435-2}

## THE PARTIES AND PLEADINGS

This Trial Brief is submitted on behalf of all Defendants and Cross-Complainant.[1] Plaintiff Commission Junction, Inc. ("CJI") sues Defendants for the return of $565,517.84 that CJI paid to Defendant Kessler's Flying Circus ("Kessler's") on June 15, 2007. This payment was made for services Kessler's performed as a participant in CJI's and eBay's ("eBay") affiliated marketing network in the month of May 2007.[2] Kessler's denies that it has any obligation to refund this payment; Kessler's provided the services, earned these fees and is entitled to full payment. As a result of Kessler's promotional services, eBay gained a large number of profitable new customers, CJI was paid substantial fees by eBay for administering this program, and Kessler's performed as requested. This case exists only because eBay decided in June 2007 not to pay CJI for the services Kessler's had already performed. Now CJI wants Kessler's to reimburse CJI because of eBay's failure to pay it.

Kessler's filed a cross-complaint against CJI seeking payment for the additional services it provided for eBay's benefit through the CJI affiliate marketing network in the month of June 2007, and thereafter. CJI's account records admit that at least $315,000 is owed to Kessler's for its work in June 2007.

## FACTUAL BACKGROUND

Kessler's provided advertising and promotional services to CJI and eBay for approximately two years prior to the filing of the complaint. The actual contract, accepted by Kessler's, supposedly governing this activity has never been produced by CJI. Nevertheless, Kessler's promotional activities were provided on the internet to "drive traffic" (i.e. internet users) to eBay's website where they become new registrants and customers. CJI was the agent of eBay whereby CJI administered this marketing program on behalf of eBay, and accounted for the Kessler's successful marketing activities.

///

---

[1] Defendants Brian Dunning and Todd Dunning are brothers. Thunderwood Holdings, Inc. is a corporation wholly owned by Brian Dunning, and Dunning Enterprises, Inc. is a corporation wholly owned by Todd Dunning. Kessler's Flying Circus is a partnership of Dunning Enterprises, Inc. and Thunderwood Holdings, Inc.

[2] eBay has an important role in the facts of this case as described below, but eBay has not been named as a defendant by CJI. eBay has sued the Defendants under similar facts separately in federal court in the Northern District of California. Judge Jeremy Fogel issued an order on February 24, 2009, dismissing eBay's complaint on the grounds that it should be filed in the Central District Court or an appropriate Superior Court in this area.

CJI's witnesses, if allowed to testify, will admit that CJI knew the type and scope of Kessler's promotional activities; CJI had access to the software that Kessler's used; and CJI and eBay approved of Kessler's methods and conduct. CJI will not dispute that all the money paid to Kessler's represents actual, new customers who bid or purchased on eBay. Kessler's promotional activities were tracked and accounted for by CJI.[3]

If allowed to testify, CJI's witnesses will acknowledge that in mid June 2007, without giving prior notice to Kessler's, eBay suddenly demanded that Kessler's be terminated from CJI's marketing program. eBay also refused to pay CJI for Kessler's work in May 2007. CJI then filed this lawsuit against Kessler's to obtain reimbursement of these funds it paid to Kessler's claiming breach of contract by Kessler's, rather than seeking payment from eBay for services already performed.

Kessler's filed a cross-complaint which seeks payment for the services it performed under this arrangement for the period in June 2007 before eBay and CJI discontinued Kessler's participation in the CJI advertising network. Admissions by CJI establish that CJI owes Kessler's at least $314,540.62.

