1 RONALD RUS, #67369
rrus@rusmiliband.com
2 LEO J. PRESIADO, #166721
lpresiado@rusmiliband.com
3 RUS, MILIBAND & SMITH
A Professional Corporation
4 2211 Michelson Drive, Seventh Floor
Irvine, California 92612
5 Telephone: (949) 752-7100
6 Facsimile: (949) 252-1514

7 Attorneys for Defendants
THUNDERWOOD HOLDINGS, INC.,
8 BRIAN DUNNING, and BRIANDUNNING.COM

9 LAW OFFICES OF PATRICK K. McCLELLAN
Patrick K. McClellan #077352
10 2211 Michelson Drive, Suite 700
Irvine, CA 92612
11 Telephone (949) 261-7615

12
Attorney for Defendant
13 KESSLER'S FLYING CIRCUS

14                     UNITED STATES DISTRICT COURT

15             NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| EBAY INC., | CASE NO. CV 08-4052 JF (PVT) |
| Plaintiff, | **EVIDENTIARY OBJECTIONS TO DECLARATION OF COLLEEN M. KENNEDY SUBMITTED IN SUPPORT OF EBAY, INC.'S CONSOLIDATED OPPOSITION TO (1) THE MOTIONS TO DISMISS THE SECOND AMENDED COMPLAINT BY DEFENDANTS DIGITAL POINT SOLUTIONS, INC., SHAWN HOGAN, THUNDERWOOD HOLDINGS, INC., KESSLER'S FLYING CIRCUS, BRIAN DUNNING, BRIANDUNNING.COM, TODD DUNNING, AND DUNNING ENTERPRISE, INC.; AND (2) THE MOTIONS TO TRANSFER BY DEFENDANTS DIGITAL POINT SOLUTIONS, INC., SHAWN HOGAN,** |
| vs. | |
| DIGITAL POINT SOLUTIONS, INC.; SHAWN HOGAN; KESSLER's FLYING CIRCUS; THUNDERWOOD HOLDINGS, INC.; TODD DUNNING; DUNNING ENTERPRISES, INC.; BRIAN DUNNING; BRIANDUNNING.COM; and DOES 1-20, | |
| Defendants. | |

1

**TODD DUNNING AND DUNNING ENTERPRISE, INC.**

Date: June 26, 2009
Time: 9:00 a.m.
Judge: Honorary Jeremy Fogel

Defendants Kessler's Flying Circus, Thunderwood Holdings, Inc., Brian Dunning and BrianDunning.com (collectively, "KFC Defendants") submit the following Evidentiary Objections to the Declaration of Colleen M. Kennedy, which was submitted in support of Ebay, Inc.'s Consolidated Opposition To (1) The Motions To Dismiss The Second Amended Complaint By Defendants Digital Point Solutions, Inc., Shawn Hogan, Thunderwood Holdings, Inc., Kessler's Flying Circus, Brian Dunning, Briandunning.com, Todd Dunning, and Dunning Enterprise, Inc.; and (2) The Motions To Transfer By Defendants Digital Point Solutions, Inc., Shawn Hogan, Todd Dunning and Dunning Enterprise, Inc.:

## DECLARATION OF COLLEEN M. KENNEDY
## DATED JUNE 5, 2009[1/]

| TESTIMONY | EVIDENTIARY OBJECTIONS |
|---|---|
| 1. I am a member of the Bar of the State of California and am associated with the law firm of O'Melveny & Myers LLP, counsel of record for Plaintiff eBay Inc. ("eBay"). I submit this declaration in support of eBay's Consolidated Opposition to the Motions to Dismiss the Second Amended Complaint by Defendants Digital Point Solutions, Inc. and Shawn Hogan (collectively, the "DPS Defendants"); Thunderwood Holdings, Inc., | 1. Objection as to personal knowledge of Declarant as specified below. |

---

[1/] Paragraph numbers track Ms. Kennedy's declaration and underscoring reflects the particular statements to which the KFC Defendants object.

2

| | |
|---|---|
| Kessler's Flying Circus ("KFC"), Brian Dunning, and briandunning.com (collectively, the "KFC Defendants"); Todd Dunning and Dunning Enterprise, Inc. (collectively, the "TD Defendants"); and the Motions to Transfer by the DPS Defendants and the TD Defendants. <u>I have personal knowledge of the facts set forth in this declaration and, if called to testify as a witness, could and would do so competently.</u> | |
| 2. <u>Defendants' motions raise a number of factual issues inappropriate to a motion to dismiss. Even if the Court chose to convert any of Defendants' motions to a motion for summary judgment, discovery would be required on a number of facts essential to any summary judgment ruling. A summary judgment ruling on the issues raised by Defendants would require resolution of at least the following disputed factual Issues:</u><br><br>    a. <u>There is a factual dispute regarding the existence and terms of any binding agreement between Defendants and Commission Junction, Inc. ("CJ"). Specifically, there are unresolved questions of fact regarding: (1) whether any binding agreement was ever entered into between any Defendant and CJ; (2) which Defendants</u> | 2. Objection. This is argument, not a declaration of facts. These statements should not be considered by the Court because the statements constitute a transparent and bad faith attempt to exceed the page limitation ordered by the Court, and are not otherwise admissible evidence. |

