# EXHIBIT 1

Dockets.Justia.com

| Part I | First Set of Requests for Production | Page 1 |
| Part II | Second Set of Requests for Production | Page 99 |
| Part III | First Set of Interrogatories | Page 106 |
| Part IV | First Set of Requests for Admission | Page 110 |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 1 from Set One:**<br>All documents relating to eBay, including all agreements, terms of service and terms and conditions. | Response of Defendant Brian Dunning to Request for Production No. 1 from Set One:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects to this request on the ground that it seeks production of trade secrets or other confidential information. |
| Same. | Response of Defendant BrianDunning.com to Request for Production No. 1 from Set One:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows:  Responding Party produced a limited number of |

| | PART I:  FIRST SET OF REQUESTS FOR PRODUCTION |
|---|---|
| | documents at the time of making its Initial Disclosures.  Responding Party has documents that may be responsive to this request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al.*, Superior Court, Orange County, Case No. 30-2008 00101025.  Accordingly, Responding Party is prohibited from producing these documents at this time.  Responding Party has no other documents in its possession, custody or control that are responsive to this request. |
| Same. | Response of Defendant Thunderwood Holdings, Inc. to Request for Production No. 1 from Set One:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: Responding Party produced a limited number of documents at the time of making its Initial Disclosures.  Responding Party has documents that may be responsive to this request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al.*, Superior Court, Orange County, Case No. 30-2008 00101025.  Accordingly, Responding Party is prohibited from producing these documents at this time.  Responding Party has no other documents in its possession, custody or control that are responsive to this request. |
| Same. | Response of Defendant Todd Dunning to Request for Production No. 1 from Set One:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940.  Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Defendant further objects that this request seeks documents which are neither |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| | relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Defendant further objects to this request on the ground that it seeks production of trade secrets or other confidential information. |
| Same. | Response of Defendant Dunning Enterprise, Inc. to Request for Production No. 1 from Set One: <br><br> DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  DEI further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as follows: DEI produced a limited number of documents at the time of making its Initial Disclosures.  DEI has documents that may be responsive to this request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al.*, Superior Court, Orange County, Case No. 30-2008 00101025.  Accordingly, DEI is prohibited from producing these documents at this time.  DEI has no other documents in its possession, custody or control that are responsive to this request. |
| Same. | Response of Defendant Kessler's Flying Circus to Request for Production No. 1 from Set One: <br><br> Defendant KFC objects to this request on the grounds that Plaintiffs First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC.  Defendant KFC objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  KFC further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows:  KFC produced a limited number of documents at the time of making its Initial Disclosures.  KFC has documents that may be responsive to this request that were |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| | produced to it by Commission Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al.*, Superior Court, Orange County, Case No. 30-2008 00101025.  Accordingly, KFC is prohibited from producing these documents at this time.  KFC has no other documents in its possession, custody or control that are responsive to this request. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 2 from Set One:**<br>All documents relating to, or Communications with, eBay or any current or former employee of eBay. | <u>Response of Defendant Brian Dunning to Request for Production No. 2 from Set One</u>:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is duplicative, vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects to this request on the ground that it seeks production of trade secrets or other confidential information. |
| Same. | <u>Response of Defendant BrianDunning.com to Request for Production No. 2 from Set One</u>:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows:  Responding Party produced a limited number of documents at the time of making its Initial Disclosures.  Responding Party has documents that may be responsive to this request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al.*, Superior Court, Orange County, Case No. 30-2008 00101025.  Accordingly, Responding Party is prohibited from producing these documents at this time.  Responding Party has no other documents in its possession, custody or control that are responsive to this request. |

| | PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| Same. | Response of Defendant Thunderwood Holdings, Inc. to Request for Production No. 2 from Set One:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: Responding Party produced a limited number of documents at the time of making its Initial Disclosures.  Responding Party has documents that may be responsive to this request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al.*, Superior Court, Orange County, Case No. 30-2008 00101025.  Accordingly, Responding Party is prohibited from producing these documents at this time.  Responding Party has no other documents in its possession, custody or control that are responsive to this request. |
| Same. | Response of Defendant Todd Dunning to Request for Production No. 2 from Set One:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940.  Defendant further objects on the ground that this request is duplicative, vague and ambiguous, overbroad, unduly burdensome and oppressive.  Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Defendant further objects to this request on the ground that it seeks production of trade secrets or other confidential information. |

| | PART I:  FIRST SET OF REQUESTS FOR PRODUCTION |
|---|---|
| Same. | Response of Defendant Dunning Enterprise, Inc. to Request for Production No. 2 from Set One:<br><br>DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  DEI further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as follows: DEI produced a limited number of documents at the time of making its Initial Disclosures.  DEI has documents that may be responsive to this request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al*., Superior Court, Orange County, Case No. 30-2008 00101025.  Accordingly, DEI is prohibited from producing these documents at this time.  DEI has no other documents in its possession, custody or control that are responsive to this request. |
| Same. | Response of Defendant Kessler's Flying Circus to Request for Production No. 2 from Set One:<br><br>Defendant KFC objects to this request on the grounds that Plaintiffs First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC.  KFC objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  KFC further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows:  KFC produced a limited number of documents at the time of making its Initial Disclosures.  KFC has documents that may be responsive to this request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al.*, Superior Court, Orange County, Case No. 30-2008 00101025.  Accordingly, KFC is prohibited from producing these documents at this time.  KFC has no other documents in its possession, custody or control that are responsive to this request. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 3 from Set One:**<br>All documents relating to payment of commissions or other revenue obtained by [Defendant] through participation in, interaction with or manipulation of eBay's Affiliate Marketing Program. | Response of Defendant Brian Dunning to Request for Production No. 3 from Set One:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that the this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects on the grounds that the term "manipulation" is vague, argumentative and conclusory. Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, and seeks production of trade secrets or other confidential information. |
| Same. | Response of Defendant BrianDunning.com to Request for Production No. 3 from Set One:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects on the grounds that the term "manipulation" is vague, argumentative and conclusory.  Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Responding Party further objects to this request on the ground that it violates Responding Party's right to privacy, and seeks production of trade secrets or other confidential information.  Responding Party further objects on the ground that this information is equally available to Plaintiff.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows:  Responding Party produced a limited number of documents at the time of making its Initial Disclosures.  Responding Party has documents that may be responsive to this request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al.*, Superior Court, Orange County, Case No. 30-2008 |

| | 00101025.  Accordingly, Responding Party is prohibited from producing these documents at this time.  Responding Party has no other documents in its possession, custody or control that are responsive to this request. |
|---|---|
| Same. | Response of Defendant Thunderwood Holdings, Inc. to Request for Production No. 3 from Set One: <br><br> Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects on the grounds that the term "manipulation" is vague, argumentative and conclusory.  Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Responding Party further objects to this request on the ground that it violates Responding Party's right to privacy, and seeks production of trade secrets or other confidential information.  Responding Party further objects on the ground that this information is equally available to Plaintiff.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: Responding Party produced a limited number of documents at the time of making its Initial Disclosures.  Responding Party has documents that may be responsive to this request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al.*, Superior Court, Orange County, Case No. 30-2008 00101025.  Accordingly, Responding Party is prohibited from producing these documents at this time.  Responding Party has no other documents in its possession, custody or control that are responsive to this request. |
| Same. | Response of Defendant Todd Dunning to Request for Production No. 3 from Set One: <br><br> Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940.  Defendant further objects on |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| | the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Defendant further objects on the grounds that that the term "manipulation" is vague, argumentative and conclusory.  Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Defendant further objects to this request on the ground that it violates Defendant's right to privacy, and seeks production of trade secrets or other confidential information. |
| Same. | Response of Defendant Dunning Enterprise, Inc. to Request for Production No. 3 from Set One: <br><br> DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  DEI further objects on the grounds that that the term "manipulation" is vague, argumentative and conclusory.  DEI further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  DEI further objects to this request on the ground that it violates DEI's right to privacy, and seeks production of trade secrets or other confidential information. <br><br> DEI further objects on the ground that this information is equally available to Plaintiff.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as follows:  DEI produced a limited number of documents at the time of making its Initial Disclosures.  DEI has documents that may be responsive to this request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al., Superior Court, Orange County*, Case No. 30-2008 00101025.  Accordingly, DEI is prohibited from producing these documents at this time.  DEI has no other documents in its possession, custody or control that are responsive to this request. |
| Same. | Response of Defendant Kessler's Flying Circus to Request for Production No. 3 from Set One: <br><br> Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| | has been dismissed and there is no pending complaint in existence against defendant KFC.  KFC objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  KFC further objects on the grounds that that the term "manipulation" is vague, argumentative and conclusory.  KFC further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  KFC further objects to this request on the ground that it violates KFC's right to privacy, and seeks production of trade secrets or other confidential information.  KFC further objects on the ground that this information is equally available to Plaintiff.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows:  KFC produced a limited number of documents at the time of making its Initial Disclosures.  KFC has documents that may be responsive to this request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al.*, Superior Court, Orange County, Case No. 30-2008 00101025.  Accordingly, KFC is prohibited from producing these documents at this time.  KFC has no other documents in its possession, custody or control that are responsive to this request. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 4 from Set One:**<br>All documents relating to eBay's Affiliate Marketing Program, including, but not limited to, all methods and technologies used by [Defendant] to obtain revenue from, manipulate or otherwise interact with, eBay's Affiliate Marketing Program, including, but not limited to, all software, source code, Javascript, and HTML code. | <u>Response of Defendant Brian Dunning to Request for Production No. 4 from Set One</u>:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects on the grounds that the term "manipulate" is vague, argumentative and conclusory. Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, and seeks production of trade secrets or other confidential information. |
| Same. | <u>Response of Defendant BrianDunning.com to Request for Production No. 4 from Set One</u>:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects on the grounds that the term "manipulate" is vague, argumentative and conclusory.  Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Responding Party further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows:  Responding Party produced a limited number of documents at the time of making its Initial Disclosures.  Responding Party has documents that may be responsive to this request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al.*, Superior Court, Orange County, Case No. 30-2008 00101025.  Accordingly, Responding Party is prohibited from producing these documents at this time.  Responding Party has no other documents in its |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| | possession, custody or control that are responsive to this request. |
| Same. | Response of Defendant Thunderwood Holdings, Inc. to Request for Production No. 4 from Set One:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects on the grounds that the term "manipulate" is vague, argumentative and conclusory.  Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Responding Party further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: Responding Party produced a limited number of documents at the time of making its Initial Disclosures.  Responding Party has documents that may be responsive to this request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al.*, Superior Court, Orange County, Case No. 30-2008 00101025.  Accordingly, Responding Party is prohibited from producing these documents at this time.  Responding Party has no other documents in its possession, custody or control that are responsive to this request. |
| Same. | Response of Defendant Todd Dunning to Request for Production No. 4 from Set One:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940.  Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Defendant further objects on the grounds that that the term "manipulate" is vague, argumentative and conclusory.  Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| | privilege and/or the work product doctrine.  Defendant further objects to this request on the ground that it violates Defendant's right to privacy, and seeks production of trade secrets or other confidential information. |
| Same. | Response of Defendant Dunning Enterprise, Inc. to Request for Production No. 4 from Set One: <br><br> DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  DEI further objects on the grounds that that the term "manipulate" is vague, argumentative and conclusory.  DEI further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  DEI further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as follows:  DEI produced a limited number of documents at the time of making its Initial Disclosures.  DEI has documents that may be responsive to this request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al*., Superior Court, Orange County, Case No. 30-2008 00101025.  Accordingly, DEI is prohibited from producing these documents at this time.  DEI has no other documents in its possession, custody or control that are responsive to this request. |
| Same. | Response of Defendant Kessler's Flying Circus to Request for Production No. 4 from Set One: <br><br> Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC.  KFC objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  KFC further objects on the grounds that that the term "manipulate" is vague, argumentative and conclusory.  KFC further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  KFC further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| | waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows:  KFC produced a limited number of documents at the time of making its Initial Disclosures.  KFC has documents that may be responsive to this request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al.*, Superior Court, Orange County, Case No. 30-2008 00101025.  Accordingly, KFC is prohibited from producing these documents at this time.  KFC has no other documents in its possession, custody or control that are responsive to this request. |

