# EXHIBIT 1

Dockets.Justia.com

## EXHIBIT 1
### eBay's Discovery Requests and Defendants' Responses
### Provided Pursuant to Civil L.R. 37-2

| Part I | First Set of Requests for Production | Pages 1-45 |
| Part II | Second Set of Requests for Production | Pages 46-47 |
| Part III | First Set of Interrogatories | Pages 48-49 |
| Part IV | First Set of Requests for Admission | Pages 50-72 |

| PART I: FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 1 from Set One:**<br><br>All documents relating to eBay, including all agreements, terms of service and terms and conditions. | Response of Defendant Shawn Hogan to Request for Production No. 1 from Set One:<br><br>Objection. Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine. Defendant further objects because this demand may be construed to seek the production and inspection of documents which contain proprietary/confidential information, trade secrets, and/or violates Defendant's right to privacy. Defendant further objects because this request seeks the production of documents which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence. Defendant further objects because this request is vague and ambiguous. Defendant further objects because this request is overbroad, unduly burdensome and oppressive. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. |
| Same. | Response of Defendant Digital Point Solutions, Inc. to Request for Production No. 1 from Set One:<br><br>Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant |

| | PART I:  FIRST SET OF REQUESTS FOR PRODUCTION |
|---|---|
| | further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine. Further, Defendant incorporates the above Preliminary Statement herein by reference in full.  Subject to and without waiving these objections, Defendant responds as follows:  Defendant DIGITAL POINT SOLUTIONS, INC. never conducted business with Plaintiff at any time.  The only responsive documents within the possession, custody or control of Defendant DIGITAL POINT SOLUTIONS, INC. are those documents that have already been produced in this action and are in Plaintiff's possession, including documents produced by Commission Junction, Inc. and Ernster Law Offices pursuant to subpoenas served on those entities by Plaintiff; written correspondence produced by Any Taubman of NetHere, Inc. in response to Plaintiff's amended subpoena; and documents produced by Plaintiff and the None-DPS Defendants to date. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 2 from Set One:**<br><br>All documents relating to, or Communications with, eBay or any current or former employee of eBay. | Response of Defendant Shawn Hogan to Request for Production No. 2 from Set One:<br><br>Objection.  Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine. Defendant further objects because this demand may be construed to seek the production and inspection of documents which contain proprietary/confidential information, trade secrets, and/or violates Defendant's right to privacy.  Defendant further objects because this request seeks the production of documents which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence.  Defendant further objects because this request is vague and ambiguous.  Defendant further objects because this request is overbroad, unduly burdensome and oppressive.  Further, Defendant incorporates the above Preliminary Statement herein by reference in full. |
| Same. | Response of Defendant Digital Point Solutions, Inc. to Request for Production No. 2 from Set One:<br><br>Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine. Further, Defendant incorporates the above Preliminary Statement herein by reference in full.  Subject to and without waiving these objections, Defendant responds as follows:  Defendant DIGITAL POINT SOLUTIONS, INC. never conducted business with Plaintiff at any time.  The only responsive documents within the possession, custody or control of Defendant DIGITAL POINT SOLUTIONS, INC. are those documents that have already been produced in this action and are in Plaintiff's possession, including documents produced by |

| | PART I:  FIRST SET OF REQUESTS FOR PRODUCTION |
|---|---|
| | Commission Junction, Inc. and Ernster Law Offices pursuant to subpoenas served on those entities by Plaintiff; written correspondence produced by Any Taubman of NetHere, Inc. in response to Plaintiff's amended subpoena; and documents produced by Plaintiff and the None-DPS Defendants to date. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 3 from Set One:**<br><br>All documents relating to payment of commissions or other revenue obtained by Hogan or Hogan Entities through participation in, interaction with or manipulation of eBay's Affiliate Marketing Program. | Response of Defendant Shawn Hogan to Request for Production No. 3 from Set One:<br><br>Objection.  Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine: Defendant further objects because this demand may be construed to seek the production and inspection of documents which contain proprietary/ confidential information, trade secrets, and/or violates Defendant's right to privacy.  Defendant further objects because this request is vague and ambiguous.  Defendant further objects because this request is compound, overbroad, unduly burdensome and oppressive.  Defendant further objects because this request is argumentative with respect to its use of the term "manipulation." Further, Defendant incorporates the above Preliminary Statement herein by reference in full. |
| All documents relating to payment of commissions or other revenue obtained by DPS through participation in, interaction with or manipulation of eBay's Affiliate Marketing Program. | Response of Defendant Digital Point Solutions, Inc. to Request for Production No. 3 from Set One:<br><br>Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects because this request is compound and argumentative with respect to the term "manipulation." Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine. Further, Defendant incorporates the above Preliminary Statement herein by reference in full.  Subject to and without waiving these objections, Defendant responds as follows:  Defendant DIGITAL POINT SOLUTIONS, INC. never conducted business with Plaintiff at any time.  Defendant DIGITAL POINT SOLUTIONS, INC. is not in possession, custody or control of any documents responsive to this request. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 4 from Set One:**<br><br>All documents relating to eBay's Affiliate Marketing Program, including, but not limited to, all methods and technologies used by Hogan or Hogan Entities to obtain revenue from, manipulate or otherwise interact with eBay's Affiliate Marketing Program, including, but not limited to, all software, source code, Javascript, and HTML code. | Response of Defendant Shawn Hogan to Request for Production No. 4 from Set One:<br><br>Objection.  Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine.  Defendant further objects because this demand may be construed to seek the production and inspection of documents which contain proprietary/confidential information, trade secrets, and/or violates Defendant's right to privacy.  Defendant further objects because this request is vague and ambiguous.  Defendant further objects because this request is compound, overbroad, unduly burdensome and oppressive.  Defendant further objects because this request is argumentative with respect to its use of the term "manipulate." Further, Defendant incorporates the above Preliminary Statement herein by reference in full. |
| All documents relating to eBay's Affiliate Marketing Program, including, but not limited to, all methods and technologies used by DPS to obtain revenue from, manipulate or otherwise interact with eBay's Affiliate Marketing Program, including, but not limited to, all software, source code, Javascript, and HTML code. | Response of Defendant Digital Point Solutions, Inc. to Request for Production No. 4 from Set One:<br><br>Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects because this request is compound, and is argumentative with respect to the term "manipulate." Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine.  Further, Defendant incorporates the above Preliminary Statement herein by reference in full.  Subject to and without waiving these objections, Defendant responds as follows:  Defendant DIGITAL POINT SOLUTIONS, INC. never conducted business with Plaintiff at any time.  The only documents relating to Plaintiff's Affiliate Marketing Program within the possession, custody or control of Defendant DIGITAL POINT SOLUTIONS, INC. are those documents that have |