## ANTICIPATED LEGAL AND EVIDENTIARY ISSUES FOR TRIAL

### A. Contract and Other Issues

#### 1. No contract between CJI and Kessler's was produced

CJI has never produced during pretrial discovery a copy of a contract that Kessler's "accepted" for participation in CJI's affiliate marketing program. CJI attached to its Second Amended Complaint a copy of a Publisher Service Agreement ("PSA") dated in June 2005, but this date is several months after CJI's own records show, and the Second Amended Complaint claims, that Kessler's joined the program. CJI has not provided evidence of the applicable PSA, or Kessler's "acceptance" in April 2005, and therefore CJI cannot meet its evidentiary burden of proving the terms of a binding contract and CJI cannot prove the terms allegedly breached by Kessler's. In fact, CJI did not produce any evidence during pretrial discovery establishing a factual basis for the breach of contract claim. CJI

---

[3] The $565,517.84 paid by CJI for Kessler's activity in May 2007 represents approximately 22,600 new registered users for eBay as identified by CJI. eBay earns an average of $110 from each new registrant, so the payment of to Kessler's is certainly reasonable compensation in comparison to the predictable $2.5 million earned by eBay from these new customers.

merely provided interrogatory responses that restated the conclusory allegations of the Second Amended Complaint.

**2. Implied contract and CJI admissions provide proof of amounts due under the cross-complaint**

Kessler's cross-complaint will be proven and established through admissions by CJI. On August 22, 2008, CJI provided verified Plaintiff's Response To Special Interrogatories Served by Kessler's Flying Circus. In response to Special Interrogatory No. 48, CJI attached an exhibit which is the CJI "profile information sheet" regarding Kessler's as of July 2, 2008. Under a heading "Account Balance", CJI's accounting records state that it owes Kessler's $314,540.62. This is the money Kessler's earned in the month of June 2007 for its promotional activity prior to being terminated by eBay. This simple admission by CJI resolves all issues in the cross-complaint by admitting that this amount remains due and unpaid to Kessler's. In addition, this admission supports Kessler's defense to CJI claim for breach of contract and common counts. CJI's own financial records show that no money is owed by Kessler's to CJI.

**3. There is no evidence to support CJI's other causes of action**

In addition to the breach of contract claim, CJI's Second Amended Complaint alleges claims for Open Book Account, Account Stated, Reasonable Value, Conversion and Unfair Competition. These claims should be dismissed before the trial commences. CJI did not produce during discovery any material, evidence or witnesses to support any of these claims. CJI did not provide any evidence to support these claims in response to Defendants' request for a Bill of Particulars. CJI has simply not provided any evidence of an account on its records showing that Defendants allegedly have a negative balance and owe money to CJI in the amount as alleged in the complaint. In fact, as discussed above, just the opposite is true. CJI's accounting records show that CJI owes Kessler's money.

CJI's arguments attempt to reverse the roles of CJI and Kessler's by using words implying that CJI provided services to Kessler's for which Kessler's has not paid CJI. This characterization is not even a truthful characterization of the business activity at issue in this case. However, this is the characterization on which CJI improperly rests its common count claims and conversion theory.

///

4

Finally, as to the Business and Professions Code §17200 claim for Unfair Competition, CJI has not provided any pretrial evidence of "unfair, deceptive or misleading" conduct to support such a claim.

## B. EVIDENTIARY ISSUES

### 1. No witnesses can testify to support CJI's claims

During pretrial discovery, Defendants served interrogatories requesting the identity of witnesses and the facts in their knowledge that support CJI's claims. Eventually, CJI listed forty-three (43) persons in response to interrogatories but failed to provide any information about the facts those persons know to support any claims. After an order from the Court compelling further answers to interrogatories to state the factual knowledge of these witnesses, CJI again failed to provide any information for many of the persons originally identified, and as to some of those witnesses, CJI provided minimal and essentially meaningless statements that failed to describe the facts known to these witnesses that support CJI's claims. CJI's responses stated the jobs of its witnesses, or recited the fact that these witnesses received emails, but this information does not provide evidence of personal knowledge of these witnesses that support CJI's claims as requested by the interrogatory.

Defendants also served two depositions notices calling on CJI to produce for deposition "persons most knowledgeable" on twenty-four (24) topics directly related to the factual issues raised by the Second Amended Complaint. CJI failed to present any witnesses for deposition on any of these issues despite a Court order.