entered into such binding agreements, if any; (3) when any such binding agreements were executed; and (4) the terms of any such binding agreements. There is likely to be evidence controverting Defendants' statements on these issues in light of the inconsistent positions Defendants have taken in this litigation and in their separate litigation with CJ (the "CJ Action"), as discussed in eBay's Consolidated Opposition to Defendants' Motions to Dismiss and Motions to Transfer ("Opposition").

    b. There is a factual dispute regarding whether, to the extent any binding Publisher Service Agreement ("PSA") existed between any of the Defendants and CJ that contained a contractual limitations provision triggered by termination of the PSA, such termination ever occurred. There is also a dispute of fact as to when any such termination occurred, if it did. There is likely to be evidence controverting Defendants' statements on these issues in light of the inconsistent positions Defendants have taken in this litigation and in the CJ Action, as discussed in eBay's Opposition.

    c. There is a factual dispute regarding whether CJ had any authority to

release the claims asserted by eBay in this litigation through the agreement it entered into with the KFC and TD Defendants to settle the CJ Action. Specifically, there are unresolved questions of fact regarding: (1) whether any agreement exists that expressly creates an agency relationship between CJ and eBay for purposes of litigation; (2) whether eBay asserted any control over CJ during the course of the prosecution and settlement of the CJ Action; (3) whether CJ representatives believed CJ was acting as eBay's agent for purposes of the settlement; (4) whether Defendants believed that CJ was acting as eBay's agent for purposes of the settlement; (5) whether any such belief was reasonable under the circumstances; (6) whether any such belief was caused by some act or neglect by eBay; (7) whether Defendants investigated the scope of CJ's authority in connection with the settlement; (8) whether eBay's claims were discussed during the negotiation of the settlement agreement; (9) whether CJ made any representations about its authority to release eBay's claims; and (10) whether the parties intended CJ's release of its claims to release eBay's claims as well. There is likely to be

| | |
|---|---|
| controverted evidence on these issues in light of the facts known to eBay and the positions taken in Defendants' motions. <br><br>     d. There is a factual dispute regarding the diligence of eBay's inquiry into Defendants' fraudulent schemes and, to the extent Defendants claim that eBay was unreasonable in relying on Defendants' fraudulent representations, the reasonableness of eBay's reliance thereon. Specifically, there are unresolved questions of fact regarding: (1) the investigation and other actions taken by eBay in response to various statements regarding Defendants' fraudulent schemes; (2) the difficulty of detecting such schemes; (3) the technological and other methods used by Defendants to conceal their schemes; and (4) the nature of the analysis undertaken by eBay that ultimately uncovered Defendants' schemes. There is likely to be controverted evidence on these issues in light of the facts known to eBay and the positions taken in Defendants' motions. | |
| 3. Many of the facts relevant to these factual disputes are in the exclusive knowledge of Defendants and third parties, including facts related to any agreement between Defendants | 3. Objection. This is argument, not a declaration of facts. These statements should not be considered by the Court because the statements constitute a transparent and bad |

| | |
|---|---|
| and CJ, the termination of any such agreement, statements made during the negotiation of the settlement of the CJ Action, and the nature of Defendants' technological methods. | faith attempt to exceed the page limitation ordered by the Court, and are not otherwise admissible evidence. |
| 4. Discovery regarding the above-listed disputed factual issues has not been completed for a number of reasons, most within Defendants' control. First, several of these factual issues were raised for the first time in Defendants' recent motions to dismiss and were unanticipated by eBay, including issues related to the purported termination of the PSA and the settlement agreement between Defendants and Cl. Second, in response to the discovery propounded by eBay to date, Defendants have asserted their Fifth Amendment rights against self-incrimination and have also contended that the documents responsive to eBay's requests are in the possession of the FBI and therefore unavailable. Because Defendants have asserted their Fifth Amendment rights, because the TD and KFC Defendants refused to provide testimony in the CJ Action based upon their Fifth Amendment rights, and because certain of the Defendants have indicated their intention | 4. Objection. This is argument, not a declaration of facts. These statements should not be considered by the Court because the statements constitute a transparent and bad faith attempt to exceed the page limitation ordered by the Court, and are not otherwise admissible evidence. |