| PART I: FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 5 from Set One:**<br>All documents relating to advertisements for eBay used, or purported to be used, on any website or ad network that directed or referred Users to eBay as part of eBay's Affiliate Marketing Program. | <u>Response of Defendant Brian Dunning to Request for Production No. 5 from Set One</u>:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects to this request on the ground that it seeks production of trade secrets or other confidential information. |
| Same. | <u>Response of Defendant BrianDunning.com to Request for Production No. 5 from Set One</u>:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Responding Party further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: Responding Party produced a limited number of documents at the time of making its Initial Disclosures.  Responding Party has documents that may be responsive to this request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al.*, Superior Court, Orange County, Case No. 30-2008 00101025.  Accordingly, Responding Party is prohibited from producing these documents at this time.  Responding Party has no other documents in its possession, custody or control that are responsive to this request. |

| | |
|---|---|
| **PART I: FIRST SET OF REQUESTS FOR PRODUCTION** | |
| Same. | <u>Response of Defendant Thunderwood Holdings, Inc. to Request for Production No. 5 from Set One</u>:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Responding Party further objects to this request on the ground that it seeks production of trade secrets or other confidential information. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: Responding Party produced a limited number of documents at the time of making its Initial Disclosures. Responding Party has documents that may be responsive to this request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al.*, Superior Court, Orange County, Case No. 30-2008 00101025. Accordingly, Responding Party is prohibited from producing these documents at this time. Responding Party has no other documents in its possession, custody or control that are responsive to this request. |
| Same. | <u>Response of Defendant Todd Dunning to Request for Production No. 5 from Set One</u>:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects to this request on the ground that it seeks production of trade secrets or other confidential information. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| Same. | <u>Response of Defendant Dunning Enterprise, Inc. to Request for Production No. 5 from Set One</u>:<br><br>DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  DEI further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  DEI further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as follows:  DEI produced a limited number of documents at the time of making its Initial Disclosures.  DEI has documents that may be responsive to this request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al.*, Superior Court, Orange County, Case No. 30-2008 00101025.  Accordingly, DEI is prohibited from producing these documents at this time.  DEI has no other documents in its possession, custody or control that are responsive to this request. |
| Same. | <u>Response of Defendant Kessler's Flying Circus to Request for Production No. 5 from Set One</u>:<br><br>Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC.  KFC objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  KFC further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  KFC further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows:  KFC produced a limited number of documents at the time of making its Initial Disclosures.  KFC has documents that may be responsive to this request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al.*, Superior Court, Orange County, Case No. 30-2008 00101025.  Accordingly, KFC is prohibited from producing these |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| | documents at this time.  KFC has no other documents in its possession, custody or control that are responsive to this request. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 6 from Set One:**<br>All documents reflecting the number of Users who allegedly clicked on an advertisement for eBay used, or purported to be used, by [Defendant] to direct or refer Users to eBay as part of eBay's Affiliate Marketing Program. | Response of Defendant Brian Dunning to Request for Production No. 6 from Set One:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects to this request on the ground that it seeks production of trade secrets or other confidential information. |
| Same. | Response of Defendant BrianDunning.com to Request for Production No. 6 from Set One:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Responding Party further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: Responding Party produced a limited number of documents at the time of making its Initial Disclosures.  Responding Party has documents that may be responsive to this request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al.*, Superior Court, Orange County, Case No. 30-2008 00101025.  Accordingly, Responding Party is prohibited from producing these documents at this time.  Responding Party has no other documents in its possession, custody or control that are responsive to this request. |

| | |
|---|---|
| **PART I: FIRST SET OF REQUESTS FOR PRODUCTION** | |
| Same. | <u>Response of Defendant Thunderwood Holdings, Inc. to Request for Production No. 6 from Set One</u>: <br><br> Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Responding Party further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: Responding Party produced a limited number of documents at the time of making its Initial Disclosures.  Responding Party has documents that may be responsive to this request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al.*, Superior Court, Orange County, Case No. 30-2008 00101025.  Accordingly, Responding Party is prohibited from producing these documents at this time.  Responding Party has no other documents in its possession, custody or control that are responsive to this request. |
| Same. | <u>Response of Defendant Todd Dunning to Request for Production No. 6 from Set One</u>: <br><br> Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940.  Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Defendant further objects to this request on the ground that it seeks production of trade secrets or other confidential information. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| Same. | <u>Response of Defendant Dunning Enterprise, Inc. to Request for Production No. 6 from Set One</u>:<br><br>DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  DEI further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  DEI further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as follows:  DEI produced a limited number of documents at the time of making its Initial Disclosures.  DEI has documents that may be responsive to this request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al.*, Superior Court, Orange County, Case No. 30-2008 00101025.  Accordingly, DEI is prohibited from producing these documents at this time.  DEI has no other documents in its possession, custody or control that are responsive to this request. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| Same. | <u>Response of Defendant Kessler's Flying Circus to Request for Production No. 6 from Set One</u>:<br><br>Defendant KFC objects to this request on the grounds that Plaintiffs First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC.  KFC objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  KFC further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  KFC further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows:  KFC produced a limited number of documents at the time of making its Initial Disclosures.  KFC has documents that may be responsive to this request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al.*, Superior Court, Orange County, Case No. 30-2008 00101025.  Accordingly, KFC is prohibited from producing these documents at this time.  KFC has no other documents in its possession, custody or control that are responsive to this request. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 7 from Set One:**<br>All documents relating to methods or techniques intended to, or causing, a User's browser to load any eBay webpage, webpage content or data therefrom. | Response of Defendant Brian Dunning to Request for Production No. 7 from Set One:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, and seeks production of trade secrets or other confidential information. |
| Same. | Response of Defendant BrianDunning.com to Request for Production No. 7 from Set One:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Responding Party further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: Responding Party produced a limited number of documents at the time of making its Initial Disclosures.  Responding Party has documents that may be responsive to this request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al.*, Superior Court, Orange County, Case No. 30-2008 00101025.  Accordingly, Responding Party is prohibited from producing these documents at this time.  Responding Party has no other documents in its possession, custody or control that are responsive to this request. |

| | PART I:  FIRST SET OF REQUESTS FOR PRODUCTION |
|---|---|
| Same. | <u>Response of Defendant Thunderwood Holdings, Inc. to Request for Production No. 7 from Set One</u>: <br><br> Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Responding Party further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: Responding Party produced a limited number of documents at the time of making its Initial Disclosures.  Responding Party has documents that maybe responsive to this request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al.*, Superior Court, Orange County, Case No. 30-2008 00101025.  Accordingly, Responding Party is prohibited from producing these documents at this time.  Responding Party has no other documents in its possession, custody or control that are responsive to this request. |
| Same. | <u>Response of Defendant Todd Dunning to Request for Production No. 7 from Set One</u>: <br><br> Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940.  Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Defendant further objects to this request on the ground that it violates Defendant's right to privacy, and seeks production of trade secrets or other confidential information. |

| | PART I:  FIRST SET OF REQUESTS FOR PRODUCTION |
|---|---|
| Same. | Response of Defendant Dunning Enterprise, Inc. to Request for Production No. 7 from Set One: |
| | DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  DEI further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  DEI further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as follows:  DEI produced a limited number of documents at the time of making its Initial Disclosures.  DEI has documents that may be responsive to this request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al.*, Superior Court, Orange County, Case No. 30-2008 00101025.  Accordingly, DEI is prohibited from producing these documents at this time.  DEI has no other documents in its possession, custody or control that are responsive to this request. |
| Same. | Response of Defendant Kessler's Flying Circus to Request for Production No. 7 from Set One: |
| | Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC.  KFC objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  KFC further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  KFC further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows:  KFC produced a limited number of documents at the time of making its Initial Disclosures.  KFC has documents that may be responsive to this request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., el al.*, Superior Court, Orange County, Case No. 30-2008 00101025.  Accordingly, KFC is prohibited from producing these |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| | documents at this time.  KFC has no other documents in its possession, custody or control that are responsive to this request. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 8 from Set One:**<br>All documents sufficient to identify all advertising networks, advertising syndication services or websites used or purportedly used by [Defendant] to advertise or promote eBay or to interact in any way with eBay or eBay's Affiliate Marketing Programs. | Response of Defendant Brian Dunning to Request for Production No. 8 from Set One:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, and seeks production of trade secrets or other confidential information. |
| Same. | Response of Defendant BrianDunning.com to Request for Production No. 8 from Set One:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Responding Party further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: Responding Party produced a limited number of documents at the time of making its Initial Disclosures.  Responding Party has documents that may be responsive to this request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al.*, Superior Court, Orange County, Case No. 30-2008 00101025.  Accordingly, Responding Party is prohibited from producing these documents at this time.  Responding Party has no other documents in its possession, custody or control that are responsive to this request. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| Same. | Response of Defendant Thunderwood Holdings, Inc. to Request for Production No. 8 from Set One:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Responding Party further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: Responding Party produced a limited number of documents at the time of making its Initial Disclosures.  Responding Party has documents that may be responsive to this request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al.*, Superior Court, Orange County, Case No. 30-2008 00101025.  Accordingly, Responding Party is prohibited from producing these documents at this time.  Responding Party has no other documents in its possession, custody or control that are responsive to this request. |
| Same. | Response of Defendant Todd Dunning to Request for Production No. 8 from Set One:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940.  Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Defendant further objects to this request on the ground that it violates Defendant's right to privacy, and seeks production of trade secrets or other confidential information. |

| PART I: FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| Same. | Response of Defendant Dunning Enterprise, Inc. to Request for Production No. 8 from Set One: |
| | DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. DEI further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. DEI further objects to this request on the ground that it seeks production of trade secrets or other confidential information. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as follows: DEI produced a limited number of documents at the time of making its Initial Disclosures. DEI has documents that may be responsive to this request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al.*, Superior Court, Orange County, Case No. 30-2008 00101025. Accordingly, DEI is prohibited from producing these documents at this time. DEI has no other documents in its possession, custody or control that are responsive to this request. |
| Same. | Response of Defendant Kessler's Flying Circus to Request for Production No. 8 from Set One: |
| | Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC. KFC objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. KFC further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. KFC further objects to this request on the ground that it seeks production of trade secrets or other confidential information. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows: KFC produced a limited number of documents at the time of making its Initial Disclosures. KFC has documents that may be responsive to this request that were produced to it by Commission Junction, Inc. under a Confidentiality Order in the case of *Commission Junction, Inc. v. Thunderwood Holdings, Inc., et al.*, Superior Court, Orange County, Case No. 30-2008 00101025. Accordingly, KFC is prohibited from producing these |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| | documents at this time.  KFC has no other documents in its possession, custody or control that are responsive to this request. |

| PART I: FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 9 from Set One:** <br> All documents sufficient to identify all Affiliate Marketing Programs, not including eBay's Affiliate Marketing Program, with whom [Defendant] obtained revenue or otherwise interacted. | Response of Defendant Brian Dunning to Request for Production No. 9 from Set One: <br><br> Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, and seeks production of trade secrets or other confidential information. |
| Same. | Response of Defendant BrianDunning.com to Request for Production No. 9 from Set One: <br><br> Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Responding Party further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Responding Party further objects to this request on the ground that it seeks production of trade secrets or other confidential information. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: Responding Party does not have any responsive documents in its possession, custody or control. |

| | PART I:  FIRST SET OF REQUESTS FOR PRODUCTION |
|---|---|
| Same. | <u>Response of Defendant Thunderwood Holdings, Inc. to Request for Production No. 9 from Set One</u>: |
| | Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Responding Party further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows:  Responding Party does not have any responsive documents in its possession, custody or control. |
| Same. | <u>Response of Defendant Todd Dunning to Request for Production No. 9 from Set One</u>: |
| | Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940.  Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Defendant further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Defendant further objects to this request on the ground that it violates Defendant's right to privacy, and seeks production of trade secrets or other confidential information. |

| | |
|---|---|
| **PART I: FIRST SET OF REQUESTS FOR PRODUCTION** | |
| Same. | Response of Defendant Dunning Enterprise, Inc. to Request for Production No. 9 from Set One:

DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. DEI further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. DEI further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. DEI further objects to this request on the ground that it seeks production of trade secrets or other confidential information. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as follows: DEI does not have any responsive documents in its possession, custody or control. |
| Same. | Response of Defendant Kessler's Flying Circus to Request for Production No. 9 from Set One:

Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC. KFC objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. KFC further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. KFC further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. KFC further objects to this request on the ground that it seeks production of trade secrets or other confidential information. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows: KFC does not have any responsive documents in its possession, custody or control. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 10 from Set One:** <br><br> All documents relating to and/or describing methods and techniques used by any other Affiliate Marketing Program that [Defendant] interacted with, participated in or manipulated. | Response of Defendant Brian Dunning to Request for Production No. 10 from Set One: <br><br> Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects on the grounds that the term "manipulated" is vague, argumentative and conclusory. Defendant further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, and seeks production of trade secrets or other confidential information. |
| Same. | Response of Defendant BrianDunning.com to Request for Production No. 10 from Set One: <br><br> Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects on the grounds that the term "manipulated" is vague, argumentative and conclusory.  Responding Party further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Responding Party further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding |

| | |
|---|---|
| | **PART I:  FIRST SET OF REQUESTS FOR PRODUCTION** |
| | Party responds as follows:  Responding Party does not have any responsive documents in its possession, custody or control. |
| Same. | Response of Defendant Thunderwood Holdings, Inc. to Request for Production No. 10 from Set One:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects on the grounds that the term "manipulated" is vague, argumentative and conclusory.  Responding Party further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Responding Party further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: Responding Party does not have any responsive documents in its possession, custody or control. |
| Same. | Response of Defendant Todd Dunning to Request for Production No. 10 from Set One:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940.  Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Defendant further objects on the grounds that that the term "manipulated" is vague, argumentative and conclusory.  Defendant further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the |

| PART I: FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| | discovery of admissible evidence. Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, and seeks production of trade secrets or other confidential information. |
| Same. | Response of Defendant Dunning Enterprise, Inc. to Request for Production No. 10 from Set One: DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. DEI further objects on the grounds that that the term "manipulated" is vague, argumentative and conclusory. DEI further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. DEI further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. DEI further objects to this request on the ground that it seeks production of trade secrets or other confidential information. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as follows: DEI does not have any responsive documents in its possession, custody or control. |
| Same. | Response of Defendant Kessler's Flying Circus to Request for Production No. 10 from Set One: Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC. KFC objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. KFC further objects on the grounds that that the term "manipulated" is vague, argumentative and conclusory. KFC further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. KFC further objects to this request on the grounds that, as |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| | phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  KFC further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows:  KFC does not have any responsive documents in its possession, custody or control. |

| PART I: FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 11 from Set One:**<br>All documents sufficient to identify the source of any technology, technique or method used by [Defendant] to participate in, manipulate or interact with the eBay Affiliate Marketing Program, or any other Affiliate Marketing Program. | <u>Response of Defendant Brian Dunning to Request for Production No. 11 from Set One</u>:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects on the grounds that the term "manipulate" is vague, argumentative and conclusory. Defendant further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, and seeks production of trade secrets or other confidential information. |
| Same. | <u>Response of Defendant BrianDunning.com to Request for Production No. 11 from Set One</u>:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Responding Party further objects on the grounds that the term "manipulate" is vague, argumentative and conclusory. Responding Party further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Responding Party further objects to this request on the ground that it seeks production of trade secrets or other confidential information. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding |

| | PART I: FIRST SET OF REQUESTS FOR PRODUCTION |
|---|---|
| | Party responds as follows: Responding Party does not have any responsive documents in its possession, custody or control. |
| Same. | Response of Defendant Thunderwood Holdings, Inc. to Request for Production No. 11 from Set One:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Responding Party further objects on the grounds that the term "manipulate" is vague, argumentative and conclusory. Responding Party further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Responding Party further objects to this request on the ground that it seeks production of trade secrets or other confidential information. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: Responding Party does not have any responsive documents in its possession, custody or control. |
| Same. | Response of Defendant Todd Dunning to Request for Production No. 11 from Set One:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects on the grounds that that the term "manipulate" is vague, argumentative and conclusory. Defendant further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| | discovery of admissible evidence.  Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Defendant further objects to this request on the ground that it violates Defendant's right to privacy, and seeks production of trade secrets or other confidential information. |
| Same. | Response of Defendant Dunning Enterprise, Inc. to Request for Production No. 11 from Set One: DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  DEI further objects on the grounds that that the term "manipulate" is vague, argumentative and conclusory.  DEI further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  DEI further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  DEI further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as follows:  DEI does not have any responsive documents in its possession, custody or control. |
| Same. | Response of Defendant Kessler's Flying Circus to Request for Production No. 11 from Set One: KFC objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  KFC further objects on the grounds that that the term "manipulate" is vague, argumentative and conclusory.  KFC further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  KFC further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  KFC further objects to this request on the ground that |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
| --- | --- |
| | it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows:  KFC does not have any responsive documents in its possession, custody or control. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 12 from Set One:**<br>All documents sufficient to identify any individuals, groups, books, manuals or other materials consulted by [Defendant] while developing any technology, technique or method used by [Defendant] to participate in, manipulate or interact with the eBay Affiliate Marketing Program, or any other Affiliate Marketing Program. | Response of Defendant Brian Dunning to Request for Production No. 12 from Set One:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects on the grounds that the term "manipulate" is vague, argumentative and conclusory. Defendant further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, seeks production of trade secrets or other confidential information. |
| Same. | Response of Defendant BrianDunning.com to Request for Production No. 12 from Set One:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects on the grounds that the term "manipulate" is vague, argumentative and conclusory.  Responding Party further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Responding Party further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding |

| | PART I:  FIRST SET OF REQUESTS FOR PRODUCTION |
|---|---|
| | Party responds as follows:  Responding Party does not have any responsive documents in its possession, custody or control. |
| Same. | Response of Defendant Thunderwood Holdings, Inc. to Request for Production No. 12 from Set One:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects on the grounds that the term "manipulate" is vague, argumentative and conclusory.  Responding Party further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Responding Party further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: Responding Party does not have any responsive documents in its possession, custody or control. |
| Same. | Response of Defendant Todd Dunning to Request for Production No. 12 from Set One:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940.  Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Defendant further objects on the grounds that that the term "manipulate" is vague, argumentative and conclusory.  Defendant further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| | discovery of admissible evidence.  Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Defendant further objects to this request on the ground that it violates Defendant's right to privacy, seeks production of trade secrets or other confidential information. |
| Same. | Response of Defendant Dunning Enterprise, Inc. to Request for Production No. 12 from Set One: <br><br> DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  DEI further objects on the grounds that that the term "manipulate" is vague, argumentative and conclusory.  DEI further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  DEI further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  DEI further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as follows:  DEI does not have any responsive documents in its possession, custody or control. |
| Same. | Response of Defendant Kessler's Flying Circus to Request for Production No. 12 from Set One: <br><br> Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC.  KFC objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  KFC further objects on the grounds that that the term "manipulate" is vague, argumentative and conclusory.  KFC further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  KFC further objects to this request on the grounds that, as |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| | phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  KFC further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows:  KFC does not have any responsive documents in its possession, custody or control. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 13 from Set One:** <br> All documents relating to Commission Junction, including all agreements, terms of service and terms and conditions. | Response of Defendant Brian Dunning to Request for Production No. 13 from Set One: <br><br> Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects to this request on the ground that it seeks production of trade secrets or other confidential information. |
| Same. | Response of Defendant BrianDunning.com to Request for Production No. 13 from Set One: <br><br> Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Responding Party further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: Responding Party does not have any responsive documents in its possession, custody or control. |
| Same. | Response of Defendant Thunderwood Holdings, Inc. to Request for Production No. 13 from Set One: <br><br> Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Responding Party further objects to |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| | this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows:  Responding Party does not have any responsive documents in its possession, custody or control. |
| Same. | Response of Defendant Todd Dunning to Request for Production No. 13 from Set One:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940.  Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Defendant further objects to this request on the ground that it seeks production of trade secrets or other confidential information. |
| Same. | Response of Defendant Dunning Enterprise, Inc. to Request for Production No. 13 from Set One:<br><br>DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  DEI further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  DEI further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as follows:  DEI does not have any responsive documents in its possession, custody or control. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| Same. | <u>Response of Defendant Kessler's Flying Circus to Request for Production No. 13 from Set One</u>:<br><br>Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC.  KFC objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  KFC further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  KFC further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows:  KFC does not have any responsive documents in its possession, custody or control. |

| PART I: FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 14 from Set One:** <br> All documents relating to, or Communications with, Commission Junction or any current or former employee of Commission Junction. | Response of Defendant Brian Dunning to Request for Production No. 14 from Set One: <br><br> Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects to this request on the ground that it seeks production of trade secrets or other confidential information. |
| Same. | Response of Defendant BrianDunning.com to Request for Production No. 14 from Set One: <br><br> Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Responding Party further objects to this request on the ground that it seeks production of trade secrets or other confidential information. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: Responding Party does not have any responsive documents in its possession, custody or control. |
| Same. | Response of Defendant Thunderwood Holdings, Inc. to Request for Production No. 14 from Set One: <br><br> Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Responding Party further objects to |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION ||
|---|---|
| | this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows:  Responding Party does not have any responsive documents in its possession, custody or control. |
| Same. | Response of Defendant Todd Dunning to Request for Production No. 14 from Set One:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940.  Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Defendant further objects to this request on the ground that it seeks production of trade secrets or other confidential information. |
| Same. | Response of Defendant Dunning Enterprise, Inc. to Request for Production No. 14 from Set One:<br><br>DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  DEI further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  DEI further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as follows:  DEI does not have any responsive documents in its possession, custody or control. |
| Same. | Response of Defendant Kessler's Flying Circus to Request for Production No. 14 from Set One:<br><br>Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| | has been dismissed and there is no pending complaint in existence against defendant KFC.  KFC objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  KFC further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  KFC further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows:  KFC does not have any responsive documents in its possession, custody or control. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 15 from Set One:** <br><br> All documents relating to, or Communications with, Digital Point Solutions, Inc., Kessler's Flying Circus, Thunderwood Holdings, Inc., Dunning Enterprise, Inc., or briandunning.com. | Response of Defendant Brian Dunning to Request for Production No. 15 from Set One: <br><br> Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, seeks production of trade secrets or other confidential information. |
| All documents relating to, or Communications with, Digital Point Solutions, Inc., Kessler's Flying Circus, Thunderwood Holdings, Inc., or Dunning Enterprise, Inc. | Response of Defendant BrianDunning.com to Request for Production No. 15 from Set One: <br><br> Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Responding Party further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: Responding Party does not have any responsive documents in its possession, custody or control. |
| All documents relating to, or Communications with, Digital Point Solutions, Inc., Kessler's Flying Circus, Dunning | Response of Defendant Thunderwood Holdings, Inc. to Request for Production No. 15 from Set One: <br><br> Responding Party objects on the ground that this request is vague and ambiguous, overbroad, |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION |
|---|