| | PART I:  FIRST SET OF REQUESTS FOR PRODUCTION |
|---|---|
| | already been produced in this action and are in Plaintiff's possession, including documents produced by Commission Junction, Inc. and Ernster Law Offices pursuant to subpoenas served on those entities by Plaintiff; written correspondence produced by Any Taubman of NetHere, Inc. in response to Plaintiff's amended subpoena; and documents produced by Plaintiff and the None-DPS Defendants to date. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 5 from Set One:**<br><br>All documents relating to advertisements for eBay used, or purported to be used, on any website or ad network that directed or referred Users to eBay as part of eBay's Affiliate Marketing Program. | <u>Response of Defendant Shawn Hogan to Request for Production No. 5 from Set One</u>:<br><br>Objection.  Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine.  Defendant further objects because this demand may be construed to seek the production and inspection of documents which contain proprietary/confidential information, trade secrets, and/or violates Defendant's right to privacy.  Defendant further objects because this request is overbroad, not reasonably particularized, and seeks the production of documents which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence.  Defendant further objects because this request is vague and ambiguous.  Defendant further objects because this request is unduly burdensome and oppressive.  Further, Defendant incorporates the above Preliminary Statement herein by reference in full. |
| Same. | <u>Response of Defendant Digital Point Solutions, Inc. to Request for Production No. 5 from Set One</u>:<br><br>Objection; This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine. Further, Defendant incorporates the above Preliminary Statement herein by reference in full.  Subject to and without waiving these objections, Defendant responds as follows:  Defendant DIGITAL POINT SOLUTIONS, INC. never conducted business with Plaintiff at any time.  Defendant DIGITAL POINT SOLUTIONS, INC. is not in possession, custody or control of any documents responsive to this request. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION |
|---|

| Request for Production No. 6 from Set One: | Response of Defendant Shawn Hogan to Request for Production No. 6 from Set One: |
|---|---|
| All documents reflecting the number of Users who allegedly clicked on an advertisement for eBay used, or purported to be used, by Hogan or Hogan Entities to direct or refer Users to eBay as part of eBay's Affiliate Marketing Program. | Objection.  Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine.  Defendant further objects because this demand may be construed to seek the production and inspection of documents which contain proprietary/confidential information, trade secrets, and/or violates Defendant's right to privacy.  Defendant further objects because this request is vague and ambiguous.  Defendant further objects because this request is overbroad, unduly burdensome and oppressive.  Further, Defendant incorporates the above Preliminary Statement herein by reference in full. |
| All documents reflecting the number of Users who allegedly clicked on an advertisement for eBay used, or purported to be used, by DPS to direct or refer Users to eBay as part of eBay's Affiliate Marketing Program. | Response of Defendant Digital Point Solutions, Inc. to Request for Production No. 6 from Set One: |
| | Objection; This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine. Further, Defendant incorporates the above Preliminary Statement herein by reference in full.  Subject to and without waiving these objections, Defendant responds as follows:  Defendant DIGITAL POINT SOLUTIONS, INC. never conducted business with Plaintiff at any time.  Defendant DIGITAL POINT SOLUTIONS, INC. is not in possession, custody or control of any documents responsive to this request. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 7 from Set One:**<br><br>All documents relating to methods or techniques intended to, or causing, a User's browser to load any eBay webpage, webpage content or data therefrom. | Response of Defendant Shawn Hogan to Request for Production No. 7 from Set One:<br><br>Objection.  Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine.  Defendant further objects because this demand may be construed to seek the production and inspection of documents which contain proprietary/confidential information and/or trade secrets.  Defendant further objects because this request is vague and ambiguous.  Defendant further objects because this request is overbroad, not reasonably particularized, and unduly burdensome and oppressive.  Further, Defendant incorporates the above Preliminary Statement herein by reference in full. |
| Same. | Response of Defendant Digital Point Solutions, Inc. to Request for Production No. 7 from Set One:<br><br>Objection; This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine. Further, Defendant incorporates the above Preliminary Statement herein by reference in full.  Subject to and without waiving these objections, Defendant responds as follows:  Defendant DIGITAL POINT SOLUTIONS, INC. never conducted business with Plaintiff at any time.  Defendant DIGITAL POINT SOLUTIONS, INC. is not in possession, custody or control of any documents responsive to this request. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 8 from Set One:**<br><br>All documents sufficient to identify all advertising networks, advertising syndication services or websites used or purportedly used by Hogan or Hogan Entities to advertise or promote eBay or to interact in any way with eBay or eBay's Affiliate Marketing Programs. | Response of Defendant Shawn Hogan to Request for Production No. 8 from Set One:<br><br>Objection.  Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine.  Defendant further objects because this demand may be construed to seek the production and inspection of documents which contain proprietary/confidential information, trade secrets and/or violated Defendant's right to privacy.  Defendant further objects because this request is vague and ambiguous.  Defendant further objects because this request is overbroad, unduly burdensome and oppressive.  Further, Defendant incorporates the above Preliminary Statement herein by reference in full. |
| All documents sufficient to identify all advertising networks, advertising syndication services or websites used or purportedly used by DPS to advertise or promote eBay or to interact in any way with eBay or eBay's Affiliate Marketing Programs. | Response of Defendant Digital Point Solutions, Inc. to Request for Production No. 8 from Set One:<br><br>Objection; This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine. Further, Defendant incorporates the above Preliminary Statement herein by reference in full.  Subject to and without waiving these objections, Defendant responds as follows:  Defendant DIGITAL POINT SOLUTIONS, INC. never conducted business with Plaintiff at any time.  Defendant DIGITAL POINT SOLUTIONS, INC. is not in possession, custody or control of any documents responsive to this request. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 9 from Set One:**<br><br>All documents sufficient to identify all Affiliate Marketing Programs, not including eBay's Affiliate Marketing Program, with whom Hogan or Hogan Entities obtained revenue or otherwise interacted. | <u>Response of Defendant Shawn Hogan to Request for Production No. 9 from Set One</u>:<br><br>Objection.  Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine.  Defendant further objects because this demand may be construed to seek the production and inspection of documents which contain proprietary/confidential information, trade secrets, and/or violates Defendant's right to privacy.  Defendant further objects because this request seeks the production of documents which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence.  Defendant further objects because this request is vague and ambiguous.  Defendant further objects because this request is overbroad, unduly burdensome and oppressive.  Further, Defendant incorporates the above Preliminary Statement herein by reference in full. |
| All documents sufficient to identify all Affiliate Marketing Programs, not including eBay's Affiliate Marketing Program, with whom DPS obtained revenue or otherwise interacted. | <u>Response of Defendant Digital Point Solutions, Inc. to Request for Production No. 9 from Set One</u>:<br><br>Objection. This request, including the use of the definition provided for "DPS," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine. Defendant further objects because this request may be construed to seek the production and inspection of documents which contain proprietary/confidential information. Defendant further objects because this request seeks the production of documents which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence. Further, Defendant incorporates the above Preliminary Statement herein by reference in full.  Subject to and without waiving these objections, |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| | Defendant responds as follows:  A diligent search has been made in an effort to locate the items requested.  Defendant DIGITAL POINT SOLUTIONS, INC. is not in possession, custody or control of any documents responsive to this request. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 10 from Set One:**<br><br>All documents relating to and/or describing methods and techniques used by any other Affiliate Marketing Program that Hogan or Hogan Entities interacted with, participated in or manipulated. | Response of Defendant Shawn Hogan to Request for Production No. 10 from Set One:<br><br>Objection.  Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine.  Defendant further objects because this demand may be construed to seek the production and inspection of documents which contain proprietary/confidential information, trade secrets, and/or violates Defendant's right to privacy.  Defendant further objects because this request is overbroad, not reasonably particularized, and seeks the production of documents which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence.  Defendant further objects because this request is vague and ambiguous, and is argumentative with respect to its use of the term "manipulated." Defendant further objects because this request is unduly burdensome and oppressive.  Further, Defendant incorporates the above Preliminary Statement herein by reference in full. |
| All documents relating to and/or describing methods and techniques used by any other Affiliate Marketing Program that DPS interacted with, participated in or manipulated. | Response of Defendant Digital Point Solutions, Inc. to Request for Production No. 10 from Set One:<br><br>Objection.  This request, including the use of the definition provided for "DPS," is vague and ambiguous, overbroad, and unduly burdensome and oppressive.  Defendant further objects because this request is compound, and argumentative with respect to the term "manipulated."  Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine  Defendant further objects because this request may be construed to seek the production and inspection of documents which contain proprietary/confidential information.  Defendant further objects because this request seeks the |