Now, CJI has provided a list of 48 proposed witnesses it intends to call at trial. Thirty-four (34) of the witnesses identified in the previous interrogatories are listed as trial witnesses, plus fourteen (14) additional persons who have *never before been identified by CJI*. Undoubtedly, some or all of these 48 witnesses were appropriate deponents in response to the "person most knowledgeable" deposition notices. CJI also obviously knows the substance of their expected testimony which should have been provided in CJI's previous interrogatory responses. Yet, CJI's failed to provide answers to the interrogatories or to make any witness available for the "persons most knowledgeable" deposition notices.

///

CJI's gamesmanship precluded Defendants from learning about the facts CJI's witnesses will testify to in support of CJI's claims. CJI's tactic is a clear misuse and abuse of the discovery process under Code of Civil Procedure §2023.010. Accordingly, the Court should prohibit any of CJI's proposed witnesses from testifying if CJI failed to provide information during discovery about the relevant facts known to such witnesses. The Court should prohibit any CJI witness from testifying, regardless of whether the person was previously identified, if the witness's proposed testimony is on a topic identified in the "person most knowledgeable" deposition notice served by Defendants. Finally, the Court should prohibit any witness offered by CJI from testifying if the witness was not previously identified in discovery. This preclusion of witnesses is authorized under Code of Civil Procedure §2023.030(b), (c) and (d), as appropriate. Defendants have also submitted a Motion in Limine on this point with supporting authorities that are not repeated here.

2. **No expert witnesses can testify to support CJI's claims**

Pursuant to Code of Civil Procedure §2034.210 *et. seq.* the parties exchanged pretrial demands for the identification of expert witnesses and their discoverable reports and writings. CJI did not identify any expert witness, reports or documents that it intends to use at trial.

Nevertheless, the Second Amended Complaint makes allegations that would require expert opinion testimony to prove a breach of contract based on technical issues such as "cookie stuffing", "forced clicks", and "inflating traffic," among others. CJI claims that Kessler's engaged in this conduct as part of its promotional activities for eBay. However, to prove such a claim, CJI must provide expert witness opinion testimony that Kessler's widget engaged in such activity because the performance of a widget is not something that can be directly observed or understood by a non-technical person. Whether or not software code performed such actions, and whether or not such actions are improper, are matters of expert opinion testimony.

Although CJI did not identify any expert witnesses, it may attempt to use its "percipient" witnesses, if the Court allows any to testify, to provide this expert opinion testimony. CJI may have employees with this kind of expertise. Any testimony on the subject of "cookie stuffing", "forced clicks" or "inflated traffic", for example, is necessarily expert opinion in nature. Such testimony requires "special knowledge ... experience, training, or education." *See*, Evidence Code §720.

6

Since CJI failed to identify any expert opinion witnesses or expert testimony for trial, and failed to make these witnesses available for deposition with their records or reports, under Code of Civil Procedure §2034.300 the "trial court *shall exclude* from evidence the expert opinion of any witness that is offered by any party" who was not listed under Sections 2034.260 and 2034.270.

## CONCLUSION

Defendants respectfully suggest that after the Court considers and rules on its motions in limine, the Court will similarly conclude that CJI does not have a case to present to a jury for decision. The Court should dismiss CJI's Second Amended Complaint against the Defendants.

CJI's admission in its answer to interrogatories that it owes Kessler's $314,540.62 should be the basis of a judgment against CJI on Kessler's cross-complaint. The Court should award Kessler's legal interest on this amount from June 2007.

Dated: March 6, 2009

Respectfully Submitted,

FREELAND COOPER & FOREMAN LLP

By: _____
STEWART H. FOREMAN
Attorneys for Defendants
Todd Dunning and Dunning Enterprises, Inc.

RUS, MILIBAND & SMITH

By: _____
Leo J. Presiado
Attorneys for Defendants Brian Dunning
And Thunderwood Holdings, Inc.

LAW OFFICE OF PATRICK KELLY McCLELLAN

By: _____
Patrick Kelly McClellan
Attorney for Defendant Kessler's Flying Circus