| | |
|---|---|
| to seek a stay of this action pending the resolution of the criminal investigation against them, eBay expects that Defendants will continue to refuse to provide discovery responses, including deposition testimony, on any subject until that investigation has concluded. Third, discovery has not been completed in this action and is not currently scheduled to be completed until November 20, 2009. | |
| 5. Attached hereto as Exhibit 1 is a true and correct copy of the Joint Trial Brief filed by the TD and KFC Defendants in the CJ Action, dated March 6, 2009. | 5. Objection. Not relevant (Federal Rule of Evidence ("FRE") 402) |
| 6. Attached hereto as Exhibit 2 is a true and correct copy of eBay's Requests for Production to Digital Point Solutions, Inc., dated January 22, 2009. | 6. Objection. Not relevant (FRE 402). |
| 7. Attached hereto as Exhibit 3 is a true and correct copy of KFC's Responses to eBay's First Set of Requests for Production, dated February 25, 2009. | 7. Objection. Not relevant (FRE 402). |
| 8. Attached hereto as Exhibit 4 is a true and correct copy of Thunderwood Holdings, Inc.'s Responses to eBay's First Set of Requests for Production, dated February 26, 2009. | 8. Objection. Not relevant (FRE 402). |
| 9. Attached hereto as Exhibit 5 is a true and | 9. Objection. Not relevant (FRE 402). |

8

EVIDENTIARY OBJECTIONS TO DECLARATION OF COLLEEN M. KENNEDY
- CASE NO. CV 08-4052 JF (PVT)
370617v1 rr 6/12/09 2 (2785-0002)

| | |
|---|---|
| correct copy of BrianDunning.com's Responses to eBay's First Set of Requests for Production, dated February 26, 2009. | |
| 10. Attached hereto as Exhibit 6 is a true and correct copy of Dunning Enterprises, Inc.'s Responses to eBay's First Set of Requests for Production, dated February 26, 2009. | 10. Objection. Not relevant (FRE 402). |
| 11. Attached hereto as Exhibit 7 is a true and correct copy of Brian Dunning's Responses to eBay's First Set of Requests for Production, dated February 26, 2009. | 11. Objection. Not relevant (FRE 402). |
| 12. Attached hereto as Exhibit 8 is a true and correct copy of T. Dunning's Responses to eBay's First Set of Requests for Production, dated February 26, 2009. | 12. Objection. Not relevant (FRE 402). |
| 13. Attached hereto as Exhibit 9 is a true and correct copy of Shaw Hogan's Responses to eBay's First Set of Requests for Production, March 12, 2009. | 13. Objection. Not relevant (FRE 402). |
| 14. Attached hereto as Exhibit 10 is a true and correct copy of Digital Point Solutions, Inc.'s Responses to eBay's First Set of Requests for Production, dated March 12, 2009. | 14. Objection. Not relevant (FRE 402). |
| 15. Attached hereto as Exhibit 11 is a true and correct copy of KFC's Responses to eBay's First Set of Requests for Admission, | 15. Objection. Not relevant (FRE 402). |

| | |
|---|---|
| February 25, 2009. | |
| 16. Attached hereto as Exhibit 12 is a true and correct copy of Digital Point Solutions, Inc.'s Responses to eBay's First Set of Requests for Admission, dated March 12, 2009. | 16. Objection. Not relevant (FRE 402). |
| 17. Attached hereto as Exhibit 13 is a true and correct copy of KFC's Responses to CJ's Requests for Production in the CJ Action, dated March 13, 2008. | 17. Objection. Not relevant (FRE 402). |
| 18. Attached hereto as Exhibit 14 is a true and correct copy of Todd Dunning's Responses to CJ's Requests for Production, dated March 13, 2009. | 18. Objection. Not relevant (FRE 402). |
| 19. Attached hereto as Exhibit 15 is a true and correct copy of the Cross- Complaint filed by KFC against CJ in the CJ Action, dated July 25, 2008. | 19. Objection. Not relevant (FRE 402). |
| 20. Attached hereto as Exhibit 16 is a true and correct copy of eBay's Subpoena to CJ to Produce Documents, dated May 4, 2009. | 20. No objection. |

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

| | |
|---|---|
| 21. Attached hereto as Exhibit 17 is a true and correct copy of eBay's Subpoena to Ernster Law Offices to Produce Documents, dated May 4, 2009. | 21. No objection. |

DATED: June 12, 2009

Respectfully submitted,

RUS, MILIBAND & SMITH
A Professional Corporation

By: /s/ Leo Presiado
LEO J. PRESIADO
Attorneys for Defendants
THUNDERWOOD HOLDINGS, INC.,
BRIAN DUNNING and
BRIANDUNNING.COM

DATED: June 12, 2009

LAW OFFICES OF
PATRICK K. MCCLELLAN

By: /s/ Leo Presiado for
PATRICK K. McCLELLAN
Attorney for Defendants
KESSLER'S FLYING CIRCUS