| | |
|---|---|
| Enterprise, Inc., or briandunning.com. | unduly burdensome and oppressive.  Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Responding Party further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: Responding Party does not have any responsive documents in its possession, custody or control. |
| All documents relating to, or Communications with, Digital Point Solutions, Inc., Kessler's Flying Circus, Thunderwood Holdings, Inc., Dunning Enterprise, Inc., or briandunning.com. | Response of Defendant Todd Dunning to Request for Production No. 15 from Set One: <br><br> Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940.  Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Defendant further objects to this request on the ground that it violates Defendant's right to privacy, seeks production of trade secrets or other confidential information. |
| All documents relating to, or Communications with, Digital Point Solutions, Inc., Kessler's Flying Circus, Thunderwood Holdings, Inc., or briandunning.com. | Response of Defendant Dunning Enterprise, Inc. to Request for Production No. 15 from Set One: <br><br> DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  DEI further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  DEI further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, |

| PART I: FIRST SET OF REQUESTS FOR PRODUCTION | |
| --- | --- |
| | DEI responds as follows: DEI does not have any responsive documents in its possession, custody or control. |
| All documents relating to, or Communications with, Digital Point Solutions, Inc., Kessler's Flying Circus, Thunderwood Holdings, Inc., or briandunning.com. | <u>Response of Defendant Kessler's Flying Circus to Request for Production No. 15 from Set One</u>:<br><br>Defendant KFC objects to this request on the grounds that Plaintiffs First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC. KFC objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. KFC further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. KFC further objects to this request on the ground that it seeks production of trade secrets or other confidential information. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows: KFC does not have any responsive documents in its possession, custody or control. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 16 from Set One:**<br>All Communications with Todd Dunning or Shawn Hogan. | Response of Defendant Brian Dunning to Request for Production No. 16 from Set One:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that it violates privacy rights of Defendant and third parties. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, and seeks production of trade secrets or other confidential information. |
| All Communications with Shawn Hogan, Todd Dunning or Brian Dunning. | Response of Defendant BrianDunning.com to Request for Production No. 16 from Set One:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Responding Party further objects to this request on the ground that it violates privacy rights of third parties.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows:  Responding Party does not have any responsive documents in its possession, custody or control. |
| All Communications with Todd Dunning, Brian Dunning or Shawn Hogan. | Response of Defendant Thunderwood Holdings, Inc. to Request for Production No. 16 from Set One:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects to this request on the |

| | PART I:  FIRST SET OF REQUESTS FOR PRODUCTION |
|---|---|
| | grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Responding Party further objects to this request on the ground that it violates privacy rights of third parties.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: Responding Party does not have any responsive documents in its possession, custody or control. |
| All Communications with Brian Dunning or Shawn Hogan. | Response of Defendant Todd Dunning to Request for Production No. 16 from Set One:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940.  Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that it violates privacy rights of Defendant and third parties, and seeks production of trade secrets or other confidential information. |
| All Communications with Brian Dunning, Todd Dunning or Shawn Hogan. | Response of Defendant Dunning Enterprise, Inc. to Request for Production No. 16 from Set One:<br><br>DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  DEI further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  DEI further objects to this request on the ground that it violates privacy rights of third parties.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as follows:  DEI does not have any responsive documents in its possession, custody or control. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| All Communications with Brian Dunning, Todd Dunning or Shawn Hogan. | <u>Response of Defendant Kessler's Flying Circus to Request for Production No. 16 from Set One</u>:<br><br>Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC.  KFC objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  KFC further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  KFC further objects to this request on the ground that it violates privacy rights of third parties.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows:  KFC does not have any responsive documents in its possession, custody or control. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 17 from Set One:**<br>All documents relating to, or Communications with, Rachael Hughes, or any companies or entities owned, controlled, affiliated with or used by Rachael Hughes, relating to eBay's Affiliate Marketing Program including, but not limited to, any agreements with Rachael Hughes and company and any technology transferred to or from Rachael Hughes and Company. | Response of Defendant Brian Dunning to Request for Production No. 17 from Set One:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, and Plaintiff has failed to identify the person or entity Rachel Hughes.  Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. |
| Same. | Response of Defendant BrianDunning.com to Request for Production No. 17 from Set One:<br><br>Responding Party objects to this request on the grounds that Rachel Hughes is unknown to Responding Party, therefore no response is possible and all objections are reserved until eBay properly identifies this person or entity. |
| Same. | Response of Defendant Thunderwood Holdings, Inc. to Request for Production No. 17 from Set One:<br><br>Responding Party objects to this request on the grounds that Rachel Hughes is unknown to Responding Party, therefore no response is possible and all objections are reserved until eBay properly identifies this person or entity. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| Same. | <u>Response of Defendant Todd Dunning to Request for Production No. 17 from Set One</u>:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940.  Defendant further objects on the ground that this request is vague and ambiguous, and Plaintiff has failed to identify the person or entity Rachel Hughes.  Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. |
| Same. | <u>Response of Defendant Dunning Enterprise, Inc. to Request for Production No. 17 from Set One</u>:<br><br>DEI objects to this request on the grounds that Rachel Hughes is unknown to DEI, therefore no response is possible and all objections are reserved until eBay properly identifies this person or entity. |
| Same. | <u>Response of Defendant Kessler's Flying Circus to Request for Production No. 17 from Set One</u>:<br><br>Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC.  KFC objects to this request on the grounds that Rachel Hughes is unknown to KFC, therefore no response is possible and all objections are reserved until eBay properly identifies this person or entity. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 18 from Set One:**<br>All documents sufficient to describe all phone numbers, email addresses, web pages, instant messenger or mail accounts and social network accounts maintained, formerly maintained or registered to [Defendant]. | Response of Defendant Brian Dunning to Request for Production No. 18 from Set One:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70,77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, and seeks production of trade secrets or other confidential information. |
| Same. | Response of Defendant BrianDunning.com to Request for Production No. 18 from Set One:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Responding Party further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows:  Responding Party does not have possession, custody, or control of any responsive documents. |
| Same. | Response of Defendant Thunderwood Holdings, Inc. to Request for Production No. 18 from Set One:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| | the discovery of admissible evidence.  Responding Party further objects.  to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: Responding Party does not have possession, custody, or control of any responsive documents. |
| Same. | Response of Defendant Todd Dunning to Request for Production No. 18 from Set One: <br><br> Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940.  Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that it violates Defendant's right to privacy, and seeks production of trade secrets or other confidential information. |
| Same. | Response of Defendant Dunning Enterprise, Inc. to Request for Production No. 18 from Set One: <br><br> DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  DEI objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  DEI further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as follows:  DEI does not have possession, custody, or control of any responsive documents. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| Same. | <u>Response of Defendant Kessler's Flying Circus to Request for Production No. 18 from Set One</u>:<br><br>Defendant KFC objects to this request on the grounds that Plaintiffs First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC.  KFC objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  KFC objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  KFC further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows:  KFC does not have possession, custody, or control of any responsive documents. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 19 from Set One:**<br>Documents sufficient to identify any Aliases used by [Defendant] in any Internet Forum at or within which [Defendant] discussed any aspect of their participation in, manipulation of or interaction with eBay's Affiliate Marketing Program, or any other Affiliate Marketing Programs, including, but not limited to, forums such as blogs, listservs, Usenet newsgroups or chat rooms. | Response of Defendant Brian Dunning to Request for Production No. 19 from Set One:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that the term "manipulation" is vague, argumentative and conclusory. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, and seeks production of trade secrets or other confidential information. |
| Same. | Response of Defendant BrianDunning.com to Request for Production No. 19 from Set One:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects on the grounds that the term "manipulation" is vague, argumentative and conclusory.  Responding Party further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows:  Responding Party does not have possession, custody, or control of any responsive documents. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| Same. | <u>Response of Defendant Thunderwood Holdings, Inc. to Request for Production No. 19 from Set One</u>:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects on the grounds that the term "manipulation" is vague, argumentative and conclusory.  Responding Party further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows:  Responding Party does not have possession, custody, or control of any responsive documents. |
| Same. | <u>Response of Defendant Todd Dunning to Request for Production No. 19 from Set One</u>:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940.  Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Defendant further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects on the grounds that that the term "manipulation" is vague, argumentative and conclusory.  Defendant further objects to this request on the ground that it violates Defendant's right to privacy, and seeks production of trade secrets or other confidential information. |

| | PART I:  FIRST SET OF REQUESTS FOR PRODUCTION |
|---|---|
| Same. | <u>Response of Defendant Dunning Enterprise, Inc. to Request for Production No. 19 from Set One</u>:<br><br>DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  DEI further objects on the grounds that that the term "manipulation" is vague, argumentative and conclusory.  DEI further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as follows:  DEI does not have possession, custody, or control of any responsive documents. |
| Same. | <u>Response of Defendant Kessler's Flying Circus to Request for Production No. 19 from Set One</u>:<br><br>Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC.  KFC objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  KFC further objects on the grounds that that the term "manipulation" is vague, argumentative and conclusory.  KFC further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows:  KFC does not have possession, custody, or control of any responsive documents. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 20 from Set One:**<br>Documents sufficient to identify any Internet Forum at or within which [Defendant] discussed any aspect of his participation in, manipulation of or interaction with eBay's Affiliate Marketing Programs, or any other Affiliate Marketing Programs, including, but not limited to, forums such as blogs, listservs, Usenet newsgroups or chat rooms. | Response of Defendant Brian Dunning to Request for Production No. 20 from Set One:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects on the grounds that the term "manipulation" is vague, argumentative and conclusory. Defendant further objects that to the :extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, seeks production of trade secrets or other confidential information. |
| Same. | Response of Defendant BrianDunning.com to Request for Production No. 20 from Set One:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects on the grounds that the term "manipulation" is vague, argumentative and conclusory.  Responding Party further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows:  Responding Party does not have possession, custody, or control of any responsive documents. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| Same. | **Response of Defendant Thunderwood Holdings, Inc. to Request for Production No. 20 from Set One**: <br><br> Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects on the grounds that the term "manipulation" is vague, argumentative and conclusory.  Responding Party further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: Responding Party does not have possession, custody, or control of any responsive documents. |
| Same. | **Response of Defendant Todd Dunning to Request for Production No. 20 from Set One**: <br><br> Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940.  Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Defendant further objects on the grounds that that the term "manipulation" is vague, argumentative and conclusory.  Defendant further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that it violates Defendant's right to privacy, seeks production of trade secrets or other confidential information. |