| | PART I: FIRST SET OF REQUESTS FOR PRODUCTION |
|---|---|
| | production of documents which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence.  Further, Defendant incorporates the above Preliminary Statement herein by reference in full.  Subject to and without waiving these objections, Defendant responds as follows:  A diligent search has been made in an effort to locate the items requested.  Defendant DIGITAL POINT SOLUTIONS, INC. is not in possession, custody or control of any documents responsive to this request. |

| PART I: FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 11 from Set One:**<br><br>All documents sufficient to identify the source of any technology, technique or method used by Hogan or Hogan Entities to participate in, manipulate or interact with eBay Affiliate Marketing Program, or any other Affiliate Marketing Program. | Response of Defendant Shawn Hogan to Request for Production No. 11 from Set One:<br><br>Objection. Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article I, Section 15; and California Evidence Code section 940. Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine. Defendant further objects because this demand may be construed to seek the production and inspection of documents which contain proprietary/confidential information, trade secrets, and/or violates Defendant's right to privacy. Defendant further objects because this request is overbroad, not reasonably particularized, and seeks the production of documents which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence. Defendant further objects because this request is vague and ambiguous, and is argumentative with respect to its use of the term "manipulate." Defendant further objects because this request is compound, unduly burdensome and oppressive. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. |
| All documents sufficient to identify the source of any technology, technique or method used by DPS to participate in, manipulate or interact with eBay Affiliate Marketing Program, or any other Affiliate Marketing Program. | Response of Defendant Digital Point Solutions, Inc. to Request for Production No. 11 from Set One:<br><br>Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects because this request is compound, and argumentative with respect to the term "manipulate." Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine. Defendant further objects because this request may be construed to seek the production and inspection of documents which contain proprietary/confidential information. Defendant further objects |

| | because this request seeks the production of documents which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows:  A diligent search has been made in an effort to locate the items requested.  Defendant DIGITAL POINT SOLUTIONS, INC. is not in possession, custody or control of any documents responsive to this request. |
|---|---|

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 12 from Set One:**<br><br>All documents sufficient to identify any individuals, groups, books, manuals or other materials consulted by Hogan or Hogan Entities while developing any technology, technique or method used by Hogan or Hogan Entities to participate in, manipulate or interact with the eBay Affiliate Marketing Program, or any other Affiliate Marketing Program. | Response of Defendant Shawn Hogan to Request for Production No. 12 from Set One:<br><br>Objection.  Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine.  Defendant further objects because this demand may be construed to seek the production and inspection of documents which contain proprietary/confidential information, trade secrets, and/or violates Defendant's right to privacy.  Defendant further objects because this request is overbroad, not reasonably particularized, and seeks the production of documents which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence.  Defendant further objects because this request is vague and ambiguous, and is argumentative with respect to its use of the term "manipulate." Defendant further objects because this request is compound, unduly burdensome and oppressive.  Further, Defendant incorporates the above Preliminary Statement herein by reference in full. |
| All documents sufficient to identify any individuals, groups, books, manuals or other materials consulted by DPS while developing any technology, technique or method used by DPS to participate in, manipulate or interact with the eBay Affiliate Marketing Program, or any other Affiliate Marketing Program. | Response of Defendant Digital Point Solutions, Inc. to Request for Production No. 12 from Set One:<br><br>Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects because this request is compound, and argumentative with respect to the term "manipulate." Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine. Defendant further objects because this request may be construed to seek the production and inspection of documents which contain proprietary/confidential information. Defendant further objects |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| | because this request seeks the production of documents which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence.  Further, Defendant incorporates the above Preliminary Statement herein by reference in full.  Subject to and without waiving these objections, Defendant responds as follows:  A diligent search has been made in an effort to locate the items requested.  Defendant DIGITAL POINT SOLUTIONS, INC. is not in possession, custody or control of any documents responsive to this request. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 13 from Set One:**<br><br>All documents relating to Commission Junction, including all agreements, terms of service and terms and conditions. | Response of Defendant Shawn Hogan to Request for Production No. 13 from Set One:<br><br>Objection.  Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  Defendant further objects because this request may be construed to seek the production and, inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine.  Defendant further objects because this demand may be construed to seek the production and inspection of documents which contain proprietary/confidential information, trade secrets, and/or violates Defendant's right to privacy.  Defendant further objects because this request is vague and ambiguous.  Defendant further objects because this request is overbroad, unduly burdensome and oppressive.  Further, Defendant incorporates the above Preliminary Statement herein by reference in full. |
| Same. | Response of Defendant Digital Point Solutions, Inc. to Request for Production No. 13 from Set One:<br><br>Objection. This request, including the use of the definitions provided for "DPS" and "Commission Junction," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows:  Defendant DIGITAL POINT SOLUTIONS, INC. never conducted business with Plaintiff or Commission Junction at any time.  The only responsive documents within the possession, custody or control of Defendant DIGITAL POINT SOLUTIONS, INC. are those documents that have already been produced in this action and are in Plaintiff's possession, including documents produced by Commission Junction, Inc. and Ernster Law Offices pursuant to subpoenas served on those |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| | entities by Plaintiff; written correspondence produced by Any Taubman of NetHere, Inc. in response to Plaintiff's amended subpoena; and documents produced by Plaintiff and the Non-DPS Defendants to date. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 14 from Set One:**<br><br>All documents relating to, or Communications with, Commission Junction or any current or former employee of Commission Junction. | <u>Response of Defendant Shawn Hogan to Request for Production No. 14 from Set One</u>:<br><br>Objection.  Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine.  Defendant further objects because this demand may be construed to seek the production and inspection of documents which contain proprietary/confidential information, trade secrets, and/or violates Defendant's right to privacy.  Defendant further objects because this request is vague and ambiguous.  Defendant further objects because this request is overbroad, unduly burdensome and oppressive.  Further, Defendant incorporates the above Preliminary Statement herein by reference in full. |
| Same. | <u>Response of Defendant Digital Point Solutions, Inc. to Request for Production No. 14 from Set One</u>:<br><br>Objection. This request, including the use of the definitions provided for "DPS" and "Commission Junction," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows:  Defendant DIGITAL POINT SOLUTIONS, INC. never conducted business with Plaintiff or Commission Junction at any time.  The only responsive documents within the possession, custody or control of Defendant DIGITAL POINT SOLUTIONS, INC. are those documents that have already been produced in this action and are in Plaintiff's possession, including documents produced by Commission Junction, Inc. and Ernster Law Offices pursuant to subpoenas served on those |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| | entities by Plaintiff; written correspondence produced by Any Taubman of NetHere, Inc. in response to Plaintiff's amended subpoena; and documents produced by Plaintiff and the Non-DPS Defendants to date. |