| PART I: FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| Same. | <u>Response of Defendant Dunning Enterprise, Inc. to Request for Production No. 20 from Set One</u>:<br><br>DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. DEI further objects on the grounds that that the term "manipulation" is vague, argumentative and conclusory. DEI further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as follows: DEI does not have possession, custody, or control of any responsive documents. |
| Same. | <u>Response of Defendant Kessler's Flying Circus to Request for Production No. 20 from Set One</u>:<br><br>Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC. KFC objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. KFC further objects on the grounds that that the term "manipulation" is vague, argumentative and conclusory. KFC further objects that to the extent this request seeks documents related to programs other than eBay's Affiliate Marketing Program, the request is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows: KFC does not have possession, custody, or control of any responsive documents. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 21 from Set One:**<br>Documents sufficient to identify all internet service providers (ISPs) and IP addresses used by [Defendant]. | <u>Response of Defendant Brian Dunning to Request for Production No. 21 from Set One</u>:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, seeks production of trade secrets or other confidential information. |
| Same. | <u>Response of Defendant BrianDunning.com to Request for Production No. 21 from Set One</u>:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows:  Responding Party does not have possession, custody, or control of any responsive documents. |
| Same. | <u>Response of Defendant Thunderwood Holdings, Inc. to Request for Production No. 21 from Set One</u>:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party |

| | PART I: FIRST SET OF REQUESTS FOR PRODUCTION |
|---|---|
| | responds as follows: Responding Party does not have possession, custody, or control of any responsive documents. |
| Same. | <u>Response of Defendant Todd Dunning to Request for Production No. 21 from Set One</u>:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, seeks production of trade secrets or other confidential information. |
| Same. | <u>Response of Defendant Dunning Enterprise, Inc. to Request for Production No. 21 from Set One</u>:<br><br>DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. DEI objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as follows: DEI does not have possession, custody, or control of any responsive documents. |
| Same. | <u>Response of Defendant Kessler's Flying Circus to Request for Production No. 21 from Set One</u>:<br><br>Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC. KFC objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. KFC objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| | evidence.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows:  KFC does not have possession, custody, or control of any responsive documents. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 22 from Set One:**<br>Documents sufficient to identify all computers, servers, electronic data storage and hosting companies, entities, or facilities used by [Defendant]. | Response of Defendant Brian Dunning to Request for Production No. 22 from Set One:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, seeks production of trade secrets or other confidential information. |
| Same. | Response of Defendant BrianDunning.com to Request for Production No. 22 from Set One:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows:  To the extent that Responding Party was a partner in Kessler's Flying Circus, which had computers and stored data, this material is currently in the possession of the FBI and not available to Responding Party.  Responding Party does not have possession, custody, or control of any responsive documents. |
| Same. | Response of Defendant Thunderwood Holdings, Inc. to Request for Production No. 22 from Set One:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| | the discovery of admissible evidence.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: To the extent that Responding Party was a partner in Kessler's Flying Circus, which had computers and stored data, this material is currently in the possession of the FBI and not available to Responding Party.  Responding Party does not have possession, custody, or control of any responsive documents. |
| Same. | Response of Defendant Todd Dunning to Request for Production No. 22 from Set One: <br><br> Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940.  Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that it violates Defendant's right to privacy, seeks production of trade secrets or other confidential information. |
| Same. | Response of Defendant Dunning Enterprise, Inc. to Request for Production No. 22 from Set One: <br><br> DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  DEI objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as follows: To the extent that DEI was a partner in Kessler's Flying Circus, which had computers and stored data, this material is currently in the possession of the FBI and not available to DEI.  DEI does not have possession, custody, or control of any responsive documents. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| Same. | <u>Response of Defendant Kessler's Flying Circus to Request for Production No. 22 from Set One</u>:<br><br>Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC.  KFC objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  KFC objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows:  To the extent that KFC was a partner in Kessler's Flying Circus, which had computers and stored data, this material is currently in the possession of the FBI and not available to KFC.  KFC does not have possession, custody, or control of any responsive documents. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 23 from Set One:**<br>Documents sufficient to identify any entity used or hired to maintain or restore electronic data or systems relating to [Defendant's] participation in, manipulation of or interaction with eBay's Affiliate Marketing Program. | Response of Defendant Brian Dunning to Request for Production No. 23 from Set One:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects on the grounds that the term "manipulation" is vague, argumentative and conclusory. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, seeks production of trade secrets or other confidential information. |
| Same. | Response of Defendant BrianDunning.com to Request for Production No. 23 from Set One:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects on the grounds that the term "manipulation" is vague, argumentative and conclusory.  Responding Party further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: Responding Party does not have possession, custody, or control of any responsive documents. |
| Same. | Response of Defendant Thunderwood Holdings, Inc. to Request for Production No. 23 from Set One:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects on the grounds that the term "manipulation" is vague, argumentative and conclusory.  Responding Party further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| | interpretation as to the meaning of this request, Responding Party responds as follows: Responding Party does not have possession, custody, or control of any responsive documents. |
| Same. | Response of Defendant Todd Dunning to Request for Production No. 23 from Set One: <br><br> Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940.  Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Defendant further objects on the grounds that that the term "manipulation" is vague, argumentative and conclusory.  Defendant further objects to this request on the ground that it violates Defendant's right to privacy, seeks production of trade secrets or other confidential information. |
| Same. | Response of Defendant Dunning Enterprise, Inc. to Request for Production No. 23 from Set One: <br><br> DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  DEI further objects on the grounds that that the term "manipulation" is vague, argumentative and conclusory.  DEI further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as follows:  DEI does not have possession, custody, or control of any responsive documents. |
| Same. | Response of Defendant Kessler's Flying Circus to Request for Production No. 23 from Set One: <br><br> Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC.  KFC objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  KFC further objects on the grounds that that the term "manipulation" is vague, |

| | PART I:  FIRST SET OF REQUESTS FOR PRODUCTION |
|---|---|
| | argumentative and conclusory.  KFC further objects to this request on the ground that it seeks production of trade secrets or other confidential information.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows:  KFC does not have possession, custody, or control of any responsive documents. |

| PART I: FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 24 from Set One:**<br>Documents sufficient to identify software used to clean, reformat or erase hard-drives used by [Defendant], or any equipment owned, used or maintained by [Defendant]. | <u>Response of Defendant Brian Dunning to Request for Production No. 24 from Set One</u>:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, seeks production of trade secrets or other confidential information. |
| Same. | <u>Response of Defendant BrianDunning.com to Request for Production No. 24 from Set One</u>:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Responding Party further objects to this request on the ground that it seeks production of trade secrets or other confidential information. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: Responding Party does not have possession, custody, or control of any responsive documents. |
| Same. | <u>Response of Defendant Thunderwood Holdings, Inc. to Request for Production No. 24 from Set One</u>:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Responding Party further objects to this request on the ground that it seeks production of trade secrets or other confidential information. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: Responding Party does not have possession, custody, or control of any responsive documents. |

| | PART I: FIRST SET OF REQUESTS FOR PRODUCTION |
|---|---|
| Same. | Response of Defendant Todd Dunning to Request for Production No. 24 from Set One: <br><br> Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, seeks production of trade secrets or other confidential information. |
| Same. | Response of Defendant Dunning Enterprise, Inc. to Request for Production No. 24 from Set One: <br><br> DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. DEI further objects to this request on the ground that it seeks production of trade secrets or other confidential information. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as follows: DEI does not have possession, custody, or control of any responsive documents. |
| Same. | Response of Defendant Kessler's Flying Circus to Request for Production No. 24 from Set One: <br><br> Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC. KFC objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. KFC further objects to this request on the ground that it seeks production of trade secrets or other confidential information. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows: KFC does not have possession, custody, or control of any responsive documents. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 25 from Set One:**<br>All documents sufficient to identify all business entities or fictitious business names currently or formerly maintained by [Defendant]. | Response of Defendant Brian Dunning to Request for Production No. 25 from Set One:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. |
| Same. | Response of Defendant BrianDunning.com to Request for Production No. 25 from Set One:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows:  Responding Party does not have possession, custody, or control of any responsive documents. |
| Same. | Response of Defendant Thunderwood Holdings, Inc. to Request for Production No. 25 from Set One:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: Responding Party does not have possession, custody, or |

| | PART I:  FIRST SET OF REQUESTS FOR PRODUCTION |
|---|---|
| | control of any responsive documents. |
| Same. | <u>Response of Defendant Todd Dunning to Request for Production No. 25 from Set One</u>:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940.  Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. |
| Same. | <u>Response of Defendant Dunning Enterprise, Inc. to Request for Production No. 25 from Set One</u>:<br><br>DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  DEI further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as follows: DEI does not have possession, custody, or control of any responsive documents. |
| Same. | <u>Response of Defendant Kessler's Flying Circus to Request for Production No. 25 from Set One</u>:<br><br>Defendant KFC objects to this request on the grounds that Plaintiffs First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC.  KFC objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  KFC further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows:  KFC does |

| | PART I:  FIRST SET OF REQUESTS FOR PRODUCTION |
|---|---|
| | not have possession, custody, or control of any responsive documents. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 26 from Set One:**<br>All documents filed by Brian Dunning with any Secretary of State. | <u>Response of Defendant Brian Dunning to Request for Production No. 26 from Set One</u>:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is overbroad, unduly burdensome and oppressive. Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. |
| All documents filed by briandunning.com with any Secretary of State. | <u>Response of Defendant BrianDunning.com to Request for Production No. 26 from Set One</u>:<br><br>Responding Party objects on the ground that this request is overbroad, unduly burdensome and oppressive.  Responding Party further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows:  Other than the documents Responding Party produced as part of its Initial Disclosures, Responding Party has no other documents in its possession, custody or control that are responsive to this request. |
| All documents relating to the incorporation of Thunderwood. | <u>Response of Defendant Thunderwood Holdings, Inc. to Request for Production No. 26 from Set One</u>:<br><br>Responding Party objects on the ground that this request is overbroad, unduly burdensome and oppressive.  Responding Party further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: Other than the documents Responding Party produced as part of its Initial Disclosures, |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| | Responding Party has no other documents in its possession, custody or control that are responsive to this request. |
| All documents filed by Todd Dunning with any Secretary of State. | Response of Defendant Todd Dunning to Request for Production No. 26 from Set One:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940.  Defendant further objects on the ground that this request is overbroad, unduly burdensome and oppressive.  Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. |
| All documents relating to the incorporation of Dunning Enterprise. | Response of Defendant Dunning Enterprise, Inc. to Request for Production No. 26 from Set One:<br><br>DEI objects on the ground that this request is overbroad, unduly burdensome and oppressive. DEI further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as follows: Other than the documents DEI produced as part of its Initial Disclosures, DEI has no other documents in its possession, custody or control that are responsive to this request. |
| All documents filed by KFC with any Secretary of State. | Response of Defendant Kessler's Flying Circus to Request for Production No. 26 from Set One:<br><br>Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows:  Other than the documents KFC produced as part of its Initial Disclosures, KFC has no other documents in its possession, custody or control that are responsive to this request. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 27 from Set One:**<br>Documents sufficient to show the structure and organization of all companies or other entities owned or controlled by Brian Dunning that were involved in or interacted with any Affiliate Marketing Program. | Response of Defendant Brian Dunning to Request for Production No. 27 from Set One:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. |
| Documents sufficient to show the structure and organization of briandunning.com and all companies or other entities owned or controlled by briandunning.com that were involved in or interacted with any Affiliate Marketing Program. | Response of Defendant BrianDunning.com to Request for Production No. 27 from Set One:<br><br>Responding Party objects on the ground that this request is overbroad, unduly burdensome and oppressive.  Responding Party further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows:  Other than the documents Responding Party produced as part of its Initial Disclosures, Responding Party has no other documents in its possession, custody or control that are responsive to this request. |
| All documents filed by Thunderwood with any Secretary of State. | Response of Defendant Thunderwood Holdings, Inc. to Request for Production No. 27 from Set One:<br><br>Responding Party objects on the ground that this request is overbroad, unduly burdensome and oppressive.  Responding Party further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as |