| **PART I: FIRST SET OF REQUESTS FOR PRODUCTION** ||
|---|---|
| **Request for Production No. 15 from Set One:**<br><br>All documents relating to, or Communications with, Digital Point Solutions, Inc., Kessler's Flying Circus, Thunderwood Holdings, Inc., Dunning Enterprise, Inc., or briandunning.com. | <u>Response of Defendant Shawn Hogan to Request for Production No. 15 from Set One</u>:<br><br>Objection. Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine. Defendant further objects because this demand may be construed to seek the production and inspection of documents which contain proprietary/confidential information, trade secrets, and/or violates Defendant's right to privacy. Defendant further objects because this request seeks the production of documents which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence. Defendant further objects because this request is vague and ambiguous. Defendant further objects because this request is compound, overbroad, and unduly burdensome and oppressive. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. |
| All documents relating to, or Communications with, Kessler's Flying Circus, Thunderwood Holdings, Inc., Dunning Enterprise, Inc. or briandunning.com. | <u>Response of Defendant Digital Point Solutions, Inc. to Request for Production No. 15 from Set One</u>:<br><br>Objection. This request, including the use of the definition provided for "DPS," is vague and ambiguous, compound, overbroad, and unduly burdensome and oppressive. Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: The only documents relating to said defendants within the possession, custody or control of Defendant DIGITAL POINT SOLUTIONS, INC. are those documents that have already been produced in this action and are in Plaintiff's possession, |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| | including documents produced by Commission Junction, Inc. and Ernster Law Offices pursuant to subpoenas served on those entities by Plaintiff; and documents produced by Plaintiff and the Non-DPS Defendants to date. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 16 from Set One:**<br><br>All Communications with Todd Dunning or Brian Dunning. | <u>Response of Defendant Shawn Hogan to Request for Production No. 16 from Set One</u>:<br><br>Objection.  Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  Defendant further objects to the extent this demand violates the privacy rights of Defendant and/or third parties.  Defendant further objects because this request seeks the production of documents which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence.  Defendant further objects because this request is vague and ambiguous.  Defendant further objects because this request is overbroad, unduly burdensome and oppressive.  Further, Defendant incorporates the above Preliminary Statement herein by reference in full. |
| All Communications with Shawn Hogan, Todd Dunning or Brian Dunning. | <u>Response of Defendant Digital Point Solutions, Inc. to Request for Production No. 16 from Set One</u>:<br><br>Objection. This request, including the use of the definition provided for "DPS," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine. Further, Defendant incorporates the above Preliminary Statement herein by reference in full.  Subject to and without waiving these objections, Defendant responds as follows:  A diligent search has been made in an effort to locate the items requested.  Defendant DIGITAL POINT SOLUTIONS, INC is not in possession, custody or control of any documents responsive to this request. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 17 from Set One:**<br><br>All documents relating to, or Communications with, Rachael Hughes, or any companies or entities owned, controlled, affiliated with or used by Rachael Hughes, relating to eBay's Affiliate Marketing Program including, but not limited to, any agreements with Rachael Hughes and company and any technology transferred to or from Rachael Hughes and company. | Response of Defendant Shawn Hogan to Request for Production No. 17 from Set One:<br><br>Objection.  Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine.  Defendant further objects because this request seeks the production of documents which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence.  Defendant further objects because this request is overbroad, vague and ambiguous.  Defendant further objects because this request is unduly burdensome and oppressive.  Further, Defendant incorporates the above Preliminary Statement herein by reference in full. |
| Same. | Response of Defendant Digital Point Solutions, Inc. to Request for Production No. 17 from Set One:<br><br>Objection. This request is compound, vague and ambiguous. Defendant further objects because the identity of Rachel Hughes and company is unknown to Defendant and/or within Plaintiff's control. Defendant reserves all other appropriate objections until Plaintiff properly identifies the referenced persons/entities. Further, Defendant incorporates the above Preliminary Statement herein by reference in full.  Subject to and without waiving these objections, Defendant responds as follows:  A diligent search has been made in an effort to locate the items requested.  Defendant DIGITAL POINT SOLUTIONS, INC. is not in possession, custody or control of any documents responsive to this request. |

| **PART I:  FIRST SET OF REQUESTS FOR PRODUCTION** | |
|---|---|
| **Request for Production No. 18 from Set One:**<br><br>All documents sufficient to describe all phone numbers, email addresses, web pages, instant messenger or mail accounts and social network accounts maintained, formerly maintained or registered to Hogan or Hogan Entities. | Response of Defendant Shawn Hogan to Request for Production No. 18 from Set One:<br><br>Objection.  Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine.  Defendant further objects because this demand may be construed to seek the production and inspection of documents which contain proprietary/confidential information, trade secrets, and/or violates Defendant's right to privacy.  Defendant further objects because this request is overbroad, not reasonably particularized, and seeks the production of documents which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence.  Defendant further objects because this request is vague and ambiguous.  Defendant further objects because this request is compound, unduly burdensome and oppressive.  Further, Defendant incorporates the above Preliminary Statement herein by reference in full. |
| All documents sufficient to describe all phone numbers, email addresses, web pages, instant messenger or mail accounts and social network accounts maintained, formerly maintained or registered to DPS. | Response of Defendant Digital Point Solutions, Inc. to Request for Production No. 18 from Set One:<br><br>Objection. This request, including the use of the definition provided for "DPS," is vague and ambiguous, overbroad, compound, and unduly burdensome and oppressive. Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine.  Defendant further objects because this request seeks the production of documents which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence.  Further, Defendant incorporates the above Preliminary Statement herein by reference in full.  Subject to and without waiving these objections, Defendant responds as follows:  A diligent search has been made in an |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
| --- | --- |
| | effort to locate the items requested.  Defendant DIGITAL POINT SOLUTIONS, INC. is not in possession, custody or control of any documents responsive to this request. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 19 from Set One:**<br><br>Documents sufficient to identify any Aliases used by Hogan or Hogan Entities in any Internet Forum at or within which Hogan or Hogan Entities discussed any aspect of their participation in, manipulation of or interaction with eBay's Affiliate Marketing Program, or any other Affiliate Marketing Programs, including, but not limited to, forums such as blogs, listservs, Usenet newsgroups or chat rooms. | <u>Response of Defendant Shawn Hogan to Request for Production No. 19 from Set One</u>:<br><br>Objection.  Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine.  Defendant further objects because this demand may be construed to seek the production and inspection of documents which contain proprietary/confidential information, trade secrets, and/or violates Defendant's right to privacy.  Defendant further objects because this request is overbroad, not reasonably particularized, and seeks the production of documents which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence.  Defendant further objects because this request is vague, ambiguous, and argumentative.  Defendant further objects because this request is unduly burdensome and oppressive.  Further, Defendant incorporates the above Preliminary Statement herein by reference in full. |
| Documents sufficient to identify any Aliases used by DPS in any Internet Forum at or within which DPS discussed any aspect of their participation in, manipulation of or interaction with eBay's Affiliate Marketing Program, or any other Affiliate Marketing Programs, including, but not limited to, forums such as blogs, listservs, Usenet newsgroups or chat rooms. | <u>Response of Defendant Digital Point Solutions, Inc. to Request for Production No. 19 from Set One</u>:<br><br>Objection. This request, including the use of the definitions provided for "DPS" and "eBay" is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects because this request is compound, and argumentative with respect to the term "manipulation." Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine. Defendant further objects because this request seeks the production of documents which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| | Subject to and without waiving these objections, Defendant responds as follows:  A diligent search has been made in an effort to locate the items requested.  Defendant DIGITAL POINT SOLUTIONS, INC. is not in possession, custody or control of any documents responsive to this request. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 20 from Set One:**<br><br>Documents sufficient to identify any Internet Forum at or within which Hogan or Hogan Entities discussed any aspect of their participation in, manipulation of or interaction with eBay's Affiliate Marketing Programs, including, but not limited to, forums such as blogs, listservs, Usenet newsgroups or chat rooms. | Response of Defendant Shawn Hogan to Request for Production No. 20 from Set One:<br><br>Objection.  Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine.  Defendant further objects because this demand may be construed to seek the production and inspection of documents which contain proprietary/confidential information, trade secrets, and/or violates Defendant's right to privacy.  Defendant further objects because this request is overbroad, not reasonably particularized, and seeks the production of documents which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence.  Defendant further objects because this request is vague, ambiguous, and argumentative.  Defendant further objects because this request is unduly burdensome and oppressive.  Further, Defendant incorporates the above Preliminary Statement herein by reference in full. |
| Documents sufficient to identify any Internet Forum at or within which DPS discussed any aspect of their participation in, manipulation of or interaction with eBay's Affiliate Marketing Programs, or any other Affiliate Marketing Programs, including, but not limited to, forums such as blogs, listservs, Usenet newsgroups or chat rooms. | Response of Defendant Digital Point Solutions, Inc. to Request for Production No. 20 from Set One:<br><br>Objection. This request, including the use of the definitions provided for "DPS" and "eBay" is vague and ambiguous, overbroad, compound, and unduly burdensome and oppressive. Defendant further objects because this request is compound, and argumentative with respect to the term "manipulation." Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine. Defendant further objects because this request seeks the production of documents which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. |