| PART I: FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| | follows: Other than the documents Responding Party produced as part of its Initial Disclosures, Responding Party has no other documents in its possession, custody or control that are responsive to this request. |
| Documents sufficient to show the structure and organization of all companies or other entities owned or controlled by Todd Dunning that were involved in or interacted with any Affiliate Marketing Program. | Response of Defendant Todd Dunning to Request for Production No. 27 from Set One: <br><br> Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. |
| All documents filed by Dunning Enterprise with any Secretary of State. | Response of Defendant Dunning Enterprise, Inc. to Request for Production No. 27 from Set One: <br><br> DEI objects on the ground that this request is overbroad, unduly burdensome and oppressive. DEI further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as follows: Other than the documents DEI produced as part of its Initial Disclosures, DEI has no other documents in its possession, custody or control that are responsive to this request. |
| Documents sufficient to show the structure and organization of KFC and all companies or other entities owned or controlled by KFC that were involved in or interacted with any Affiliate | Response of Defendant Kessler's Flying Circus to Request for Production No. 27 from Set One: <br><br> Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC. KFC objects on the ground that this request is overbroad, unduly burdensome and oppressive. KFC further objects that this request seeks documents which are neither relevant to the subject matter |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| Marketing Program. | of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows:  Other than the documents KFC produced as part of its Initial Disclosures, KFC has no other documents in its possession, custody or control that are responsive to this request. |

| PART I: FIRST SET OF REQUESTS FOR PRODUCTION | |
| --- | --- |
| **Request for Production No. 28 from Set One:**<br>Documents sufficient to identify all employees, contractors or temporary employees of Brian Dunning, their dates of employment, duties, salary and any other compensation. | Response of Defendant Brian Dunning to Request for Production No. 28 from Set One:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that it violates privacy rights of third parties, seeks production of trade secrets or other confidential information. |
| Documents sufficient to identify all employees, contractors or temporary employees of briandunning.com, their dates of employment, duties, salary and any other compensation. | Response of Defendant BrianDunning.com to Request for Production No. 28 from Set One:<br><br>Responding Party objects on the ground that this request is overbroad, unduly burdensome and oppressive. Responding Party further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this request on the ground that it violates privacy rights of third parties, seeks production of trade secrets or other confidential information. |
| Documents sufficient to show the structure and organization of all companies or other entities owned or controlled by Thunderwood that were involved in or interacted with any Affiliate Marketing Program. | Response of Defendant Thunderwood Holdings, Inc. to Request for Production No. 28 from Set One:<br><br>Responding Party objects on the ground that this request is overbroad, unduly burdensome and oppressive. Responding Party further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: Other than the documents Responding Party produced as part of its Initial Disclosures, |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| | Responding Party has no other documents in its possession, custody or control that are responsive to this request. |
| Documents sufficient to identify all employees, contractors or temporary employees of Todd Dunning, their dates of employment, duties, salary and any other compensation. | <u>Response of Defendant Todd Dunning to Request for Production No. 28 from Set One</u>:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v, Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940.  Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that it violates privacy rights of third parties, seeks production of trade secrets or other confidential information. |
| Documents sufficient to show the structure and organization of Dunning Enterprise and all companies or other entities owned or controlled by Dunning Enterprise that were involved in or interacted with any Affiliate Marketing Program. | <u>Response of Defendant Dunning Enterprise, Inc. to Request for Production No. 28 from Set One</u>:<br><br>DEI objects on the ground that this request is overbroad, unduly burdensome and oppressive.  DEI further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as follows: Other than the documents DEI produced as part of its Initial Disclosures, DEI has no other documents in its possession, custody or control that are responsive to this request. |
| Documents sufficient to identify all employees, contractors or temporary employees of KFC, their dates of employment, duties, salary and any other compensation. | <u>Response of Defendant Kessler's Flying Circus to Request for Production No. 28 from Set One</u>:<br><br>Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC.  KFC objects on the ground that this request is overbroad, unduly burdensome and oppressive.  KFC further objects that this request seeks documents which are neither relevant to the subject matter |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| | of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  KFC further objects to this request on the ground that it violates privacy rights of third parties, seeks production of trade secrets or other confidential information. |

| PART I: FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 29 from Set One:** Documents sufficient to identify all employees, contractors or temporary employees of Thunderwood, their dates of employment, duties, salary and any other compensation. | Response of Defendant Thunderwood Holdings, Inc. to Request for Production No. 29 from Set One: <br><br> Responding Party objects on the ground that this request is overbroad, unduly burdensome and oppressive. Responding Party further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this request on the ground that it violates privacy rights of third parties, seeks production of trade secrets or other confidential information. |
| Documents sufficient to identify all employees, contractors or temporary employees of Dunning Enterprise, their dates of employment, duties, salary and any other compensation. | Response of Defendant Dunning Enterprise, Inc. to Request for Production No. 29 from Set One: <br><br> DEI objects on the ground that this request is overbroad, unduly burdensome and oppressive. DEI further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. DEI further objects to this request on the ground that it violates privacy rights of third parties, seeks production of trade secrets or other confidential information. Subject to and without waiving the foregoing objections and based on DEI's reasonable belief as to the meaning of this request, DEI responds as follows: DEI will produce non-privileged documents in its possession that identify all employees, contractors or temporary employees of DEI and their positions. All documents in DEI's possession, custody, and control are attached hereto with number DEI000001 and 2. |

| PART I: FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 31 from Set One:**<br>All documents relating to the transfer or assumption of any liability by Brian Dunning. | <u>Response of Defendant Brian Dunning to Request for Production No. 31 from Set One</u>:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that it violates Defendant's right to privacy, and seeks production of trade secrets or other confidential information. |
| All documents relating to the transfer or assumption of any liability by Todd Dunning. | <u>Response of Defendant Todd Dunning to Request for Production No. 31 from Set One</u>:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940.  Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Defendant further objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Defendant further objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this request on the ground that it violates Defendant's right to privacy, and seeks production of trade secrets or other confidential information. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 32 from Set One:**<br>All documents relating to any insurance policies relevant to this action. | Response of Defendant Brian Dunning to Request for Production No. 32 from Set One:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Defendant further objects on the ground that this request is vague and ambiguous. |
| All documents relating to the transfer or assumption of any liability by briandunning.com. | Response of Defendant BrianDunning.com to Request for Production No. 32 from Set One:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows:  Responding Party does not have possession, custody, or control of any responsive documents. |
| All documents relating to any insurance policies relevant to this action. | Response of Defendant Todd Dunning to Request for Production No. 32 from Set One:<br><br>Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940.  Defendant further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Defendant further |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| | objects on the ground that this request is vague and ambiguous. |
| All documents relating to the transfer or assumption of any liability by KFC. | <u>Response of Defendant Kessler's Flying Circus to Request for Production No. 32 from Set One</u>:<br><br>Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC.  KFC objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  KFC objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  KFC further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows:  KFC does not have possession, custody, or control of any responsive documents. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 33 from Set One:**<br>[To briandunning.com].<br>All documents relating to any insurance policies relevant to this action. | Response of Defendant BrianDunning.com to Request for Production No. 33 from Set One:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows:  Responding Party does not have possession, custody, or control of any responsive documents. |
| All documents relating to the transfer or assumption of any liability by Thunderwood. | Response of Defendant Thunderwood Holdings, Inc. to Request for Production No. 33 from Set One:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: Responding Party does not have possession, custody, or control of any responsive documents. |
| All documents relating to the transfer or assumption of any liability by Dunning Enterprise. | Response of Defendant Dunning Enterprise, Inc. to Request for Production No. 33 from Set One:<br><br>DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  DEI objects that this request seeks documents which are neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.  DEI further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| | and/or the work product doctrine.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as follows: DEI does not have possession, custody, or control of any responsive documents. |
| [To KFC].<br>All documents relating to any insurance policies relevant to this action. | Response of Defendant Kessler's Flying Circus to Request for Production No. 33 from Set One:<br><br>Defendant KFC objects to this request on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC.  KFC objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  KFC further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, KFC responds as follows:  KFC does not have possession, custody, or control of any responsive documents. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 34 from Set One:**<br>[To Thunderwood].<br>All documents relating to any insurance policies relevant to this action. | Response of Defendant Thunderwood Holdings, Inc. to Request for Production No. 34 from Set One:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: Responding Party does not have possession, custody, or control of any responsive documents. |
| [To Dunning Enterprise].<br>All documents relating to any insurance policies relevant to this action. | Response of Defendant Dunning Enterprise, Inc. to Request for Production No. 34 from Set One:<br><br>DEI objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  DEI further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, DEI responds as follows: DEI does not have possession, custody, or control of any responsive documents. |

| PART II: SECOND SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request No. 33 of Set Two:** [To Brian Dunning]. All documents relating to the settlement of the CJ Litigation, including Communications with Commission Junction regarding settlement, proposed or draft settlement agreements or portions of such agreements, and any other Documents relating to the negotiation, drafting and execution of the Settlement Agreement. | Response of Defendant Brian Dunning to Request No. 33 of Set Two: Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive. Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine. Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: Responding Party will produce all non-privileged documents responsive to this Request in its possession, custody and/or control, if any, at a time and place mutually convenient to the parties. |
| [To Todd Dunning]. All documents relating to the settlement of the CJ Litigation, including Communications with Commission Junction regarding settlement, proposed or draft settlement agreements or portions of such agreements, and any other Documents relating to the negotiation, drafting and execution of the Settlement Agreement. | Response of Defendant Todd Dunning to Request No. 33 of Set Two: The only non-privileged document in the possession of this defendant relating to the settlement of the CJ Litigation is the Settlement and Mutual General Release Agreement, dated March 9, 2009, between Kessler's Flying Circus, a general partnership, Dunning Enterprise, Inc., a California corporation, and Todd Dunning, an individual, on the one side, and Commission Junction, Inc., a Delaware corporation, on the other side (the "Settlement Agreement"). A true and correct copy of the Settlement Agreement is attached hereto as Exhibit A. This defendant did not prepare any drafts or portions of drafts, or any other documents relating to this Settlement Agreement. Counsel for Commission Junction, Inc. prepared the entire document on or about March 9, 2009, as far as this defendant knows. This defendant in informed that this same document has been produced to plaintiff by Commission Junction, Inc. in response to a subpoena recently served by plaintiff. In addition to this response, this defendant objects under California Evidence Code §1119, Federal Rules of Evidence §408, and Local Rule ADR 6-12, to the production of documents prepared by the parties to the CJ Litigation for use in court-ordered mediations conducted during the course of the CJ Litigation. |