| | PART I:  FIRST SET OF REQUESTS FOR PRODUCTION |
|---|---|
| | Subject to and without waiving these objections, Defendant responds as follows:  A diligent search has been made in an effort to locate the items requested.  Defendant DIGITAL POINT SOLUTIONS, INC. is not in possession, custody or control of any documents responsive to this request. |

| **PART I: FIRST SET OF REQUESTS FOR PRODUCTION** ||
|---|---|
| **Request for Production No. 21 from Set One:**<br><br>Documents sufficient to identify all internet service providers (ISPs) and IP addresses used by Hogan or Hogan Entities. | Response of Defendant Shawn Hogan to Request for Production No. 21 from Set One:<br><br>Objection. Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine. Defendant further objects because this demand may be construed to seek the production and inspection of documents which contain proprietary/confidential information, trade secrets, and/or violates Defendant's right to privacy. Defendant further objects because this request is compound, overbroad, not reasonably particularized, and seeks the production of documents which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence. Defendant further objects because this request is vague and ambiguous. Defendant further objects because this request is unduly burdensome and oppressive. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. |
| Documents sufficient to identify all internet service providers (ISPs) and IP addresses used by DPS. | Response of Defendant Digital Point Solutions, Inc. to Request for Production No. 21 from Set One:<br><br>Objection. This request, including the use of the definition provided for "DPS," is vague and ambiguous, overbroad, compound, and unduly burdensome and oppressive. Defendant further objects because this request seeks the production of documents which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: A diligent search has been made in an effort to locate the items requested. Defendant DIGITAL POINT SOLUTIONS, INC. is not in possession, custody or control of any documents responsive to this request. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 22 from Set One:**<br><br>Documents sufficient to identify all computers, servers, electronic data storage and hosting companies, entities, or facilities used by Hogan or Hogan Entities. | Response of Defendant Shawn Hogan to Request for Production No. 22 from Set One:<br><br>Objection.  Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine.  Defendant further objects because this demand may be construed to seek the production and inspection of documents which contain proprietary/confidential information, trade secrets, and/or violates Defendant's right to privacy.  Defendant further objects because this request is overbroad, not reasonably particularized, and seeks the production of documents which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence.  Defendant further objects because this request is vague and ambiguous.  Defendant further objects because this request is unduly burdensome and oppressive.  Further, Defendant incorporates the above Preliminary Statement herein by reference in full. |
| Documents sufficient to identify all computers, servers, electronic data storage and hosting companies, entities, or facilities used by DPS. | Response of Defendant Digital Point Solutions, Inc. to Request for Production No. 22 from Set One:<br><br>Objection. This request, including the use of the definition provided for "DPS," is vague and ambiguous, overbroad, compound, and unduly burdensome and oppressive. Defendant further objects because this request seeks the production of documents which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence. Further, Defendant incorporates the above Preliminary Statement herein by reference in full.  A diligent search has been made in an effort to locate the items requested.  Subject to and without waiving these objections, Defendant responds as follows:  Defendant DIGITAL POINT SOLUTIONS, INC. is not in possession, custody or control of any documents responsive to this request. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 23 from Set One:**<br><br>Documents sufficient to identify any entity used or hired to maintain or restore electronic data or systems relating to Hogan or Hogan Entities' participation in, manipulation of or interaction with eBay's Affiliate Marketing Program. | <u>Response of Defendant Shawn Hogan to Request for Production No. 23 from Set One</u>:<br><br>Objection.  Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine.  Defendant further objects because this demand may be construed to seek the production and inspection of documents which contain proprietary/confidential information, trade secrets, and/or violates Defendant's right to privacy.  Defendant further objects because this request is vague and ambiguous, argumentative, overbroad, and unduly burdensome and oppressive.  Further, Defendant incorporates the above Preliminary Statement herein by reference in full. |
| Documents sufficient to identify any entity used or hired to maintain or restore electronic data or systems relating to DPS's participation in, manipulation of or interaction with eBay's Affiliate Marketing Program. | <u>Response of Defendant Digital Point Solutions, Inc. to Request for Production No. 23 from Set One</u>:<br><br>Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects because this request is compound, and argumentative with respect to the term "manipulation." Further, Defendant incorporates the above Preliminary Statement herein by reference in full.  Subject to and without waiving these objections, Defendant responds as follows:  Defendant DIGITAL POINT SOLUTIONS, INC. never conducted business with Plaintiff at any time.  Defendant DIGITAL POINT SOLUTIONS, INC. is not in possession, custody or control of any documents responsive to this request. |

| PART I: FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 24 from Set One:**<br><br>Documents sufficient to identify software used to clean, reformat or erase hard-drives used by Hogan or Hogan Entities, or any equipment owned, used or maintained by Hogan or Hogan Entities. | Response of Defendant Shawn Hogan to Request for Production No. 24 from Set One:<br><br>Objection. Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940. Defendant further objects because this demand may be construed to seek the production and inspection of documents which contain proprietary/confidential information, trade secrets, and/or violates the privacy rights of Defendant and/or third parties. Defendant further objects because this request seeks the production of documents which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence. Defendant further objects because this request is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. |
| Documents sufficient to identify software used to clean, reformat or erase hard-drives used by DPS, or any equipment owned, used or maintained by DPS. | Response of Defendant Digital Point Solutions, Inc. to Request for Production No. 24 from Set One:<br><br>Objection. This request, including the use of the definition provided for "DPS," is vague and ambiguous, compound, overbroad, and unduly burdensome and oppressive. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: A diligent search has been made in an effort to locate the items requested. Defendant DIGITAL POINT SOLUTIONS, INC. is not in possession, custody or control of any documents responsive to this request. |