| PART II:  SECOND SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request No. 34 of Set Two:** [To Brian Dunning]. All documents relating to any termination of a contractual or other business relationship between any of Defendants and Commission Junction, including any termination of an agreement entered into between any of Defendants and Commission Junction referred to as a Publisher Service Agreement. | Response of Defendant Brian Dunning to Request No. 34 of Set Two: <br><br> Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: Responding Party will produce all non-privileged documents responsive to this Request in its possession, custody and/or control, if any, at a time and place mutually convenient to the parties. |
| [To BrianDunning.com]. All documents relating to the settlement of the CJ Litigation, including communications with Commission Junction regarding settlement, proposed or draft settlement agreements or portions of such agreements, and any other Documents relating to the negotiation, drafting and execution of the Settlement Agreement. | Response of Defendant BrianDunning.com to Request No. 34 of Set Two: <br><br> Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: Responding Party will produce all non-privileged documents responsive to this Request in its possession, custody and/or control, if any, at a time and place mutually convenient to the parties. |
| [To Todd Dunning]. All documents relating to any termination of a contractual or other business relationship | Response of Defendant Todd Dunning to Request No. 34 of Set Two: <br><br> This defendant does not have any documents in its possession that are responsive to this request except for documents produced by Commission Junction, Inc. during the CJ Litigation.  This |

| PART II:  SECOND SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| between any of Defendants and Commission Junction, including any termination of an agreement entered into between any of Defendants and Commission Junction referred to as a Publisher Service Agreement. | defendant in informed that these same documents have been produced to plaintiff by Commission Junction, Inc. in response to a subpoena recently served by plaintiff.  Notwithstanding, this defendant identifies Commission Junction, Inc.'s documents numbered 49, 82, 85, and 583, and a letter dated June 27, 2007, which was attached as part of exhibit B to the Second Amended Complaint in the CJ Litigation as responsive to this request.  Copies of these documents are collectively attached as Exhibit B to this response.  This defendant is not aware of other non-privileged documents that relate to the termination of the Publisher Service Agreement, or the business relationship between Kessler's Flying Circus, Commission Junction, Inc. and eBay, Inc. |

| PART II: SECOND SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request No. 35 of Set Two:**<br>[To BrianDunning.com].<br>All documents relating to any termination of a contractual or other business relationship between any of Defendants and Commission Junction, including any termination of an agreement entered into between any of Defendants and Commission Junction referred to as a Publisher Service Agreement. | Response of Defendant BrianDunning.com to Request No. 35 of Set Two:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: Responding Party will produce all non-privileged documents responsive to this Request in its possession, custody and/or control, if any, at a time and place mutually convenient to the parties. |
| [To Thunderwood].<br>All documents relating to the settlement of the CJ Litigation, including Communications with Commission Junction regarding settlement, proposed or draft settlement agreements or portions of such agreements, and any other Documents relating to the negotiation, drafting and execution of the Settlement Agreement. | Response of Defendant Thunderwood Holdings, Inc. to Request No. 35 of Set Two:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows:  Responding Party will produce all non-privileged documents responsive to this Request in its possession, custody and/or control, if any, at a time and place mutually convenient to the parties. |
| [To Dunning Enterprise].<br>All documents relating to the settlement of the CJ Litigation, including Communications with | Response of Defendant Dunning Enterprise, Inc. to Request No. 35 of Set Two:<br><br>The only non-privileged document in the possession of this defendant relating to the settlement of the CJ Litigation is the Settlement and Mutual General Release Agreement, dated March 9, |

| PART II:  SECOND SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| Commission Junction regarding settlement, proposed or draft settlement agreements or portions of such agreements, and any other Documents relating to the negotiation, drafting and execution of the Settlement Agreement. | 2009, between Kessler's Flying Circus, a general partnership, Dunning Enterprise, Inc., a California corporation, and Todd Dunning, an individual, on the one side, and Commission Junction, Inc., a Delaware corporation, on the other side (the "Settlement Agreement").  A true and correct copy of the Settlement Agreement is attached hereto as Exhibit A.  This defendant did not prepare any drafts or portions of drafts, or any other documents relating to this Settlement Agreement.  Counsel for Commission Junction, Inc. prepared the entire document on or about March 9, 2009, as far as this defendant knows.  This defendant in informed that this same document has been produced to plaintiff by Commission Junction, Inc. in response to a subpoena recently served by plaintiff.  In addition to this response, this defendant objects under California Evidence Code §1119, Federal Rules of Evidence §408, and Local Rule ADR 6-12, to the production of documents prepared by the parties to the CJ Litigation for use in court-ordered mediations conducted during the course of the CJ Litigation. |
| [To KFC].<br>All documents relating to the settlement of the CJ Litigation, including Communications with Commission Junction regarding settlement, proposed or draft settlement agreements or portions of such agreements, and any other Documents relating to the negotiation, drafting and execution of the Settlement Agreement. | Response of Defendant Kessler's Flying Circus to Request No. 35 of Set Two:<br><br>Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: Responding Party will produce all non-privileged documents responsive to this Request in its possession, custody and/or control, if any, at a time and place mutually convenient to the parties. |

| PART II:  SECOND SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request No. 36 of Set Two:** [To Thunderwood]. All documents relating to any termination of a contractual or other business relationship between any of Defendants and Commission Junction, including any termination of an agreement entered into between any of Defendants and Commission Junction referred to as a Publisher Service Agreement. | Response of Defendant Thunderwood Holdings, Inc. to Request No. 36 of Set Two: <br><br> Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects to this request on the grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: Responding Party will produce all non-privileged documents responsive to this Request in its possession, custody and/or control, if any, at a time and place mutually convenient to the parties. |
| [To Dunning Enterprise]. All documents relating to any termination of a contractual or other business relationship between any of Defendants and Commission Junction, including any termination of an agreement entered into between any of Defendants and Commission Junction referred to as a Publisher Service Agreement. | Response of Defendant Dunning Enterprise, Inc. to Request No. 36 of Set Two: <br><br> This defendant does not have any documents in its possession that are responsive to this request except for documents produced by Commission Junction, Inc. during the CJ Litigation.  This defendant in informed that these same documents have been produced to plaintiff by Commission Junction, Inc. in response to a subpoena recently served by plaintiff.  Notwithstanding, this defendant identifies Commission Junction, Inc.'s documents numbered 49, 82, 85, and 583, and a letter dated June 27, 2007, which was attached as part of exhibit B to the Second Amended Complaint in the CJ Litigation as responsive to this request.  Copies of these documents are collectively attached as Exhibit B to this response.  This defendant is not aware of other non-privileged documents that relate to the termination of the Publisher Service Agreement, or the business relationship between Kessler's Flying Circus, Commission Junction, Inc. and eBay, Inc. |
| [To KFC]. All documents relating to any termination of a contractual or other business relationship | Response of Defendant Kessler's Flying Circus to Request No. 36 of Set Two: <br><br> Responding Party objects on the ground that this request is vague and ambiguous, overbroad, unduly burdensome and oppressive.  Responding Party further objects to this request on the |

| PART II:  SECOND SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| between any of Defendants and Commission Junction, including any termination of an agreement entered into between any of Defendants and Commission Junction referred to as a Publisher Service Agreement. | grounds that, as phrased, the request seeks documents the disclosure of which might violate the attorney-client privilege and/or the work product doctrine.  Subject to and without waiving the foregoing objections and based on a reasonable interpretation as to the meaning of this request, Responding Party responds as follows: Responding Party will produce all non-privileged documents responsive to this Request in its possession, custody and/or control, if any, at a time and place mutually convenient to the parties. |

| PART III: FIRST SET OF INTERROGATORIES | |
|---|---|
| **Interrogatory No. 1:**<br>Identify all persons or entities with knowledge regarding [Defendant's] participation, manipulation or interaction in any Affiliate Marketing Program including eBay's Affiliate Marketing Programs including, but not limited to, all methods, techniques and technologies, software, source code, Javascript and HTML code, used by [Defendant] to obtain revenue from, or otherwise interact with, participate in or manipulate any Affiliate Marketing Program. | Response of Defendant BrianDunning.com to Interrogatory No. 1:<br><br>Responding Party objects to this interrogatory on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this interrogatory is vague and ambiguous, overbroad, unduly burdensome and oppressive. Responding Party further objects on the grounds that the term "manipulation" and "manipulate" are vague, argumentative and conclusory. Responding Party further objects that to the extent this interrogatory seeks information related to programs other than eBay's Affiliate Marketing Program, the interrogatory is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects to this interrogatory on the ground that it seeks production of trade secrets or other confidential information. |
| Same. | Response of Defendant Thunderwood Holdings, Inc. to Interrogatory No. 1:<br><br>Responding Party objects to this interrogatory on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this interrogatory is vague and ambiguous, overbroad, unduly burdensome and oppressive. Responding Party further objects on the grounds that the term "manipulation" and "manipulate" are vague, argumentative and conclusory. Responding Party further objects that to the extent this interrogatory seeks information related to programs other than eBay's Affiliate Marketing Program, the interrogatory is neither relevant to the subject matter of this action, nor reasonably calculated o lead to the discovery of admissible evidence. |

| | **PART III: FIRST SET OF INTERROGATORIES** |
|---|---|
| | Responding Party further objects to this Interrogatory on the ground that it seeks production of trade secrets or other confidential information. |
| Same. | Response of Defendant Kessler's Flying Circus to Interrogatory No. 1: |
| | Defendant KFC objects to this interrogatory on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC. Defendant KFC objects to this interrogatory on the grounds that it violates Defendants' privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant KFC further objects on the ground that this interrogatory is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant KFC further objects on the grounds that that the terms "manipulation" and "manipulate" are vague, argumentative and conclusory. Defendant KFC further objects that to the extent this interrogatory seeks information related to programs other than eBay's Affiliate Marketing Program, the interrogatory is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant KFC further objects to this interrogatory on the ground that it violates Defendant's right to privacy, and seeks production of trade secrets or other confidential information. |

| PART III:  FIRST SET OF INTERROGATORIES |
|---|

| **Interrogatory No. 2:** Identify all Internet Forums at, within or through which [Defendant] discussed any aspect of their participation in, manipulation of or interaction with eBay's Affiliate Marketing Programs, or any other Affiliate Marketing Program. | Response of Defendant BrianDunning.com to Interrogatory No. 2: Responding Party objects to this interrogatory on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this interrogatory is vague and ambiguous, overbroad, unduly burdensome and oppressive. Responding Party further objects that to the extent this interrogatory seeks documents related to programs other than eBay's Affiliate Marketing Program, the interrogatory is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects on the grounds that the term "manipulation" is vague, argumentative and conclusory. Responding Party further objects to this interrogatory on the ground that it seeks production of trade secrets or other confidential information. |
|---|---|
| Same. | Response of Defendant Thunderwood Holdings, Inc. to Interrogatory No. 2: Responding Party objects to this interrogatory on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this interrogatory is vague and ambiguous, overbroad, unduly burdensome and oppressive. Responding Party further objects that to the extent this interrogatory seeks documents related to programs other than eBay's Affiliate Marketing Program, the interrogatory is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party further objects on the grounds that the term "manipulation" is vague, argumentative and conclusory. Responding Party further objects to this interrogatory on the ground that it seeks production of trade secrets or other confidential information. |