| PART I: FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 25 from Set One:**<br><br>All documents sufficient to identify all business entities or fictitious business names currently or formerly maintained by Hogan. | Response of Defendant Shawn Hogan to Request for Production No. 25 from Set One:<br><br>Objection.  Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine.  Defendant further objects because this demand may be construed to seek the production and inspection of documents which contain proprietary/confidential information, trade secrets, and/or violates Defendant's right to privacy.  Defendant further objects because this request is overbroad, not reasonably particularized, and seeks the production of documents which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence.  Defendant further objects because this request is vague, ambiguous, and unduly burdensome and oppressive.  Further, Defendant incorporates the above Preliminary Statement herein by reference in full. |
| All documents sufficient to identify all business entities or fictitious business names currently or formerly maintained by DPS. | Response of Defendant Digital Point Solutions, Inc. to Request for Production No. 25 from Set One:<br><br>Objection. This request, including the use of the definition provided for "DPS," is vague and ambiguous, overbroad, compound, and unduly burdensome and oppressive. Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine. Defendant further objects because this request seeks the production of documents which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence. Further, Defendant incorporates the above Preliminary Statement herein by reference in full.  Subject to and without waiving these objections, Defendant responds as follows:  A diligent search has been made in an effort to locate the items requested.  Defendant DIGITAL POINT SOLUTIONS, INC. is not in possession, custody or control of any documents responsive to this request. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 26 from Set One:**<br><br>All documents relating to the incorporation of any Hogan Entities. | <u>Response of Defendant Shawn Hogan to Request for Production No. 26 from Set One</u>:<br><br>Objection.  Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine.  Defendant further objects because this request seeks the production of documents which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence.  Defendant further objects because this request is vague and ambiguous, overbroad, and unduly burdensome and oppressive.  Further, Defendant incorporates the above Preliminary Statement herein by reference in full. |
| All documents relating to the incorporation of DPS. | <u>Response of Defendant Digital Point Solutions, Inc. to Request for Production No. 26 from Set One</u>:<br><br>Objection. This request, including the use of the definition provided for "DPS," is vague and ambiguous, compound, overbroad, and unduly burdensome and oppressive. Further, Defendant incorporates the above Preliminary Statement herein by reference in full.  Subject to and without waiving these objections, Defendant responds as follows:  Defendant agrees to produce all responsive documents within its possession, custody or control.  Said documents are attached hereto. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 27 from Set One:**<br><br>All documents filed by Hogan or Hogan Entities with any Secretary of State. | Response of Defendant Shawn Hogan to Request for Production No. 27 from Set One:<br><br>Objection.  Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal.  Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  Defendant further objects because this request is overbroad, not reasonably particularized, and seeks the production of documents which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence.  Defendant further objects because this request is vague, ambiguous, and unduly burdensome and oppressive.  Further, Defendant incorporates the above Preliminary Statement herein by reference in full. |
| All documents filed by DPS with any Secretary of State. | Response of Defendant Digital Point Solutions, Inc. to Request for Production No. 27 from Set One:<br><br>Objection. This request, including the use of the definition provided for "DPS," is vague and ambiguous, compound, overbroad, and unduly burdensome and oppressive. Further, Defendant incorporates the above Preliminary Statement herein by reference in full.  Subject to and without waiving these objections, Defendant responds as follows:  Defendant agrees to produce all responsive documents within its possession, custody or control.  Said documents are attached hereto. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 28 from Set One:**<br><br>Documents sufficient to show the structure and organization of all Hogan Entities that were involved in or interacted with any Affiliate Marketing Program. | Response of Defendant Shawn Hogan to Request for Production No. 28 from Set One:<br><br>Objection.  Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  Defendant further objects because this demand may be construed to seek the production and inspection of documents which contain proprietary/confidential information, trade secrets, and/or violates the privacy rights of Defendant and/or third parties.  Defendant further objects because this request is overbroad, not reasonably particularized, and seeks the production of documents which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence.  Defendant further objects because this request is vague, ambiguous, and unduly burdensome and oppressive.  Further, Defendant incorporates the above Preliminary Statement herein by reference in full. |
| Documents sufficient to show the structure and organization of DPS and all companies or other entities owned or controlled by DPS that were involved in or interacted with any Affiliate Marketing Program. | Response of Defendant Digital Point Solutions, Inc. to Request for Production No. 28 from Set One:<br><br>Objection. This request, including the use of the definition provided for "DPS," is vague and ambiguous, overbroad, compound, and unduly burdensome and oppressive. Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine. Defendant further objects because this request seeks the production of documents which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence. Further, Defendant incorporates the above Preliminary Statement herein by reference in full.  Subject to and without waiving these objections, Defendant responds as follows:  Defendant agrees to produce all responsive documents within its possession, custody, or control.  Said documents are attached hereto. |

| **PART I:  FIRST SET OF REQUESTS FOR PRODUCTION** | |
|---|---|
| **Request for Production No. 29 from Set One:**<br><br>Documents sufficient to identify all employees, contractors or temporary employees of Hogan or Hogan Entities, their dates of employment, duties, salary and any other compensation. | <u>Response of Defendant Shawn Hogan to Request for Production No. 29 from Set One</u>:<br><br>Objection.  Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  Defendant further objects because this demand may be construed to seek the production and inspection of documents which contain proprietary/confidential information, trade secrets, and/or violates the privacy rights of Defendant and/or third parties.  Defendant further objects because this request is overbroad, not reasonably particularized, and seeks the production of documents which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence.  Defendant further objects because this request is vague, ambiguous, unduly burdensome and oppressive.  Further, Defendant incorporates the above Preliminary Statement herein by reference in full. |
| Documents sufficient to identify all employees, contractors or temporary employees of DPS, their dates of employment, duties, salary and any other compensation. | <u>Response of Defendant Digital Point Solutions, Inc. to Request for Production No. 29 from Set One</u>:<br><br>Objection. This request, including the use of the definition provided for "DPS," is vague and ambiguous, overbroad, and unduly burdensome-and-oppressive. Defendant further objects because this request seeks the production of documents which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows:  A diligent search has been made in an effort to locate the items requested.  Defendant DIGITAL POINT SOLUTIONS, INC. is not in possession, custody or control of any documents responsive to this request. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION |
|---|

| **Request for Production No. 33 from Set One:**<br><br>All documents relating to the transfer or assumption of any liability by DPS. | Response of Defendant Digital Point Solutions, Inc. to Request for Production No. 33 from Set One:<br><br>Objection. This request, including the use of the definition provided for "DPS" and the phrase "transfer or assumption of any liability," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine. Defendant further objects because this demand may be construed to seek the production and inspection of  documents which contain confidential financial information and/or violates Defendant's right to privacy. Defendant further objects because this request is overbroad and seeks the production of documents which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence. Further, Defendant incorporates the above Preliminary Statement herein by reference in full.  Subject to and without waiving these objections, Defendant responds as follows:  A diligent search has been made in an effort to locate the items requested.  Defendant DIGITAL POINT SOLUTIONS, INC. is not in possession, custody or control of any documents responsive to this request. |