| | |
|---|---|
| **PART III: FIRST SET OF INTERROGATORIES** | |
| Same. | Response of Defendant Kessler's Flying Circus to Interrogatory No. 2:<br><br>Defendant KFC objects to this interrogatory on the grounds that Plaintiff's First Amended Complaint has been dismissed and there is no pending complaint in existence against defendant KFC. Defendant KFC objects to this interrogatory on the grounds that it violates Defendants' privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Defendant KFC further objects on the ground that this interrogatory is vague and ambiguous, overbroad, unduly burdensome and oppressive. Defendant KFC further objects that to the extent this interrogatory seeks documents related to programs other than eBay's Affiliate Marketing Program, the interrogatory is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant KFC further objects on the grounds that that the term "manipulation" is vague, argumentative and conclusory. Defendant KFC further objects to this interrogatory on the ground that it violates Defendant's right to privacy, and seeks production of trade secrets or other confidential information. |

| PART IV: FIRST SET OF REQUESTS FOR ADMISSION | |
|---|---|
| **Request for Admission No. 1:** Admit that [Defendant] conducted business with eBay during at least some portion of 2007. | Response of Defendant BrianDunning.com in Response to Request for Admission No. 1: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |
| Same. | Response of Defendant Thunderwood Holdings, Inc. in Response to Request for Admission No. 1: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |

| PART IV: FIRST SET OF REQUESTS FOR ADMISSION | |
|---|---|
| **Request for Admission No. 2:** Admit that [Defendant] conducted business with eBay during at least some portion of 2006. | Response of Defendant BrianDunning.com in Response to Request for Admission No. 2: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. |
| Same. | Response of Defendant Thunderwood Holdings, Inc. in Response to Request for Admission No. 2: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION | |
|---|---|
| **Request for Admission No. 3:** Admit that [Defendant] conducted business with eBay during at least some portion of 2005. | Response of Defendant BrianDunning.com in Response to Request for Admission No. 3:<br><br>Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |
| Same. | Response of Defendant Thunderwood Holdings, Inc. in Response to Request for Admission No. 3:<br><br>Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION | |
|---|---|
| **Request for Admission No. 4:** Admit that [Defendant] conducted business with eBay during at least some portion of 2004. | Response of Defendant BrianDunning.com in Response to Request for Admission No. 4: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |
| Same. | Response of Defendant Thunderwood Holdings, Inc. in Response to Request for Admission No. 4: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION | |
|---|---|
| **Request for Admission No. 5:** Admit that [Defendant] conducted business with eBay during at least some portion of 2003. | Response of Defendant BrianDunning.com in Response to Request for Admission No. 5: Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |
| Same. | Response of Defendant Thunderwood Holdings, Inc. in Response to Request for Admission No. 5: Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION | |
|---|---|
| **Request for Admission No. 6:** Admit that [Defendant] participated in an eBay Affiliate Marketing Program or programs. | Response of Defendant BrianDunning.com in Response to Request for Admission No. 6: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |
| Same. | Response of Defendant Thunderwood Holdings, Inc. in Response to Request for Admission No. 6: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |

| PART IV: FIRST SET OF REQUESTS FOR ADMISSION | |
|---|---|
| **Request for Admission No. 7:** Admit that, while participating in an eBay Affiliate Marketing Program or programs, [Defendant] utilized software programs and/or code that caused some Users' computers to access an eBay website without the User's knowledge. | Response of Defendant BrianDunning.com in Response to Request for Admission No. 7: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |
| Same. | Response of Defendant Thunderwood Holdings, Inc. in Response to Request for Admission No. 7: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION | |
|---|---|
| **Request for Admission No. 8:** Admit that, while participating in an eBay Affiliate Marketing Program or programs, [Defendant] utilized software programs and/or code that caused some Users' computers to access an eBay web server without the User's knowledge. | Response of Defendant BrianDunning.com in Response to Request for Admission No. 8: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v: Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |
| Same. | Response of Defendant Thunderwood Holdings, Inc. in Response to Request for Admission No. 8: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION | |
|---|---|
| **Request for Admission No. 9:** Admit that, while participating in an eBay Affiliate Marketing Program or programs, [Defendant] utilized software programs and/or code that redirected a User to an eBay website without the User knowingly clicking on an Advertisement Link. | Response of Defendant BrianDunning.com in Response to Request for Admission No. 9: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |
| Same. | Response of Defendant Thunderwood Holdings, Inc. in Response to Request for Admission No. 9: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION |
|---|

| | |
|---|---|
| **Request for Admission No. 10:** Admit that, while participating in an eBay Affiliate Marketing Program or programs, [Defendant] utilized software programs and/or code that redirected a User to an eBay web server without the User knowingly clicking on an Advertisement Link. | Response of Defendant BrianDunning.com in Response to Request for Admission No. 10: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |
| Same. | Response of Defendant Thunderwood Holdings, Inc. in Response to Request for Admission No. 10: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION | |
|---|---|
| **Request for Admission No. 11:** Admit that, while participating in an eBay Affiliate Marketing Program or programs, [Defendant] utilized software programs and/or code that performed Cookie Stuffing. | Response of Defendant BrianDunning.com in Response to Request for Admission No. 11: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |
| Same. | Response of Defendant Thunderwood Holdings, Inc. in Response to Request for Admission No. 11: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION | |
|---|---|
| **Request for Admission No. 12:** Admit that [Defendant] used methods, techniques and/or technological measures to avoid detection by eBay of certain aspects of how [Defendant] interacted with Bay's Affiliate Marketing Program or programs. | Response of Defendant BrianDunning.com in Response to Request for Admission No. 12: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |
| Same. | Response of Defendant Thunderwood Holdings, Inc. in Response to Request for Admission No. 12: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION | |
|---|---|
| **Request for Admission No. 13:** Admit that [Defendant] used methods, techniques and/or technological measures to avoid detection by Commission Junction of certain aspects of how [Defendant] interacted with eBay's Affiliate Marketing Program or programs. | Response of Defendant BrianDunning.com in Response to Request for Admission No. 13: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |
| Same. | Response of Defendant Thunderwood Holdings, Inc. in Response to Request for Admission No. 13: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION | |
|---|---|
| **Request for Admission No. 14:** Admit that [Defendant] utilized methods, techniques and/or technological measures to avoid detection by eBay of Cookie Stuffing caused by [Defendant]. | Response of Defendant BrianDunning.com in Response to Request for Admission No. 14: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |
| Same. | Response of Defendant Thunderwood Holdings, Inc. in Response to Request for Admission No. 14: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION | |
|---|---|
| **Request for Admission No. 15:** Admit that [Defendant] utilized methods, techniques and/or technological measures to avoid detection by Commission Junction of Cookie Stuffing caused by [Defendant]. | Response of Defendant BrianDunning.com in Response to Request for Admission No. 15: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |
| Same. | Response of Defendant Thunderwood Holdings, Inc. in Response to Request for Admission No. 15: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION | |
|---|---|
| **Request for Admission No. 16:** Admit that, while participating in an eBay Affiliate Marketing Program or programs, [Defendant] utilized software and/or code to determine the geographic location of a User. | Response of Defendant BrianDunning.com in Response to Request for Admission No. 16: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |
| Same. | Response of Defendant Thunderwood Holdings, Inc. in Response to Request for Admission No. 16: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION | |
|---|---|
| **Request for Admission No. 17:** Admit that, while participating in an eBay Affiliate Marketing Program or programs, [Defendant] utilized software and/or code to determine whether a User was located in San Jose, CA. | Response of Defendant BrianDunning.com in Response to Request for Admission No. 17: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |
| Same. | Response of Defendant Thunderwood Holdings, Inc. in Response to Request for Admission No. 17: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION | |
|---|---|
| **Request for Admission No. 18:** Admit that, while participating in an eBay Affiliate Marketing Program or programs, [Defendant] utilized software and/or code to determine whether a User was located in Santa Barbara, CA. | Response of Defendant BrianDunning.com in Response to Request for Admission No. 18: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |
| Same. | Response of Defendant Thunderwood Holdings, Inc. in Response to Request for Admission No. 18: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION | |
|---|---|
| **Request for Admission No. 19:** Admit that, while participating in an eBay Affiliate Marketing Program or programs, [Defendant] utilized software and/or code that would disable or not engage [Defendant's] Cookie Stuffing technology if a User's computer was located in San Jose, CA. | Response of Defendant BrianDunning.com in Response to Request for Admission No. 19: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |
| Same. | Response of Defendant Thunderwood Holdings, Inc. in Response to Request for Admission No. 19: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION | |
|---|---|
| **Request for Admission No. 20:** Admit that, while participating in an eBay Affiliate Marketing Program or programs, [Defendant] utilized software and/or code that would disable or not engage [Defendant's] Cookie Stuffing technology if a User's computer was located in Santa Barbara, CA. | Response of Defendant BrianDunning.com in Response to Request for Admission No. 20: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |
| Same. | Response of Defendant Thunderwood Holdings, Inc. in Response to Request for Admission No. 20: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION | |
|---|---|
| **Request for Admission No. 21:** Admit that [Defendant] received commissions from eBay, whether directly or through Commission Junction, that were based, in whole or in part, on Users whose computers were directed to eBay's website without the User's knowledge. | Response of Defendant BrianDunning.com in Response to Request for Admission No. 21: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |
| Same. | Response of Defendant Thunderwood Holdings, Inc. in Response to Request for Admission No. 21: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION | |
|---|---|
| **Request for Admission No. 22:** Admit that [Defendant] received commissions from eBay, whether directly or through Commission Junction, that were based, in whole or in part, on Users who had never actually clicked on a [Defendant]-sponsored eBay advertisement link. | Response of Defendant BrianDunning.com in Response to Request for Admission No. 22: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |
| Same. | Response of Defendant Thunderwood Holdings, Inc. in Response to Request for Admission No. 22: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION | |
|---|---|
| **Request for Admission No. 23:** Admit that [Defendant] received commissions from eBay, whether directly or through Commission Junction, that were based, in whole or in part, Cookie Stuffing caused by [Defendant]. | Response of Defendant BrianDunning.com in Response to Request for Admission No. 23:<br><br>Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |
| Same. | Response of Defendant Thunderwood Holdings, Inc. in Response to Request for Admission No. 23:<br><br>Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague and ambiguous. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION | |
|---|---|
| **Request for Admission No. 24:** Admit that [Defendant] engaged in Cookie Stuffing with the intent to defraud eBay. | Response of Defendant BrianDunning.com in Response to Request for Admission No. 24: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague, ambiguous, and constitutes a legal conclusion. |
| Same. | Response of Defendant Thunderwood Holdings, Inc. in Response to Request for Admission No. 24: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague, ambiguous, and constitutes a legal conclusion. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION | |
| --- | --- |
| **Request for Admission No. 25:** Admit that [Defendant] defrauded eBay. | Response of Defendant BrianDunning.com in Response to Request for Admission No. 25: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague, ambiguous, and constitutes a legal conclusion. |
| Same. | Response of Defendant Thunderwood Holdings, Inc. in Response to Request for Admission No. 25: <br><br> Responding Party objects to this request on the grounds that it violates Mr. Dunning's privilege against self-incrimination pursuant to the Fifth Amendment to the U.S. Constitution, *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973), Federal Rules of Evidence Rule 501, Article 1, Section 15 of the California Constitution, and California Evidence Code section 940. Responding Party further objects on the ground that this request is vague, ambiguous, and constitutes a legal conclusion. |