| **PART I:  FIRST SET OF REQUESTS FOR PRODUCTION** ||
|---|---|
| **Request for Production No. 34 from Set One:**<br><br>All documents relating to the transfer or assumption of any liability by Hogan or Hogan Entities. | Response of Defendant Shawn Hogan to Request for Production No. 34 from Set One:<br><br>Objection.  Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine.  Defendant further objects because this demand may be construed to seek the production and inspection of documents which contain proprietary/confidential information, trade secrets, and/or violates Defendant's right to privacy.  Defendant further objects because this request is overbroad, not reasonably particularized, and seeks the production of documents which are neither relevant to the subject matter of this action, nor likely to lead to the discovery of admissible evidence.  Defendant further objects because this request is vague, ambiguous, and unduly burdensome and oppressive.  Further, Defendant incorporates the above Preliminary Statement herein by reference in full. |
| All documents relating to any insurance policies relevant to this action. | Response of Defendant Digital Point Solutions, Inc. to Request for Production No. 34 from Set One:<br><br>Objection. This request, including the use of the definition provided for "DPS," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine. Further, Defendant incorporates the above Preliminary Statement herein by reference in full.  Subject to and without waiving these objections, Defendant responds as follows:  A diligent search has been made in an effort to locate the items requested.  Defendant DIGITAL POINT SOLUTIONS, INC. is not in possession, custody or control of any documents responsive to this request. |

| PART I:  FIRST SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 35 from Set One:**<br><br>All documents relating to any insurance policies relevant to this action. | Response of Defendant Shawn Hogan to Request for Production No. 35 from Set One:<br><br>Objection.  Defendant objects to this request on the grounds that it violates Defendant's privilege against self-incrimination under the Fifth Amendment to the United States Constitution; the Federal Rules of Evidence, Rule 501; the California Constitution, Article 1, Section 15; and California Evidence Code section 940.  Defendant further objects because this request may be construed to seek the production and inspection of documents which are privileged from disclosure by the attorney-client relationship and/or the attorney work product doctrine.  Defendant further objects because this request is vague and ambiguous.  Further, Defendant incorporates the above Preliminary Statement herein by reference in full. |

| PART II:  SECOND SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 36 from Set Two:**<br><br>All documents relating to any termination of a contractual or other business relationship between any of Defendants and Commission Junction, including any termination of an agreement entered into between any of Defendants and Commission Junction referred to as a Publisher Service Agreement. | <u>Response of Defendant Digital Point Solutions, Inc. to Request for Production No. 36 from Set Two</u>:<br><br>A diligent search has been made in an effort to locate the items requested.  Other than the documents attached as Exhibit B to the responses of Defendant Todd Dunning and Dunning Enterprise, Inc. to Plaintiff's Second Set of Requests for Production, Defendant is not in possession, custody or control of any documents responsive to this request. |

| PART II:  SECOND SET OF REQUESTS FOR PRODUCTION | |
|---|---|
| **Request for Production No. 37 from Set Two:**<br><br>All documents relating to any termination of a contractual or other business relationship between any of Defendants and Commission Junction, including any termination of an agreement entered into between any of Defendants and Commission Junction referred to as a Publisher Service Agreement. | Response of Defendant Shawn Hogan to Request for Production No. 37 from Set Two:<br><br>A diligent search has been made in an effort to locate the items requested.  Other than the documents attached as Exhibit B to Defendant Todd Dunning and Dunning Enterprise, Inc.'s Responses to Plaintiff's Second Set of Requests for Production, Defendant is not in possession, custody or control of any documents responsive to this request. |

| PART III:  FIRST SET OF INTERROGATORIES |
|---|
| **Interrogatory No. 1:**<br><br>Identify all persons or entities with knowledge regarding DPS's participation, manipulation or interaction in any Affiliate Marketing Program including eBay's Affiliate Marketing Programs including, but not limited to, all methods, techniques and technologies, software, source code, Javascript and HTML code, used by DPS to obtain revenue from, or otherwise interact with, participate in or manipulate any Affiliate Marketing Program.  Response of Defendant Digital Point Solutions, Inc. to Interrogatory No. 1:<br><br>Objection.  This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, compound, overbroad, and unduly burdensome and oppressive. Defendant further objects because this interrogatory is argumentative with respect to the terms "manipulation" and "manipulate."  Defendant further objects because this interrogatory seeks information not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows:  Defendant DIGITAL POINT SOLUTIONS, INC. has never conducted any business of any kind with Plaintiff.  Defendant otherwise identifies the following persons and entities:  Shawn Hogan and Google, Inc. |

| PART III:  FIRST SET OF INTERROGATORIES |
|---|

| Interrogatory No. 2: | Response of Defendant Digital Point Solutions, Inc. to Interrogatory No. 2: |
|---|---|
| Identify all Internet Forums at, within or through which DPS discussed any aspect of their participation in, manipulation of or interaction with eBay's Affiliate Marketing Programs, or any other Affiliate Marketing Program. | Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, compound, overbroad, and unduly burdensome and oppressive. Defendant further objects because this interrogatory is argumentative with respect to its use of the term "manipulation."  Defendant further objects because this interrogatory seeks information not reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant DIGITAL POINT SOLUTIONS, INC. has never conducted any business of any kind with Plaintiff.  No such forums exist. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION |
|---|
| **Request for Admission No. 1:**<br><br>Admit that DPS conducted business with eBay prior to May 14, 2007. | Response of Defendant Digital Point Solutions, Inc. in Response to Request for Admission No. 1:<br><br>Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. conducted business with Plaintiff at any time, and on that basis denies this request. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION | |
|---|---|
| **Request for Admission No. 2:**<br><br>Admit that DPS conducted business with eBay during at least some portion of 2006. | Response of Defendant Digital Point Solutions, Inc. in Response to Request for Admission No. 2:<br><br>Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. conducted business with Plaintiff at any time, and on that basis denies this request. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION | |
|---|---|
| **Request for Admission No. 3:**<br><br>Admit that DPS conducted business with eBay during at least some portion of 2005. | Response of Defendant Digital Point Solutions, Inc. in Response to Request for Admission No. 3:<br><br>Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. conducted business with Plaintiff at any time, and on that basis denies this request. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION |
|---|

| **Request for Admission No. 4:** | Response of Defendant Digital Point Solutions, Inc. in Response to Request for Admission No. 4: |
|---|---|
| Admit that DPS conducted business with eBay during at least some portion of 2004. | Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. conducted business with Plaintiff at any time, and on that basis denies this request. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION | |
|---|---|
| **Request for Admission No. 5:**<br><br>Admit that DPS conducted business with eBay during at least some portion of 2003. | Response of Defendant Digital Point Solutions, Inc. in Response to Request for Admission No. 5:<br><br>Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. conducted business with Plaintiff at any time, and on that basis denies this request. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION | |
|---|---|
| **Request for Admission No. 6:**<br><br>Admit that DPS participated in an eBay Affiliate Marketing Program or programs. | <u>Response of Defendant Digital Point Solutions, Inc. in Response to Request for Admission No. 6</u>:<br><br>Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. participated in any eBay affiliate marketing programs, and on that basis denies this request. |

| **PART IV:  FIRST SET OF REQUESTS FOR ADMISSION** |
|---|

| **Request for Admission No. 7:** | Response of Defendant Digital Point Solutions, Inc. in Response to Request for Admission No. 7: |
|---|---|
| Admit that, while participating in an eBay Affiliate Marketing Program or programs, DPS utilized software programs and/or code that caused some Users' computers to access an eBay website without the User's knowledge. | Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. participated in any eBay affiliate marketing programs, and on that basis denies this request. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION | |
|---|---|
| **Request for Admission No. 8:**<br><br>Admit that, while participating in an eBay Affiliate Marketing Program or programs, DPS utilized software programs and/or code that caused some Users' computers to access an eBay web server without the User's knowledge. | Response of Defendant Digital Point Solutions, Inc. in Response to Request for Admission No. 8:<br><br>Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. participated in any eBay affiliate marketing programs, and on that basis denies this request. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION |
|---|

| Request for Admission No. 9: | Response of Defendant Digital Point Solutions, Inc. in Response to Request for Admission No. 9: |
|---|---|
| Admit that, while participating in an eBay Affiliate Marketing Program or programs, DPS utilized software programs and/or code that redirected a User to an eBay website without the User knowingly clicking on an Advertisement Link. | Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. participated in any eBay affiliate marketing programs, and on that basis denies this request. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION |
|---|
| **Request for Admission No. 10:**<br><br>Admit that, while participating in an eBay Affiliate Marketing Program or programs, DPS utilized software programs and/or code that redirected a User to an eBay web server without the User knowingly clicking on an Advertisement Link. | Response of Defendant Digital Point Solutions, Inc. in Response to Request for Admission No. 10:<br><br>Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. participated in any eBay affiliate marketing programs, and on that basis denies this request. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION |
|---|

| **Request for Admission No. 11:** | Response of Defendant Digital Point Solutions, Inc. in Response to Request for Admission No. 11: |
|---|---|
| Admit that, while participating in an eBay Affiliate Marketing Program or programs, DPS utilized software programs and/or code that performed Cookie Stuffing. | Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. participated in any eBay affiliate marketing programs, and on that basis denies this request. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION |
|---|

| Request for Admission No. 12: | Response of Defendant Digital Point Solutions, Inc. in Response to Request for Admission No. 12: |
|---|---|
| Admit that DPS used methods, techniques and/or technological measures to avoid detection by eBay of certain aspects of how DPS interacted with eBay's Affiliate Marketing Program or programs. | Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. participated in any eBay affiliate marketing programs and/or that it used any such methods, techniques or measures, and on that basis denies this request. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION |
|---|
| **Request for Admission No. 13:**<br><br>Admit that DPS used methods, techniques and/or technological measures to avoid detection by Commission Junction of certain aspects of how DPS interacted with eBay's Affiliate Marketing Program or programs. | Response of Defendant Digital Point Solutions, Inc. in Response to Request for Admission No. 13:<br><br>Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. participated in any eBay affiliate marketing programs and/or that it used any such methods, techniques or measures, and on that basis denies this request. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION |
|---|

| **Request for Admission No. 14:**<br><br>Admit that DPS utilized methods, techniques and/or technological measures to avoid detection by eBay of Cookie Stuffing caused by DPS. | Response of Defendant Digital Point Solutions, Inc. in Response to Request for Admission No. 14:<br><br>Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. participated in any eBay affiliate marketing programs and/or that it used any such methods, techniques or measures, and on that basis denies this request. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION |
|---|
| **Request for Admission No. 15:**<br><br>Admit that DPS utilized methods, techniques and/or technological measures to avoid detection by Commission Junction of Cookie Stuffing caused by DPS. | Response of Defendant Digital Point Solutions, Inc. in Response to Request for Admission No. 15:<br><br>Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. participated in any eBay affiliate marketing programs and/or that it used any such methods, techniques or measures, and on that basis denies this request. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION |
|---|

| Request for Admission No. 16: | Response of Defendant Digital Point Solutions, Inc. in Response to Request for Admission No. 16: |
|---|---|
| Admit that, while participating in an eBay Affiliate Marketing Program or programs, DPS utilized software and/or code to determine the geographic location of a User. | Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. participated in any eBay affiliate marketing programs, and on that basis denies this request. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION ||
|---|---|
| **Request for Admission No. 17:**<br><br>Admit that, while participating in an eBay Affiliate Marketing Program or programs, DPS utilized software and/or code to determine whether a User was located in San Jose, CA. | Response of Defendant Digital Point Solutions, Inc. in Response to Request for Admission No. 17:<br><br>Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. participated in any eBay affiliate marketing programs, and on that basis denies this request. |

| **PART IV:  FIRST SET OF REQUESTS FOR ADMISSION** |
|---|

| **Request for Admission No. 18:**<br><br>Admit that, while participating in an eBay Affiliate Marketing Program or programs, DPS utilized software and/or code to determine whether a User was located in Santa Barbara, CA. | Response of Defendant Digital Point Solutions, Inc. in Response to Request for Admission No. 18:<br><br>Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. participated in any eBay affiliate marketing programs, and on that basis denies this request. |
|---|---|

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION | |
|---|---|
| **Request for Admission No. 19:**<br><br>Admit that, while participating in an eBay Affiliate Marketing Program or programs, DPS utilized software and/or code that would disable or not engage DPS's Cookie Stuffing technology if a User's computer was located in San Jose, CA. | <u>Response of Defendant Digital Point Solutions, Inc. in Response to Request for Admission No. 19</u>:<br><br>Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. participated in any eBay affiliate marketing programs, and on that basis denies this request. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION |
|---|

| **Request for Admission No. 20:**<br><br>Admit that, while participating in an eBay Affiliate Marketing Program or programs, DPS utilized software and/or code that would disable or not engage DPS's Cookie Stuffing technology if a User's computer was located in Santa Barbara, CA. | Response of Defendant Digital Point Solutions, Inc. in Response to Request for Admission No. 20<br><br>Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. participated in any eBay affiliate marketing programs, and on that basis denies this request. |
|---|---|

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION | |
|---|---|
| **Request for Admission No. 21:**<br><br>Admit that DPS received commissions from eBay, whether directly or through Commission Junction, that were based, in whole or in part, on Users whose computers were directed to eBay's website without the User's knowledge. | Response of Defendant Digital Point Solutions, Inc. in Response to Request for Admission No. 21<br><br>Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. received any commissions from eBay at any time, and on that basis denies this request. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION | |
|---|---|
| **Request for Admission No. 22:**<br><br>Admit that DPS received commissions from eBay, whether directly or through Commission Junction, that were based, in whole or in part, on Users who had never actually clicked on a DPS-sponsored eBay advertisement link. | Response of Defendant Digital Point Solutions, Inc. in Response to Request for Admission No. 22:<br><br>Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. received any commissions from eBay at any time, and on that basis denies this request. |

| PART IV:  FIRST SET OF REQUESTS FOR ADMISSION | |
|---|---|
| **Request for Admission No. 23:**<br><br>Admit that DPS received commissions from eBay, whether directly or through Commission Junction, that were based, in whole or in part, Cookie Stuffing caused by DPS. | Response of Defendant Digital Point Solutions, Inc. in Response to Request for Admission No. 23:<br><br>Objection. This request, including the use of the definitions provided for "DPS" and "eBay," is vague and ambiguous, overbroad, and unduly burdensome and oppressive. Further, Defendant incorporates the above Preliminary Statement herein by reference in full. Subject to and without waiving these objections, Defendant responds as follows: Defendant denies that DIGITAL POINT SOLUTIONS, INC. received any commissions from eBay at any time, and on that basis denies this request. |